F. Christopher Austin, Esq. (NV Bar No. 6559)
Ryan Gile, Esq. (NV Bar No. 8807)
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
(702) 382-4804
caustin@weidemiller.com
rgile@weidemiller.com

Samuel Castor, Esq. (NV Bar No. 11532)
**SWITCH, LTD.**
7135 S. Decatur Blvd.
Las Vegas, Nevada 89118

*Attorneys for Plaintiff Switch, Ltd.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br>v.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive,<br>Defendants. | Case No.: 2:17-cv-02651-GMN-VCF<br><br>**RYAN GILE'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF** |

Pursuant to District of Nevada Local Rule LR IA 11-6(b) and Rule 1.16 of the Nevada Rules of Professional Conduct, I, Ryan Gile, hereby move the Court for entry of an order granting leave for me to withdraw from representing Plaintiff Switch, Ltd. in this litigation.

## STATEMENT OF FACTS

On March 29, 2018, the undersigned informed Weide & Miller, Ltd. of his resignation from further employment with the firm. Both F. Christopher Austin, also with the law firm Weide & Miller, Ltd., as well as Samuel Castor with Switch, Ltd., will remain counsel of record for Plaintiff Switch, Ltd in this proceeding.

///

RRG-w-4547                                      1

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

## LEGAL STANDARDS

District of Nevada Local Rule LR IA 11-6 governs attorney appearances, substitutions, and withdrawals. It states the following:

**LR IA 11-6. APPEARANCES, SUBSTITUTIONS, AND WITHDRAWALS**

(a) A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney. An attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case, however, the court may hear a party in open court even though the party is represented by an attorney.

(b) No attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel.

(c) A stipulation to substitute attorneys must be signed by the attorneys and the represented client and be approved by the court. Except where accompanied by a request for relief under subsection (e) of this rule, the attorney's signature on a stipulation to substitute the attorney into a case constitutes an express acceptance of all dates then set for pretrial proceedings, trial, or hearings, by the discovery plan or any court order.

(d) Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.

(e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

In addition, Rule 1.16 of the Nevada Rules of Professional Conduct governs the termination of representation. It states the following:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

    (1) The representation will result in violation of the Rules of Professional Conduct or other law;

RRG-w-4547　　　　　　　　2

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

  (2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

  (3) The lawyer is discharged.

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

  (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

  (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

  (3) The client has used the lawyer's services to perpetrate a crime or fraud;

  (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

  (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

  (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

  (7) Other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

## **ARGUMENT**

The Court should grant leave to withdraw because the legal standards for withdrawal are easily satisfied in this instance. First, with respect to LR IA 11-6(b), I have informed Switch, Ltd. ("Switch") of my resignation from Weide & Miller, Ltd. and my intent to withdraw as attorney

of record in this matter. In addition, this motion has been served on all parties of record. Second, with respect to LR 11-6(e), no delay of discovery, trial, or any hearing in the case will result since Switch's other attorneys-of-record in this case, F. Christopher Austin and Samuel Castor, will continue on as Switch's counsel in this matter. Third, with respect to Nevada Rule of Professional Conduct 1.16(b)(1), adequate grounds for withdrawal exist because withdrawal can be accomplished without material adverse effect since Mr. Austin, the law firm of Weide & Miller, Ltd., and Mr. Castor will continue to represent Switch in this case. Fourth, Rule 1.16(c) is satisfied because, through this motion, I am complying with the Court's rules and procedures for withdrawal. Fifth, Rule 1.16(d) is satisfied because, again, Switch's current counsel, Mr. Austin and Mr. Castor, will continue to represent Switch in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

RRG-w-4547         4

## CONCLUSION

For the foregoing reasons, I respectfully request that the Court enter an order granting me, Ryan Gile, leave to withdraw as counsel of record for Plaintiff Switch, Ltd. in this matter.

DATED this 13th day of April, 2018.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

*/s/ Ryan Gile*
F. Christopher Austin, Esq.
Ryan Gile, Esq.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

**SWITCH, LTD.**
Samuel Castor, Esq.
7135 S. Decatur Blvd.
Las Vegas, Nevada 89118

*Attorneys for Plaintiff Switch, Ltd.*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

RRG-w-4547

5

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that I am an employee of Weide & Miller, Ltd. and that on **April 13, 2018**, I served a full, true and correct copy of the foregoing **RYAN GILE'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF,** via the United States District Court's CM/ECF filing system upon the following:

Marc J. Randazza, Esq.
Ronald D. Green, Esq.
Alex J. Shepard, Esq.
Randazza Legal Group, PLLC
4035 S. El. Capitan Way
Las Vegas, NV 89147
702-420-2001
efc@randazza.com

*/s/ Brianna Show*_____
An employee of Weide & Miller, Ltd.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 1OO
LAS VEGAS,
NEVADA 89144
(702) 382-4804

RRG-w-4547

6