Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Defendants,*
*Stephen Fairfax and MTechnology*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN FAIRFAX; MTECHNOLOGY; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive, <br><br> Defendants. | Case No.: 2:17-cv-2651 <br><br> **DEFENDANTS' MOTION FOR TEMPORARY STAY OF DISCOVERY UNTIL THE RULING ON DEFENDANTS' MOTION TO DISMISS** |

Defendants Stephen Fairfax and MTechnology ("MTech") hereby move this Court for a stay of discovery until the ruling upon Defendants' Motion to Dismiss (Doc. # 8). This Motion is based upon the attached memorandum of points and authorities, the papers and pleadings on file herein, and any oral argument permitted by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0   INTRODUCTION AND RELEVANT FACTS**

Plaintiff Switch, Ltd. ("Switch") designs and operates data centers. Defendant MTech performs reliability calculations for data centers, and Defendant Fairfax is its president and toured one of Switch's data centers in 2011 on behalf of a client. Six years after Mr. Fairfax's visit, in September of 2017, Switch sued Defendants in Nevada state court based upon vague and indistinct allegations accusing Defendants of misappropriating trade secrets without specifying the trade secrets allegedly misappropriated. On or about October 11, 2017, more than one month after the state court complaint was filed, Switch filed a motion for preliminary injunction with the Nevada state court.

Because Switch asserted claims arising under federal law, Defendants removed the case to this Court on October 12, 2017 (Doc. # 1). Pursuant to this Court's local rules, the Notice of Removal automatically denied Switch's motion for preliminary injunction but left Switch with leave to refile it in this Court. *See* LR 81-1. Switch waited nearly 3 weeks to refile its substantively identical Motion for Preliminary Injunction (Doc. # 7) in this Court on October 31, 2017.[1]

Defendants opposed the Motion for Preliminary Injunction (Doc. # 12) on November 24, 2017, and Plaintiff filed its Reply (Doc. # 19) on December 13, 2017. While Plaintiff alleged that it was suffering immediate irreparable harm in its Motion, it has allowed that Motion to sit unresolved for over 5 months and has made no effort to have the Court schedule a hearing on it.

Defendants filed a Motion to Dismiss (Doc. # 8) on November 2, 2017, asking the Court to dismiss each of Plaintiff's claims as to one or all Defendants. Plaintiff

---

[1] This Court's rules state that motions refiled in a removed case "must include citation to all relevant federal law and must be revised as necessary to comply with this court's rules." LR 81-1. Switch changed references to "NRCP 65" to "FRCP 65." (*See, e.g.*, Doc. #7, at 9.) However, it continued to rely upon Nevada state law for its alleged entitlement to an injunction.

opposed that Motion (Doc. # 16) on December 5, 2017, and Defendants replied in support (Doc. # 18) on December 12, 2017. As of this filing, the Motion to Dismiss remains unresolved.

From December 13, 2017 through May 10, 2018, Switch took no substantive action in this case. It filed nothing with the Court other than a motion to withdraw on behalf of one of its attorneys. Moreover, it made no attempt to conduct a conference pursuant to Rule 26(f) or otherwise initiate discovery. In fact, in the past 5 months, Switch's counsel has had virtually no communication with Defendants' counsel.

On May 10, 2018, Switch's counsel sent Defendants' counsel an email asking whether he had "any availability next week for a Rule 26(f) conference." (Email Correspondence between C. Austin and R. Green, attached hereto as **Exhibit A**.) When Defendants inquired regarding why Plaintiff was trying to initiate discovery after 5 months of inaction, Plaintiff's counsel replied that Switch simply desired to make Defendants respond to written discovery. (*See id.*) Defendants' counsel responded that, because a dispositive motion was pending and Switch had waited months to attempt to commence discovery, Defendants would likely ask the Court to stay discovery until the Motion to Dismiss was resolved. (*See id.*) Switch's counsel invited Defendants to do so and stated that he would be unilaterally noticing a conference pursuant to Rule 26(f). (*See id.*)

**2.0   LEGAL ARGUMENT**

**2.1   This Court's requirements for the Fed. R. Civ. P. 26(f) conference**

Discovery in a civil action cannot commence until the parties to a case hold a conference as required by Federal Rule of Civil Procedure 26(f). This Court's local rules dictate the timing of the conference and of the discovery period. Specifically, the local rules provide that the "plaintiff's attorney must initiate the

scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears." LR 26-1(a).

At the conference, the parties are instructed to discuss several issues, including the general length of discovery. However, the parties are not free to set any deadlines that they wish. The local rules additionally provide that "discovery periods longer than 180 days from the date the first defendant answers or appears will require special scheduling review." LR 26-1(b)(1).

Plaintiff was required to schedule the conference for a date within 30 days of Defendants' appearance. Since Defendants removed the case, Defendants likely would be deemed to have appeared on the date of removal, October 12, 2017. At latest, Defendants appeared on the date that they filed their Motion to Dismiss, November 2, 2017. In either case, Plaintiff is over 6 months late in attempting to conduct a conference pursuant to Rule 26(f).

Plaintiff's delay presents issues going forward. Discovery must conclude within 180 days of the first defendant's appearance in a case. Anything beyond that is subject to special scheduling review by the Court. Here, Plaintiff is incapable of setting discovery deadlines within 180 days of Defendants' first appearance. Even if the Court determines that Defendants did not appear until they filed their Motion to Dismiss, over 180 days have passed since that filing.

Therefore, prior to the commencement of discovery, the parties must appear before the Court for special scheduling review. Plaintiff should be prepared to explain its delay to the Court, and the Court should determine how much discovery to allow the parties, if any, based upon the specific needs articulated to the Court.

### 2.2 Discovery should be stayed until the Court rules upon the pending Motion to Dismiss

It is within this Court's inherent authority to stay discovery until it has rendered a decision on Defendants' Motion to Dismiss. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In fact, the Court should "control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Id.*; *see also* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of any proceeding").

The Ninth Circuit has articulated "competing interests" for a Court to weigh in determining whether a stay pursuant to its inherent authority is warranted: (1) "the possible damage which may result from granting a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. This Court should also examine whether the pending dispositive motion will dispose of the case or, at least, the areas upon which discovery is sought, and whether the pending motion can be decided without discovery. *See Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).

Turning first to the latter requirements, the pending dispositive Motion to Dismiss can certainly be decided without discovery. In fact, discovery is immaterial to a dismissal motion filed pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, Plaintiff is not seeking targeted discovery. Rather, it wants to open discovery generally. Thus, if the Motion to Dismiss does not dispose of the entire case, it will

- 5 -
Motion for Discovery Stay

at least be dispositive as to many of the areas of discovery Plaintiff now seeks. The remaining factors also argue heavily in favor of a stay.

### 2.2.1   No damage will result from a stay

This case has been pending for over 8 months. Defendants removed and appeared in this case over 6 months ago. Plaintiff's Motion for Preliminary Injunction and Defendants' Motion to Dismiss have been pending for over 5 months without Plaintiff making any efforts to resolve their request for extraordinary relief. In the time since briefing was completed on those Motions, Plaintiff has done nothing to move its case forward, including scheduling a conference pursuant to Fed. R. Civ. P. 26(f).

Presumably, if Plaintiff had believed that it was being damaged by its failure to commence discovery, it would have done so at some point in the past half-year. When Defendants' counsel inquired why Plaintiff was attempting to commence discovery *now* instead of waiting until the disposition of the Motion to Dismiss, Plaintiff's counsel simply responded that Switch wanted to make Defendants respond to written discovery. He did not indicate that Switch had some urgent need to conduct written discovery or that it would be prejudiced if discovery did not open before the Court decided a pending dispositive motion.

The Court will rule upon or hear the Motion to Dismiss in due course. If even portions of that Motion are granted, the discoverable issues will be greatly narrowed, and this case will be simplified. Pursuant to Rule 1, it will be quicker and less expensive for the Court to stay discovery until the pending dispositive Motion has been decided.

### 2.2.2   Defendants will be harmed if discovery is not stayed

Defendants filed their Motion to Dismiss months ago. That Motion is likely to be at least partially granted, which is presumably why Plaintiff abruptly decided that it wanted to take some discovery before that happened and the issues

narrowed.[2] At this point, given Plaintiff's delay in conducting the early case conference, Defendants will be prejudiced if the Court does not stay discovery until the Motion to Dismiss is adjudicated.

The facts and law at issue in this case will, at the very least, be simplified after the Court rules upon the Motion to Dismiss. The administration of this case will be simplified for the parties, their counsel, and the Court if discovery is stayed. Both parties will spend less money if they are not forced to take discovery on issues that ultimately end up being irrelevant. Issuing a stay is consistent with the spirit and purpose of the Federal Rules, as espoused in Rule 1.

The Honorable Peggy Leen's words during a similar request for a discovery stay while a dispositive motion was pending are instructive. While her holding certainly is not dispositive, her reasoning is sound. Thus, Defendants respectfully ask this Court to consider her rationale.

In *Abbey Dental Center v. Consumer Opinion, LLC*, No. 2:15-cv-02069-GMN-PAL (Mar. 24, 2017), Judge Leen granted the defendants' request that discovery be stayed while a motion for summary judgment was pending, noting that the motion for summary judgment detailed issues "that can and should be decided before the parties go out and engage in broad discovery in this case." (Transcript of Hearing dated March 24, 2017, attached hereto as **Exhibit B,** at 19.) She additionally noted that it would "inure to the benefit of both sides to delay discovery until you get the district judge's decision and order" on the dispositive motion because allowing discovery on issues that will ultimately be rendered irrelevant by the court's order "is not efficient." (*Id.*)

---

[2] As detailed in the briefing on the Motions for Preliminary Injunction and to Dismiss, Defendants believe that Switch likely filed this lawsuit to provide it an advantage in parallel litigation against Aligned Data Centers in the U.S. District Court for the Eastern District of Texas. Plaintiff may additionally be seeking discovery now for the improper purpose of assisting it in that case.

Judge Leen explained her decision by noting that, since the late 1970s, the U.S. Supreme Court and the drafters of the Federal Rules "have been urging federal courts to take a more proactive case management [sic] to rein in unnecessary discovery to accomplish the goal of Rule 1." (*Id.* at 20.) She additionally noted that Chief Justice John Roberts devoted nearly the entirety of his 2015 year-end statement "on the need to rein in expensive discovery, urging the lower courts to do that and to proactively manage cases to accomplish the goal of Rule 1 and to avoid unnecessary and expensive discovery which is increasingly precluding ordinary people from being able to have their cases heard in federal court." (*Id.*) Thus, she surmised that in cases where a pending dispositive motion will "pare down significant issues," discovery should be stayed until the judge rules upon the motion. (*Id.* at 20-21.)

Notably, in that case, the plaintiff had not delayed the commencement of discovery for over 6 months. Allowing Switch to take unfettered discovery now in a case where a ruling upon a dispositive motion is imminent would be directly contrary to the purpose of Rule 1. Defendants respectfully request that the Court grant this Motion.

### 2.2.3 Discovery and the administration of this case will be simplified by a stay

When a dispositive motion is pending, it makes sense to stay discovery until the motion is decided, so that the parties are not taking discovery on issues that may be rendered moot. In this case, it makes even more sense. Defendants' Motion to Dismiss has been pending since December 2017, Plaintiff cannot identify any exigent need to take discovery prior to a ruling on that Motion, and the case will be simplified upon disposition of the Motion.

Moreover, if Plaintiff Switch has claims that do survive the Motion to Dismiss, it will necessarily be asking the Court to extend discovery beyond 180 days of

- 8 -
Motion for Discovery Stay

Defendants' first appearance, necessitating special scheduling review by the Court. Given Plaintiff Switch's delay, the Court will likely ask Switch to justify the amount of time it wants for discovery. It makes little sense to conduct a special scheduling review now, as the Court's ruling upon the Motion to Dismiss will inform the discovery requested by the parties and the Court's ruling upon what discovery to allow. The Court should issue a discovery stay until it has ruled upon Defendants' dispositive motion.

### 3.0   CONCLUSION

For the foregoing reasons, the Court should enter a stay of discovery pending the outcome of the Motion to Dismiss.

Dated: May 15, 2018.                           Respectfully submitted,

/s/ Ronald D. Green
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89147

*Attorneys for Defendants*
  *Stephen Fairfax and MTechnology*

Case No. 2:17-cv-2651

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via electronic mail and U.S. Mail to the attorneys listed below:

Samuel Castor, Esq.
**SWITCH, LTD.**
7135 S. Decatur Blvd.
Las Vegas, NV 89118
sam@switch.com
scastor@switchlv.com

F. Christopher Austin, Esq.
**WEIDE & MILLER, LTD.**
Bank of Nevada Bldg., 5th Floor
7251 West Lake Mead Blvd., Ste. 530
Las Vegas, NV 89128
caustin@weidemiller.com

*Attorneys for Plaintiff, Switch, Ltd.*

Respectfully Submitted,

_____
Employee,
Randazza Legal Group, PLLC