1    Samuel Castor, Esq.
     Nevada Bar No. 11532
2    **SWITCH, LTD.**
     7135 S. Decatur Blvd.
3    Las Vegas, Nevada 89118

4    F. Christopher Austin, Esq.
     Nevada Bar No. 6559
5    *caustin@weidemiller.com*
     **WEIDE & MILLER, LTD.**
6    10655 Park Run Drive, Suite 100
     Las Vegas, NV 89144
7    Tel: (702) 382-4804
     Fax: (702) 382-4805
8

9    *Attorneys for Plaintiff* SWITCH, LTD.

10              **UNITED STATES DISTRICT COURT**

11                  **DISTRICT OF NEVADA**

12   SWITCH, LTD. a Nevada limited liability        Case No.:  2:17-cv-02651-GMN-VCF
     company,
13                                                  **PLAINTIFF'S UNOPPOSED MOTION**
                        Plaintiff,                  **TO EXTEND TIME TO FILE**
14                                                  **OPPOSITION TO DEFENDANTS'**
     vs.                                            **MOTION FOR TEMPORARY STAY**
15                                                  **OF DISCOVERY**
     STEPHEN FAIRFAX; MTECHNOLOGY; and
16   DOES  1 through 10; ROE ENTITIES 11 through
     20, inclusive,
17
                        Defendants.
18

19          Plaintiff Switch, Ltd. ("Switch"), hereby files an unopposed motion to extend the deadline

20   to file its opposition to Defendants' Motion for a Temporary Stay of Discovery (ECF No. 22)

21   ("Motion to Stay") from May 29, 2018 to June 4, 2018.   This Motion is brought under

22   Fed.R.Civ.P. 6(b) and is supported by the attached declaration of F. Christopher Austin and the

23   following Memorandum of Points and Authorities.

24   **I.      BACKGROUND**

25          Defendants filed their Motion to Stay on May 15, 2018, making the opposition due on

26   May 29th.  The deadline, however, was calendared one day later on May 30th due to an error in

27   not including Memorial Day in the calculation.  Plaintiff seeks an extension to June 4, 2018, in

28                                          1

order to consult with counsel on the content of the opposition. As set forth in the Declaration of Mr. Austin and email correspondence from opposing counsel, Defendants do not oppose this request. (*See* Austin Decl. attached as Exhibit 1; *see also* email correspondence with R. Green, counsel for Defendants, attached as Exhibit 2.)

## II. LEGAL ARGUMENT

Rule 6(b) permits the Court to extend the time to file an opposition upon a showing of good cause and excusable neglect. Fed.R.Civ.P. 6(b)(1)(B).

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (discussing "good cause" in the context of Fed. R. Civ. P. 6(b)(1)). It generally involves a case-by-case assessment of whether there is some good reason for the delay or requested extension in the absence of bad faith and prejudice to the non-moving party. *See id.* at 1109-1110.

In assessing "excusable neglect," "courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." S*andy v. Sunmoon Freight, Inc*., 714 Fed. Appx. 678, 681, (9th Cir., 2017) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

The Ninth Circuit has previously held that docketing errors can be a basis for excusable neglect. *M.D. v. Newport-Mesa Unified Sch. Dist.*, 2016 U.S. App. LEXIS 21261, *8, citing *e.g., Pincay v. Andrews*, 389 F.3d 853, 855, 858-60 (9th Cir. 2004) (en banc) (affirming the district court's finding of excusable neglect where a sophisticated law firm made a calendaring error based on a paralegal's misreading of FRAP 4.). "[E]xcusable neglect under the federal rules 'is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant'" and that extensions are permitted "even when counsel makes

an unreasonable mistake." *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 963-964, 2018, citing *Pioneer Inv. Servs. Co.,* 507 U.S. at 394, 113 S. Ct. 1489.  This is because, the overriding policy is that cases be resolved on their merits where doing so will not prejudice the opposing party or negatively impact the proceedings.  *Id.* ("Moreover, we prefer to resolve cases on the merits"), referencing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

As applied to Plaintiff, the relevant circumstances weigh in favor of granting the requested extension.  Defendants do not oppose the requested extension, so there is no danger of prejudice to the opposing party (factor 1).  The requested extension is short, ony four judicial days, and will have no impact on the proceedings (factor 2).  The docketing error should have been avoided, reviewed, caught and corrected, but given the circumstances, the one-day error is understandable (factor 3) and not the result of bad faith or ill intent (factor 4).  The same is also true under the less rigorous "good cause" standard.  To the extent that an assessment of good cause is also an assessment of whether there is some good reason for the delay or requested extension in the absence of bad faith and prejudice to the non-moving party, *see Ahanchian*, 624 F.3d at 1259, these factors are shown by the foregoing discussion.

## III.     CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests the Court grant its unopposed motion for 6-day extension to Monday June 4, 2018, to file an opposition to Defendants' Motion to Stay (ECF No. 22).

Dated:  May 30, 2018.

Respectfully Submitted,

*/s/ F. Christopher Austin*
F. Christopher Austin (NV Bar No. 6559)
caustin@weidemiller.com
**WEIDE & MILLER. LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel:  702-382-4804
Fax:  702-382-4805

*Attorneys for Plaintiff Switch, Ltd.*

3

1
2

## CERTIFICATE OF SERVICE

3

    I hereby certify that I am an employee of WEIDE & MILLER, LTD. and that on May 30,

4

2018, I served a full, true and correct copy of the foregoing **UNOPPOSED MOTION TO**

5

**EXTEND TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR**

6

**TEMPORARY STAY OF DISCOVERY** via CM-ECF to the addressees listed below:

7

8
               Marc J. Randazza, Esq.
               Ronald D. Green, Esq.

9
               Alex J. Shepard, Esq.

10
               Randazza Legal Group, PLLC
               2764 Lake Sahara Drive, Suite 109

11
               702-420-2001
               efc@randazza.com

12

13
               *Attorneys for Defendants STEPHEN*
               *FAIRFAX and MTECHNOLOGY*

14

15
                                 */s/ F. Christopher Austin*

16
                                  An employee of Weide & Miller, Ltd.

17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# EXHIBIT 1

F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel: (702) 382-4804
Fax: (702) 382-4805

*Attorneys for Plaintiff Criminal Productions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SWITCH, LTD. a Nevada limited liability company,<br><br>                       Plaintiff,<br><br>vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive,<br><br>                 Defendants. | Case No.: 2:17-cv-02651-GMN-VCF<br><br>**DECLARATION OF F. CHRISTOPHER AUSTIN IN SUPPORT PLAINTIFF'S UNOPPOSED MOTION TO EXTEND TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR TEMPORARY STAY OF DISCOVERY** |

    I, F. Christopher Austin, declare under penalty of perjury under the laws of the United States that the following is true and correct:

    1.      I am counsel for Plaintiff, Switch, Ltd. ("Switch") in the above captioned matter. I am over the age of 21, under no disability, and am competent to testify to the matters contained in this declaration. I make this declaration in support of Plaintiff's Unopposed Motion for Extension of Time to File Opposition to Defendants' Motion for Temporary Stay of Discovery (ECF No. 22).

    2.      Defendants filed their Motion to Stay on May 15, 2018, making the opposition due on May 29th. The deadline, however, was calendared by my firm one day later on the 30th due to an error in not including Memorial Day in the calculation. As the attorney of record for this case, I am personally responsible for this docketing entry and should have made sure the correct date was entered or the error caught and corrected. However, I did not notice the error until it was brought to my attention by opposing counsel, Ron Green.

3.      I emailed Mr. Green on the 30th to request an extension to June 4, 2018, to file the opposition to Defendants' Motion for a Temporary Stay (ECF No. 22), so that Switch's inhouse counsel, who is out of state this week, could consult with me on the content of the opposition prior to its filing.  Mr. Green informed me that although our opposition was a day late, Defendants would not oppose the requested extension.  True and accurate copies of our email correspondence is attached hereto as Exhibit 2.

4.      I certify that this request is made in good faith and not with any intent to delay or gain an advantage in this case.

DATED this 30th day of May, 2018.

*/s/ F. Christopher Austin*
F. Christopher Austin, Esq.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

2

# EXHIBIT 2

# EXHIBIT 2

## F. Christopher Austin

**From:**          Ron Green <rdg@randazza.com>
**Sent:**          Wednesday, May 30, 2018 1:54 PM
**To:**            F. Christopher Austin
**Cc:**            Marc Randazza; Trey Rothell; Tenny Fauver
**Subject:**       Re: Switch v. Fairfax

Chris:

Because your request came after the due date for the Opposition, I felt I should run it by my client first. We will not oppose any request that you make to the Court for an extension of your deadline. Feel free to use this email as evidence that we met and conferred regarding the issue.

Thanks.

_____

**Ronald D. Green*** | **Randazza Legal Group, PLLC**
2764 Lake Sahara Drive | Suite 109 | Las Vegas, NV 89117
Tel: 702-420-2001 | Email: rdg@randazza.com

_____

* Licensed to practice law in Nevada.


On May 30, 2018, at 12:03 PM, F. Christopher Austin <caustin@weidemiller.com> wrote:

Ron:

Will you all agree to give Switch until Monday to file its opposition to your motion to stay?

Chris

**F. Christopher Austin**
# Weide & Miller, Ltd.

10655 Park Run Drive
Suite 100
Las Vegas NV 89144
702.610.9094 Mobile
702.382.4804 Office
702.382.4805 Fax
caustin@weidemiller.com | www.weidemiller.com

This communication is for its intended recipient only, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (702-382-4804) or e-mail reply, delete it from your system, and destroy any hard copy you may have printed. Thank you. Pursuant to IRS Circular 230, any tax information or written tax advice contained herein (including any attachments) is not intended to be and can neither be used by any person for the purpose of avoiding tax penalties nor used to promote, recommend or market any tax-related matter addressed herein.