1  Samuel Castor, Esq.
   Nevada Bar No. 11532
2  **SWITCH, LTD.**
   7135 S. Decatur Blvd.
3  Las Vegas, Nevada 89118

4  F. Christopher Austin, Esq.
   Nevada Bar No. 6559
5  *caustin@weidemiller.com*
   **WEIDE & MILLER, LTD.**
6  10655 Park Run Drive, Suite 100
   Las Vegas, NV 89144
7  Tel: (702) 382-4804
   Fax: (702) 382-4805
8
   *Attorneys for Plaintiff Criminal Productions, Inc.*
9

10              **UNITED STATES DISTRICT COURT**

11                   **DISTRICT OF NEVADA**

12  SWITCH, LTD. a Nevada limited liability       Case No.:  2:17-cv-02651-GMN-VCF
    company,
13
                    Plaintiff,
14                                                **PLAINTIFF'S OPPOSITION TO**
    vs.                                           **DEFENDANT'S MOTION FOR**
15                                                **TEMPORARY STAY OF DISCOVERY**
    STEPHEN FAIRFAX; MTECHNOLOGY;
16  and DOES  1 through 10; ROE ENTITIES
    11 through 20, inclusive,
17
                    Defendants.
18

19          Plaintiff Switch, Ltd. ("Switch"), hereby files its opposition to the Motion for Temporary

20  Stay of Discovery (ECF 22) brought by Defendants Stephen Fairfax ("Fairfax") and

21  MTechnology ("MTech") (collectively "Defendants").

22  **I.       BACKGROUND AND INTRODUCTION**

23          Plaintiff brought this action after learning that Defendants had violated their non-

24  disclosure agreements with Plaintiffs to participate in the development of a competing data center.

25  (*See e.g.* Complaint (ECF 1-1), Motion for Preliminary Injunction, Statement of Facts (ECF 7).)

26  Defendants' illicit disclosures prior to the publication of any patents of Plaintiff gave the

27  competing data center an unlawful strategic advantage permitting it to utilize Plaintiff's

28  technology and unfairly solicit and secure Plaintiffs customers and prospective customers.  *Id.*

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

1

Once the patents issued, Switch brought a patent infringement action against that competing data center (Aligned Data Centers) in in the Eastern District of Texas.  Complaint, *Switch, Ltd., v. Aligned Data Centers LLC,* 2:17-cv-574 (E.D.Tex 2017). (*See* Declaration of F. Christopher Austin, at ¶2, attached hereto as Exhibit 1.)  Switch also attempted to include Defendants in that action, but that court lacked personal jurisdiction which Defendants would not waive, requiring Switch to bring the action here. *Id.* at ¶4.

Contrary to Defendants' claim, Plaintiff has propounded written discovery on Defendants as Plaintiff is privileged to do under the Rules of Civil Procedure.  (*See* March 20, 2018, email propounding Request for Production on Defendants, attached hereto as Exhibits 2, 3, and 4.)  However, because Defendants understand that until the parties hold a Rule 26(f) conference Defendants will not be obligated to respond to such discovery requests, Fed.R.Civ.P. 26(d)(1), Defendants refused to participate in such a conference and instead brought the instant motion to stay discovery. (Exhibit 1 at ¶5.)

Defendants seek a stay of discovery for the improper purpose of avoiding the production of documents responsive to the discovery propounded upon them on the pretext that the scope of discovery could change upon the Court's ruling on Defendants' pending Motion to Dismiss.  (*See generally* Motion to Stay (ECF 22).)  However, because the Motion to Dismiss (ECF 7), not only is unlikely to, but cannot, dispose of all the claims in this case and because all of the claims arise from the same facts and circumstances—Defendants breach of their non-disclosure obligations— the scope of discovery will not be materially narrowed.  Accordingly, there is no compelling reason to disregard the discovery rules, permit Defendants to avoid their obligations under Rule 26(f), and further delay this case.

## II.   LEGAL ARGUMENT

### A.   No Stay is Warranted by the Delay of the Parties in Commencing a Rule 26(f) Conference, Nor Does Such a Delay or Waive the Requirement for the Same.

The Federal and Local Rules of civil procedure provide no support for a stay of discovery pending the Court's ruling on a motion to dismiss.  As acknowledged by Defendants in their Motion, even though Plaintiff has propounded discovery on Defendants, Defendants are under no

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

2

obligation to respond to such requests until the parties hold a Rule 26(f) conference.  Fed.R.Civ.P. 26(d)(1).

Defendants' behavior is contrary to the underlying purpose and processes implemented under the federal discovery rules.  The rules establish a party-driven discovery process that ideally would not require significant court intervention and that is to commence with the production of initial disclosures "without awaiting a discovery request" at all.  Fed.R.Civ.P. 26(a)(1)(A).  The plaintiff is to then "initiate the scheduling of the conference required by Fed.R.Civ.P. 26(f)," and upon the issuance of a scheduling order by the court, the parties are to independently engage in written discovery, the taking of depositions, and the supplementation of initial disclosures, all without any required court intervention.  LR II 26-1; Fed.R.Civ.P. 26(f).

As acknowledged by Defendants, Plaintiff has attempted to initiate the scheduling of the "required" Rule 26(f) conference.  (Motion (ECF 22) at 3.)  Rather than participate, Defendants filed the instant Motion, incorrectly claiming that because Plaintiffs did so later than that provided by the Rules, the entire process must now be resolved by a hearing before the Court.  *Id.* at 4.  Not so.  Aside from the submission of a proposed Rule 26(f) Scheduling Order, no court intervention or hearing is required by the Rules, even if the process is commenced later than provided by the Rules, and Defendants point to no rule, legal precedent or holding to the contrary.  LR II 26-1.

Similarly Rule 16 and LR II 16-1 are all premised on the commencement of a Rule 26(f) discovery conference and the entry of a discovery scheduling order.  Fed.R.Civ.P 16; LR11 16-1.  None of these rules are waived or avoided by the filing of a motion to dismiss.

Further, a delay in the commencement of discovery or the scheduling of a Rule 26(f) conference neither waives the requirement for holding one nor provides any legal justification at all for staying discovery.  *Id.*  Contrary to Defendants' claim that a Rule 26(f) Conference should not now proceed until the parties "appear before the Court for special scheduling review," (Motion (ECF 22) at 4) no such hearing is required by the Rules.  The Rules require no hearing even when the proposed schedule varies from the standard set forth in the Rules.  LR II 26-1(a).  For this reason, Defendants' claim that a hearing is required because discovery cannot now be completed within 180 days of Defendants' appearance, (Motion at 4) also is without legal support.  Local

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

3

Rule 26-1 anticipates that circumstances may dictate "special scheduling" is required for certain cases and provides a means for securing such special scheduling without requiring court intervention by merely noting that the proposed schedule varies from the standard proposed schedule and explaining why.  LR II 26-1(a).

Thus, the mere delay in the commencement of discovery in this matter does not provide any basis legally or factually for requiring a hearing prior to the commencement of discovery or for granting a stay at all.

**B.   A Stay is Not Warranted Pending a Ruling on a Motion to Dismiss Absent a Strong Showing that the Motion Will Dispose of the Entire Case.**

A stay is not warranted because the pending motion to dismiss will neither dispose of the case nor the areas in which discovery is sought.  *See Sollida v. Dep't Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (reversed on other grounds) citing *Skellerup Indus. Ltd. v. City of L.A.,* 163 F.R.D. 598, 600-01 (C.C. Cal 1995) (finding that "if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation.").  As such, the Ninth Circuit rule is that "a district court may stay discovery *only* when it is *convinced* that the Plaintiff will be unable to state a claim for relief."  *Sollida,* 288 F.R.D. at 502, citing *Wood v. McEwen*, 644 F.2d 797, 801-802, (9th Cir. 1981) (emphasis added).

In this District, to determine whether a stay is appropriate, the movant must show and the court must preliminarily find:

> (1)   the pending motion [to dismiss] is potentially ***dispositive of the entire case*** or at least dispositive of the issue on which discovery is sought, ***and***
>
> (2)   the motion can be decided without additional discovery.

*Mendoza v. Amalgamated Transit Union Int'l*, 2018 U.S. Dist. LEXIS 48212 *4-5 (D.Nev. 2018) (emphasis added) citing, *Sollida,* 288 F.R.D. at 506.  Further, the party seeking a stay "carries the heavy burden of making a 'strong showing' why discovery should be denied."  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  "[B]road or conclusory statements concerning the need for protection are insufficient" to warrant a stay pending a motion

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

4

to dismiss.  *Sollida,* 288 F.R.D. at 503, citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

The default assumption is that discovery should go forward while a dispositive motion is pending.  "***Absent extraordinary circumstances***, litigation should not be delayed simply because a non-frivolous motion has been filed." *Mendoza* 2018 U.S. Dist. LEXIS 48212 *5 (emphasis added), quoting *Trzaska v. Int'l Game Tech.*, 2011 U.S. Dist. LEXIS 39275, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011).  Such "extraordinary circumstances" where a stay may be appropriate are limited to those where the complaint was "utterly frivolous, or filed merely for settlement value." *Turner,* 175 F.R.D.  at 175, or where the motion is based on a lack of jurisdiction, improper venue, or immunity.  *Sollida,* 288 F.R.D. at 504.

**C.     A Stay is Not Warranted As Defendants Have Made No Showing that the Motion to Dismiss Will Dispose of the Entire Case.**

Here, Defendants have not met the "heavy burden of making a 'strong showing' for why discovery should be denied."  They have made no showing at all that the Complaint is "utterly frivolous, or filed merely for settlement value," the Motion to Dismiss not only does not assert any claims based on lack of jurisdiction, improper venue, or immunity, it cannot dispose of the "entire case" or the issues on which discovery is sought.  As such, the Motion for a Stay should be denied.

*1.     The Complaint is neither frivolous nor was it filed merely for settlement value and Defendants have made no showing to the contrary.*

Defendants' have made no claim that the Complaint in this action is either frivolous or made merely for settlement value.  (*See generally* Motion (ECF 22).)  To make such a showing, Defendants would have to have presented evidence or argument showing that the Complaint is without any factual support or that its claims are barred as a matter of law.  Defendants have made no such showing, let alone the "strong showing" required to overcome the "default assumption" that a stay should not be granted. *Mendoza* 2018 U.S. Dist. LEXIS 48212 *5.

The factual assertions set forth in the Complaint are supported by exhibits filed with the Complaint (ECF 1-1) or by those filed with the Motion for Preliminary Injunction (ECF 7).

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

5

Moreover, Defendants, while quibbling about which of the two Defendants signed the non-disclosure agreements Switch alleges both Defendants breached and while denying their actions constituted a breach, do not deny: (i) the existence of such agreements, (ii) that one of the Defendants, at least is bound by the agreements, (iii) the underlying facts regarding circumstances of their executing such agreements, or (iv) the fact that they were involved in the development of Aligned' s competing data center.  (*See* Mot. Dismiss (ECF 8) and Opposition to Mot. Dismiss (ECF 16).  Defendants' denial of the *extent* of such involvement and their challenge to the *scope* and breadth of the trade secrets Switch maintains were disclosed to them, do not rise to the level of a "strong showing" that the Complaint was frivolous.  Rather, they identify just why discovery is needed and should proceed: to test the factual disparities asserted by the parties.

2. ***The Motion to Dismiss will not dispose of the entire case or the issues on which discovery is sought.***

To overcome the presumption that discovery should proceed pending a motion to dismiss, Defendants must meet the "heavy burden of making a 'strong showing'" in their motion to stay that their motion to dismiss will dispose of the "entire case". *Mendoza* 2018 U.S. Dist. LEXIS 48212 *5.  To dispose of the entire case, Defendants must also make a "strong showing" that the Court cannot and will not permit Plaintiff to amend any dismissed claim despite the procedural and policy bias in favor of liberally granting requests to amend dismissed claims under Rule 15.  Fed.R.Civ.P. 15 ("The court should freely give leave [to amend]").  And because "broad or conclusory statements concerning the need for protection are insufficient" to warrant a stay pending a motion to dismiss, *Sollida,* 288 F.R.D. at 503, Defendants necessarily must show why ***every claim*** will both fail and why the court cannot permit Plaintiff to reassert it in an amended complaint.

Defendants have made no such showings at all.  To the contrary, all Defendants have done is make "broad or conclusory statements" and those statement—far from supporting a stay—argue persuasively against it.  Defendants' mere conclusory reference to their Motion to Dismiss is inadequate to overcome the "heavy burden" required.  This is because none of the bases for that motion constitute an "extraordinary circumstance". *Mendoza* 2018 U.S. Dist. LEXIS 48212 *5;

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

6

*Turner,* 175 F.R.D. at 175; *Sollida,* 288 F.R.D. at 504. There is no claim to dismiss for lack of jurisdiction; there is no claim to dismiss for improper venue; and there is no claim of immunity from suit. *Sollida,* 288 F.R.D. at 504.

Rather, Defendants argue in their Motion to Dismiss (but not in their Motion for Stay) that Plaintiffs trade secret claims (Claims 6 and 7) must fail because they are subsumed by disclosed patents *OR* they must be identified with "greater specificity." (Mot. Dismiss (ECF 7) at 6-10.) Regardless of Switch's substantive opposition to this claim,[1] on its face Defendants' claim cannot dispose of the "entire case," because it requests as a remedy that the Court order Plaintiff to reassert its trade secret claims, just with greater specificity. *Id.* This part of the Motion to Dismiss, therefore, merely invites the court to order Plaintiff to amend its complaint. It does not and cannot dispose of the entire case. This alone is sufficient to deny the request for a stay.

Defendants then quibble that the breach of contract claims arising from Defendants breach of non-disclosure agreements with Switch are limited only to Defendant MTech, and that Defendant Fairfax did not sign the same in his individual capacity. (Mot. Dismiss (ECF 7) at 12-14.) Switch rejects this notion and asserts that Fairfax is equally bound by the agreements. (Opp. Mot. Dismiss at 2, 10-12.) But for purposes of Defendant's Motion for a Stay, Plaintiffs' argument is unnecessary to prevail. That is because, here too, the Motion to Dismiss is incapable of disposing of the "entire case," because Defendants admit that, at a minimum, the breach of contract claims remain viable as against at least one of the Defendants. Thus, the Motion to Dismiss cannot as a matter of law dispose of the "entire case".

Because all of Switch's claims arise from the same facts and circumstances—the disclosure of confidential information to Defendants and their wrongful disclosure of the same to a competitor—the survival of any one claim for trade secret misappropriation or breach of a non-disclosure agreement will necessarily implicate discovery into the same facts and circumstances as would be required to assert all of the claims. Thus, contrary to the unsupported "broad or

---

[1] That (i) the trade secrets alleged were still trade secrets at the time of wrongful disclosure, and (ii) included trade secrets that were never incorporated into any issued patent. (Opp. Mot. Dismiss (ECF 16) at 2-9.)

WEIDE & MILLER, LTD.
10655 Park Run Dr.,
Suite 100
Las Vegas,
Nevada 89144
(702) 382-4804

7

1  conclusory statements" of Defendants to the contrary, the Motion to Dismiss also is incapable of

2  materially narrowing the scope of discovery in this case.

3        Because Defendants' Motion to Dismiss seeks relief in the form of a request that the Court

4  order Plaintiff to amend its trade secret claims and does not seek to dispose all of the claims

5  asserted, it cannot as a matter of law make the required "strong showing" that it will dispose of

6  the "entire case" or limit the scope of discovery as required to overcome the presumption that

7  discovery should proceed pending a motion to dismiss, and the motion for stay should be denied.

8  **III.     CONCLUSION**

9        For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants'

10  Motion for a Temporary Stay of Discovery.

11        Dated:  June 4, 2018

12                            Respectfully Submitted,

13                            */s/ F. Christopher Austin*

14                            F. Christopher Austin (NV Bar No. 6559)
                          caustin@weidemiller.com

15                            **WEIDE & MILLER. LTD.**
                          10655 Park Run Drive, Suite 100

16                            Las Vegas, NV 89144
                          Tel:  702-382-4804

17                            Fax:  702-382-4805

18                            *Attorneys for Plaintiff Switch, Ltd.*

19

20

21

22

23

24

25

26

27

28

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of WEIDE & MILLER, LTD. and that on June 4, 2018, I served a full, true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR TEMPORARY STAY OF DISCOVERY** via CM-ECF to the addressees listed below:

> Marc J. Randazza, Esq.
> Ronald D. Green, Esq.
> Alex J. Shepard, Esq.
> Randazza Legal Group, PLLC
> 2764 Lake Sahara Drive, Suite 109
> Las Vegas, NV 89117
> 702-420-2001
> efc@randazza.com
>
> *Attorneys for Defendants STEPHEN*
> *FAIRFAX and MTECHNOLOGY*

/s/ F. Christopher Austin
An employee of Weide & Miller, Ltd

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

9

# EXHIBIT 1

# EXHIBIT 1

1
2
3
4
5

F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel: (702) 382-4804
Fax: (702) 382-4805

6

*Attorneys for Plaintiff Criminal Productions, Inc.*

7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9
10
11
12
13
14

| | |
|---|---|
| SWITCH, LTD. a Nevada limited liability company,<br><br>           Plaintiff,<br><br>vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; and DOES  1 through 10; ROE ENTITIES 11 through 20, inclusive,<br><br>           Defendants. | Case No.:  2:17-cv-02651-GMN-VCF<br><br>**DECLARATION OF F. CHRISTOPHER AUSTIN IN SUPPORT PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR TEMPORARY STAY OF DISCOVERY** |

15
16
17

        I, F. Christopher Austin, declare under penalty of perjury under the laws of the United States that the following is true and correct:

18
19
20

        1.        I am counsel for Plaintiff, Switch, Ltd. ("Switch") in the above captioned matter. I am over the age of 21, under no disability, and am competent to testify to the matters contained in this declaration.  I make this declaration in support of Plaintiff's Opposition to Defendants' Motion for Temporary Stay of Discovery (ECF No. 22).

21
22
23
24
25
26

        2.        Switch brought a patent infringement action against a competing data center (Aligned Data Centers) in in the Eastern District of Texas to whom Switch alleges Defendants in this action disclosed Switch confidential information in violation of non-disclosure agreements Defendants had with Switch.  The action in Texas is captioned *Switch, Ltd., v. Aligned Data Centers LLC,* 2:17-cv-574 (E.D.Tex 2017).

27
28

        3.        Switch also attempted to include Defendants in that action, but due to recent precedent, personal jurisdiction could not be maintained against Defendants in Texas, and since

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

1

1    Defendants would not waive jurisdiction, Switch had to bring the action against them here.

2        4.    On March 20, 2018, my office emailed separate Request for Production on each of

3    the Defendants.  Attached as Exhibit 2 to the Opposition is a true and accurate copy of the March

4    20, 2018 email to which the discovery was attached.   Attached as Exhibits 3 and 4 to the

5    Opposition are true and accurate copies of the requests for production propounded on each

6    Defendant.

7        5.    On May 10, 2018, I asked for dates on which to hold a Rule 26(f) conference so

8    we could get a scheduling order filed and secure responses to our discovery requests.  However

9    Defendants refused to participate in such a conference and instead filed their motion to stay

10   discovery.

11       DATED this 4th day of June, 2018.

12                                    */s/ F. Christopher Austin*
                                     F. Christopher Austin, Esq.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

# EXHIBIT 2

# EXHIBIT 2

**F. Christopher Austin**

| | |
|---|---|
| **From:** | Sally Wexler |
| **Sent:** | Monday, March 19, 2018 3:21 PM |
| **To:** | efc@randazza.com |
| **Cc:** | F. Christopher Austin |
| **Subject:** | Switch/Fairfax and Switch/MTECHNOLOGY |
| **Attachments:** | FCA-w-0676  Requests for Production of Documents FAIRFAX_fca.pdf; FCA-w-0677 RFP MTECHNOLOGY.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Attached please find the above documents.  These documents are also being deposited in the mail to you this afternoon.

Best Regards,

Sally Wexler
Paralegal

**Weide & Miller, Ltd.**
*Patents, Trademarks, Copyrights, Trade secrets and Related Litigation*

10655 Park Run Drive, Suite 100
Las Vegas, NV  89144
702-382-4804 (voice)
702-382-4805 (facsimile)
swexler@weidemiller.com
*The only Nevada-based Tier 1 patent law firm as ranked by U.S. News & World Report for 2014, 2015, 2016 and 2017*

This communication is for its intended recipient only, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (702-382-4804) or e-mail reply, delete it from your system, and destroy any hard copy you may have printed. Thank you.

# EXHIBIT 3

# EXHIBIT 3

**RFP**
F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
Ryan Gile, Esq.
Nevada Bar No. 8807
*rgile@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel: (702) 382-4804
Fax: (702) 382-4805

Samuel Castor, Esq.
Nevada Bar No. 11532
**SWITCH, LTD.**
7135 S. Decatur Blvd.
Las Vegas, Nevada 89118

*Attorneys for Plaintiff* SWITCH, LTD.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD. a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, <br><br> Defendants. | Case No.: **2:17-cv-2651-GMN-VCF** <br><br> **PLAINTIFF SWITCH, LTD. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STEPHEN FAIRFAX** |

PROPOUNDING PARTY: Plaintiff SWITCH, LTD.

RESPONDING PARTY:  Defendant FAIRFAX

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff SWITCH, LTD.,

("SWITCH") hereby requests that Defendant Stephen Fairfax ("FAIRFAX") produce the

documents and things identified below:

## INTRODUCTORY STATEMENT

A.      Pursuant to Nevada Rule of Civil Procedure 26(e), the following **requests for production of documents and things are continuing and must be supplemented if your responses change during the course of discovery.**

B.      To the extent that any information/documentation requested by these Requests for Production is unknown to you, so state, and set forth such remaining information as is known by you.   If any estimate or approximation can reasonably be made in place of unknown information, set forth your best estimate or approximation, clearly designated as such, in place of the unknown information, and describe the basis upon which the estimate or approximation is made.

C.      The omission of any item from your responses shall be deemed a representation that the item is unknown to you.

D.      In construing these Requests to Produce, the terms "refer to" shall include any and all logical and factual connections to the subject of the discovery request as specified.

E.      Use of the term "**data**" shall include but not be limited to information regardless of form, such as documents, emails to or from business and/or personal accounts, text messages, calendar invites, notes, application data, videos, photographs, audio or visual recordings, meta data, blogs, tweets, social media postings, correspondence, designs, blue prints, schematics, opinions, assessments, analysis, etc., and all versions of the same, which are germane to the Request.

F.      Use of the term "plaintiff" or "you" shall mean STEPHEN FAIRFAX.

G.      All singular nouns are to be construed as plural and plural construed as singular.

/ / /

H.      In the event that you refuse to respond to any Request to Produce, or portion thereof, on the grounds that it is subject to an attorney-client privilege or attorney work product privilege, you are required to:

        a.      state the nature of the privilege asserted;

        b.      state the facts relied upon in support of the claim or privilege;

        c.      identify all persons having knowledge or any facts related to the claim or privilege; and

        d.      identify all events, transactions, or occurrences related to the claim of privilege.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

Please produce complete and accurate copies of any and all DATA regarding Aligned from January 1, 2011, to the present.

**REQUEST NO. 2:**

Please produce complete and accurate copies of all agreements between FAIRFAX and Aligned.

**REQUEST NO. 3:**

Please produce complete and accurate copies of all agreements between Defendant MTECHNOLOGY and Aligned.

**REQUEST NO. 4:**

Please produce complete and accurate copies of any and all DATA related to Jones Lang LaSalle from January 1, 2011, to the present.

**REQUEST NO. 5:**

Please produce complete and accurate copies of any and all DATA related to Aligned Energy from January 1, 2011, to the present.

**REQUEST NO. 6:**

Please produce complete and accurate copies of any and all DATA related to Inertech from January 1, 2011 to the present.

**REQUEST NO. 7:**

Please produce complete and accurate copies of any and all DATA related to Uber from January 1, 2011, to the present.

**REQUEST NO. 8:**

Please produce complete and accurate copies of any and all DATA related to eBay from January 1, 2011, to the present.

**REQUEST NO. 9:**

Please produce complete and accurate copies of any and all DATA related to PayPal from January 1, 2011, to the present.

**REQUEST NO. 10:**

Please produce complete and accurate copies of any and all DATA related to Theresa Gardner from January 1, 2011, to the present.

**REQUEST NO. 11:**

Please produce complete and accurate copies of any and all DATA related to Mark Bauer from January 1, 2011, to the present.

**REQUEST NO. 12:**

Please produce complete and accurate copies of any and all DATA related to Carter Robinson from January 1, 2011, to the present.

**REQUEST NO. 13:**

Please produce complete and accurate copies of any all DATA related to Marew Klokkenja from January 1, 2011, to the present.

**REQUEST NO. 14:**

Please produce complete and accurate copies of any and all DATA related to Bret Davis from January 1, 2011, to the present.

**REQUEST NO. 15:**

Please produce complete and accurate copies of any and all DATA related to Mike Lewis from January 1, 2011, to the present.

**REQUEST NO. 16:**

Produce complete and accurate copies of any and all DATA related to Dean Nelson from January 1, 2011, to the present.

**REQUEST NO. 17:**

Produce complete and accurate copies of any and all DATA related to Mazen Rawashdeh from January 1, 2011, to the present.

**REQUEST NO. 18:**

Please produce complete and accurate copies of any and all DATA related to Thomas Price from January 1, 2011, to the present.

**REQUEST NO. 19:**

Please produce complete and accurate copies of any and all DATA related to Paul Santana from January 1, 2011, to the present.

**REQUEST NO. 20:**

Produce complete and accurate copies of any and all DATA related to Stephen Harlett from January 1, 2011, to the present.

**REQUEST NO. 21:**

Please produce complete and accurate copies of any and all DATA related to Richard Reyher from January 1, 2011, to the present.

**REQUEST NO. 22:**

Please produce complete and accurate copies of any and all DATA related to Seth Feldman from January 1, 2011, to the present.

**REQUEST NO. 23:**

Please produce complete and accurate copies of any and all DATA related to Devin Wenig from January 1, 2011, to the present.

**REQUEST NO. 24:**

Please produce complete and accurate copies of any and all DATA related to Jakob Carnemark from January 1, 2011, to the present.

**REQUEST NO. 25:**

Please produce complete and accurate copies of any and all DATA related to Andrew Schaap from January 1, 2011, to the present.

**REQUEST NO. 26:**

Please produce complete and accurate copies of any and all DATA related to Stephen Smith from January 1, 2011, to the present.

**REQUEST NO. 27:**

Please produce complete and accurate copies of any and all DATA related to Rajendran Avadaiappan from January 1, 2011, to the present.

**REQUEST NO. 28:**

Please produce complete and accurate copies of any and all video footage, including b-roll footage, YOU received and/or have in YOUR possession, with regard to the ALIGNED videos.

/ / /

/ / /

**REQUEST NO. 29:**

Please produce complete and accurate copies of any and all payments made to YOU by Aligned, or any Aligned employees.

**REQUEST NO. 30:**

Please produce complete and accurate copies of any and all communications regarding payments received by MTECHNOLOGY and/or YOU from Aligned or any Aligned employees.

**REQUEST NO. 31:**

Please produce complete and accurate copies of any and all bank records from 2011 to present in YOUR control reflecting financial transactions with individuals or entities affiliated with Aligned, Aligned Energy, Inertech, eBay, and/or Paypal.

**REQUEST NO. 32:**

Please produce complete and accurate copies of any and all of YOUR cell phone records evidencing communications with individuals or entities affiliated with Aligned, Aligned Energy, Inertech, eBay, and/or Paypal between yourself and from 2010 to present.

**REQUEST NO. 33:**

Please produce complete and accurate copies of any and all DATA evidencing Aligned designs created between January 1, 2011, and the present.

**REQUEST NO. 34:**

Please produce complete and accurate copies of DATA evidencing Aligned Energy designs created between January 1, 2011, and the present.

**REQUEST NO. 35:**

Please produce complete and accurate copies of DATA evidencing Inertech designs created between January 1, 2011, and the present.

**REQUEST NO. 36:**

Please produce complete and accurate copies of DATA evidencing YOUR data center designs created between January 1, 2011, and the present.

**REQUEST NO. 37:**

Please produce complete and accurate copies of any and all DATA related to Switch from January 1, 2011, to the present.

**REQUEST NO. 38:**

Please produce complete and accurate copies of any and all DATA related to Rob Roy from January 1, 2011, to the present.

**REQUEST NO. 39:**

Please produce all DATA related to your design work for Aligned.

**REQUEST NO. 40:**

Please produce complete and accurate copies of your analysis of Aligned's designs created between January 1, 2011, and the present.

**REQUEST NO. 41:**

Please produce complete and accurate copies of your analysis of Aligned Energy's designs created between January 1, 2011, and the present.

**REQUEST NO. 42:**

Please produce complete and accurate copies of your analysis of Inertech's designs created between January 1, 2011, and the present.

**REQUEST NO. 43:**

Please produce complete and accurate copies of all collaborations with Aligned regarding Aligned's data center designs created between January 1, 2011, and the present.

/ / /

**REQUEST NO. 44:**

Please produce all DATA related to your retention as a consultant with Aligned.

**REQUEST NO. 45:**

Please produce complete and accurate copies of all DATA regarding Aligned's data center designs created between January 1, 2011, and the present.

DATED this <u>16th</u> day of March, 2018.

**WEIDE & MILLER, LTD.**


<u>/s/ F. Christopher Austin</u>
F. Christopher Austin
caustin@weidemiller.com
Ryan Gile
rgile@weidemiller.com
Bank of Nevada Bldg., 5th Floor
7251 W. Lake Mead Blvd., Ste. 530
Las Vegas, NV 89128
*Attorneys for Plaintiff SWITCH, LTD.*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Weide & Miller, Ltd. and that on March 19, 2018, I served a full, true and correct copy of the foregoing **PLAINTIFF SWITCH, LTD. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STEPHEN FAIRFAX** by email and regular U.S. mail, with postage duly prepaid thereon, addressed to the following:

> Marc J. Randazza, Esq.
> Ronald D. Green, Esq.
> Alex J. Shepard, Esq.
> Randazza Legal Group, PLLC
> 4035 S. El. Capitan Way
> Las Vegas, NV 89147
> 702-420-2001
> efc@randazza.com
> *Attorneys for Defendants STEPHEN FAIRFAX and MTECHNOLOGY*

> */s/ Sally Wexler*
> An employee of Weide & Miller, Ltd.

# EXHIBIT 4

# EXHIBIT 4

**RFP**
F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
Ryan Gile, Esq.
Nevada Bar No. 8807
*rgile@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel: (702) 382-4804
Fax: (702) 382-4805

Samuel Castor, Esq.
Nevada Bar No. 11532
**SWITCH, LTD.**
7135 S. Decatur Blvd.
Las Vegas, Nevada 89118

*Attorneys for Plaintiff* SWITCH, LTD.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD. a Nevada limited liability company, | Case No.: 2:17-cv-2651-GMN-VCF |
| Plaintiff, | **PLAINTIFF SWITCH, LTD. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MTECHNOLOGY** |
| vs. | |
| STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY: Plaintiff SWITCH, LTD.

RESPONDING PARTY:  Defendant MTECHNOLOGY

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff SWITCH, LTD.,

("SWITCH") hereby requests that Defendant MTECHNOLOGY produce the documents and

things identified below:

FCA-w-0677                          1

### INTRODUCTORY STATEMENT

A.     Pursuant to Nevada Rule of Civil Procedure 26(e), the following **requests for production of documents and things are continuing and must be supplemented if your responses change during the course of discovery.**

B.     To the extent that any information/documentation requested by these Requests for Production is unknown to you, so state, and set forth such remaining information as is known by you.  If any estimate or approximation can reasonably be made in place of unknown information, set forth your best estimate or approximation, clearly designated as such, in place of the unknown information, and describe the basis upon which the estimate or approximation is made.

C.     The omission of any item from your responses shall be deemed a representation that the item is unknown to you.

D.     In construing these Requests to Produce, the terms "refer to" shall include any and all logical and factual connections to the subject of the discovery request as specified.

E.     Use of the term "**data**" shall include but not be limited to information regardless of form, such as documents, emails to or from business and/or personal accounts, text messages, calendar invites, notes, application data, videos, photographs, audio or visual recordings, meta data, blogs, tweets, social media postings, correspondence, designs, blue prints, schematics, opinions, assessments, analysis, etc., and all versions of the same, which are germane to the Request.

F.     Use of the term "plaintiff" or "you" shall mean MTECHNOLOGY, as an individual, member, partner, investor, managing member, agent, or principal on behalf of any company, entity, business, partner, including but not limited to MTECHNOLOGY.

/ / /

G.      All singular nouns are to be construed as plural and plural construed as singular.

H.      In the event that you refuse to respond to any Request to Produce, or portion thereof, on the grounds that it is subject to an attorney-client privilege or attorney work product privilege, you are required to:

    a.      state the nature of the privilege asserted;

    b.      state the facts relied upon in support of the claim or privilege;

    c.      identify all persons having knowledge or any facts related to the claim or privilege; and

    d.      identify all events, transactions, or occurrences related to the claim of privilege.

**DOCUMENTS REQUESTED**

**REQUEST NO. 1:**

Please produce complete and accurate copies of any and all DATA regarding MTECHNOLOGY and Aligned from January 1, 2011, to the present.

**REQUEST NO. 2:**

Please produce complete and accurate copies of all agreements between MTECHNOLOGY and Aligned.

**REQUEST NO. 3:**

Please produce complete and accurate copies of all agreements between FAIRFAX and Aligned.

**REQUEST NO. 4:**

Please produce complete and accurate copies of any and all DATA related to Aligned Energy from January 1, 2011, to the present.

**REQUEST NO. 5:**

Please produce complete and accurate copies of any and all DATA related to Inertech from January 1, 2011 to the present.

**REQUEST NO. 6:**

Please produce complete and accurate copies of any and all DATA related to Uber from January 1, 2011, to the present.

**REQUEST NO. 7:**

Please produce complete and accurate copies of any and all DATA related to eBay from January 1, 2011, to the present.

**REQUEST NO. 8:**

Please produce complete and accurate copies of any and all DATA related to PayPal from January 1, 2011, to the present.

**REQUEST NO. 9:**

Please produce complete and accurate copies of any and all DATA related to Theresa Gardner from January 1, 2011, to the present.

**REQUEST NO. 10:**

Please produce complete and accurate copies of any and all DATA related to Mark Bauer from January 1, 2011, to the present.

**REQUEST NO. 11:**

Please produce complete and accurate copies of any and all DATA related to Carter Robinson from January 1, 2011, to the present.

**REQUEST NO. 12:**

Please produce complete and accurate copies of any all DATA related to Marew Klokkenja from January 1, 2011, to the present.

**REQUEST NO. 13:**

Please produce complete and accurate copies of any and all DATA related to Bret Davis from January 1, 2011, to the present.

**REQUEST NO. 14:**

Please produce complete and accurate copies of any and all DATA related to Mike Lewis from January 1, 2011, to the present.

**REQUEST NO. 15:**

Please produce complete and accurate copies of any and all DATA related to Dean Nelson from January 1, 2011, to the present.

**REQUEST NO. 16:**

Please produce complete and accurate copies of any and all DATA related to Mazen Rawashdeh from January 1, 2011, to the present.

**REQUEST NO. 17:**

Please produce complete and accurate copies of any and all DATA related to Thomas Price from January 1, 2011, to the present.

**REQUEST NO. 18:**

Please produce complete and accurate copies of any and all DATA related to Paul Santana from January 1, 2011, to the present.

**REQUEST NO. 19:**

Produce complete and accurate copies of any and all DATA related to Stephen Harlett from January 1, 2011, to the present.

**REQUEST NO. 20:**

Please produce complete and accurate copies of any and all DATA related to Richard Reyher from January 1, 2011, to the present.

**REQUEST NO. 21:**

Please produce complete and accurate copies of any and all DATA related to Seth Feldman from January 1, 2011, to the present.

**REQUEST NO. 22:**

Please produce complete and accurate copies of any and all DATA related to Devin Wenig from January 1, 2011, to the present.

**REQUEST NO. 23:**

Please produce complete and accurate copies of any and all DATA related to Jakob Carnemark from January 1, 2011, to the present.

**REQUEST NO. 24:**

Please produce complete and accurate copies of any and all DATA related to Andrew Schaap from January 1, 2011, to the present.

**REQUEST NO. 25:**

Please produce complete and accurate copies of any and all DATA related to Stephen Smith from January 1, 2011, to the present.

**REQUEST NO. 26:**

Please produce complete and accurate copies of any and all DATA related to Rajendran Avadaiappan from January 1, 2011, to the present.

**REQUEST NO. 27:**

Please produce complete and accurate copies of any and all video footage, including b-roll footage, YOU received and/or have in YOUR possession, with regard to the ALIGNED videos.

**REQUEST NO. 28:**

Please produce complete and accurate copies of any and all payments made to YOU and/or FAIRFAX by Aligned or any Aligned employees.

**REQUEST NO. 29:**

Please produce complete and accurate copies of any and all communications regarding payments received by YOU and/or FAIRFAX from Aligned or any Aligned employees.

**REQUEST NO. 30:**

Please produce complete and accurate copies of any and all bank records from 2011 to present in YOUR control reflecting financial transactions with individuals or entities affiliated with Aligned, Aligned Energy, Inertech, eBay, and/or Paypal.

**REQUEST NO. 31:**

Please produce complete and accurate copies of any and all DATA evidencing Aligned designs created between January 1, 2011, and the present.

**REQUEST NO. 32:**

Please produce complete and accurate copies of DATA evidencing Aligned Energy designs created between January 1, 2011, and the present.

**REQUEST NO. 33:**

Please produce complete and accurate copies of DATA evidencing Inertech designs created between January 1, 2011, and the present.

**REQUEST NO. 34:**

Please produce complete and accurate copies of any and all DATA related to Switch from January 1, 2011, to the present.

/ / /

**REQUEST NO. 35:**

Please produce complete and accurate copies of any and all DATA related to Rob Roy from January 1, 2011, to the present.

**REQUEST NO. 36:**

Please produce all DATA related to your design work for Aligned.

**REQUEST NO. 37:**

Please produce complete and accurate copies of your analysis of Aligned's designs created between January 1, 2011, and the present.

**REQUEST NO. 38:**

Please produce complete and accurate copies of your analysis of Aligned Energy's designs created between January 1, 2011, and the present.

**REQUEST NO. 39:**

Please produce complete and accurate copies of your analysis of Inertech's designs created between January 1, 2011, and the present.

**REQUEST NO. 40:**

Please produce complete and accurate copies of all collaborations with Aligned regarding Aligned's data center designs created between January 1, 2011, and the present.

**REQUEST NO. 41:**

Please produce all DATA related to your and/or FAIRFAX's retention as a consultant with Aligned.

/ / /

/ / /

/ / /

/ / /

**REQUEST NO. 42:**

Please produce complete and accurate copies of all DATA regarding Aligned's data center designs created between January 1, 2011, and the present.

DATED this 16th day of March, 2018.

WEIDE & MILLER, LTD.

/s/ F. Christopher Austin
F. Christopher Austin
caustin@weidemiller.com
Ryan Gile
rgile@weidemiller.com
Bank of Nevada Bldg., 5th Floor
7251 W. Lake Mead Blvd., Ste. 530
Las Vegas, NV 89128
Attorneys for Plaintiff SWITCH, LTD.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Weide & Miller, Ltd. and that on March 19, 2018, I served a full, true and correct copy of the foregoing **PLAINTIFF SWITCH, LTD. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MTECHNOLOGY** by email and regular U.S. mail, with postage duly prepaid thereon, addressed to the following:

> Marc J. Randazza, Esq.
> Ronald D. Green, Esq.
> Alex J. Shepard, Esq.
> Randazza Legal Group, PLLC
> 4035 S. El. Capitan Way
> Las Vegas, NV 89147
> 702-420-2001
> efc@randazza.com
> *Attorneys for Defendants STEPHEN FAIRFAX and MTECHNOLOGY*

*/s/ Sally Wexler*
An employee of Weide & Miller, Ltd.