Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**Randazza Legal Group, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants*
*Stephen Fairfax and MTechnology*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD.,<br>a Nevada limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY;<br>DOES 1 through 10; and ROE ENTITIES 11<br>through 20, inclusive,<br><br>        Defendants. | Case No.: 2:17-cv-02651-GMN-VCF<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY STAY OF DISCOVERY UNTIL THE RULING ON DEFENDANTS' MOTION TO DISMISS** |

Defendants Stephen Fairfax and MTechnology ("MTech") hereby file their Reply in Support of their Motion for Temporary Stay of Discovery Until the Ruling on Defendants' Motion to Dismiss (ECF No. 22).

## 1.0   INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Plaintiff Switch, Ltd. ("Switch") premises its Opposition to Defendant's [sic] Motion for Temporary Stay of Discovery (ECF No. 25) on the theory that Defendants reviewed Requests for Production that Switch purportedly served upon them over two and one-half months ago and determined that they did not wish to respond.  (*See* Opposition, at 2.)  Plaintiff's premise is incorrect.

Defendants never received the Requests for Production that Plaintiff claims to have served upon them on March 19, 2018.[1]  In fact, they had not seen them until Plaintiff filed its Opposition to Defendants' Motion.

On March 19, 2018, Plaintiff apparently attempted to serve Requests for Production upon MTech and Mr. Fairfax by emailing Defendants' counsel.  (*See Exhibit 2* to Plaintiff's Opposition.)  However, Plaintiff emailed those documents to <efc@randazza.com> and not to the email addresses where Switch's counsel typically communicates with Defendants' counsel.  (*See id*.)  The <efc@randazza.com> email address is not used and never has been by any employee of Randazza Legal Group, PLLC.  (*See* Declaration of Trey Rothell, attached hereto as **Exhibit C**, at ¶¶ 3.)  While the Certificates of Service attached to the Requests for Production also assert that the documents were mailed to Defendants' counsel, Defendants' counsel never received them via the U.S. Mail.[2] (*See id*. at ¶¶ 5.)

While Plaintiff's counsel emailed a non-existent email address when attempting to serve premature discovery on Defendants, he used the correct email for Defendants' counsel when demanding an untimely conference pursuant to Fed. R. Civ. P. 26(f) on May 10, 2018.  (*See Exhibit A* to Motion.)  In his final email to Defendants' counsel prior to the filing of the instant Motion, Plaintiff's

---

[1]   Plaintiff's Opposition claims that discovery was served on March 20, 2018, but the exhibits show that Plaintiff attempted (but failed) to serve Defendants on March 19, 2018.  (*See* Opposition, at 2; *Exhibit 2* to Plaintiff's Opposition.)

[2]   At present, Defendants will assume that Plaintiff's failure to serve written discovery on Defendants was unintentional.  However, these are not the first issues with proper service that have arisen in this case.  Before Defendants removed this case to this Court, Plaintiff filed a Motion for Preliminary Injunction in Nevada state court on October 11, 2017.  (*See* State Court Motion for Preliminary Injunction, ECF No. 1-2.)  Even though Switch had served Defendants over two weeks earlier, Switch misrepresented in that motion that "Defendants [were] evading service" as improper justification for filing the motion *ex parte*.  (*See id*. at 4.)

RANDAZZA | LEGAL GROUP

counsel indicated that he would be noticing a Rule 26(f) conference regardless of whether Defendants filed a motion to stay. (*See id.*)  As of the filing of this Reply, Plaintiff has not noticed an untimely Rule 26(f) conference.

Setting service issues aside, Plaintiff Switch does not explain why it attempted to serve Requests for Production upon Defendants on March 19, 2018 even though Defendants were not required to answer them.  Switch does not say why it did not request a conference pursuant to Fed. R. Civ. P. 26(f) until May 10, 2018 (ECF No. 22-1), nearly two months after it prematurely attempted to serve discovery upon Defendants and over six months after Defendants appeared. Most significantly, Switch does not explain why it simply did not conduct a Rule 26(f) conference in the timeframe required by this Court's local rules.

Pursuant to this Court's rules, Switch had 30 days to hold a conference pursuant to Fed. R. Civ. P. 26(f) but waited for over six months to even attempt to schedule one. A dispositive motion is pending that would have likely stayed the discovery period anyway if Switch had tried to timely commence discovery. A stay of discovery pending resolution of Defendants' Motion to Dismiss is warranted, and the instant Motion should be granted.

**2.0    LEGAL ARGUMENT**

Defendants filed a Motion to Dismiss (ECF No. 8) pursuant to Fed. R. Civ. P. 12(b)(6) on November 2, 2017.  "The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013)[3] (*citing Rutman Wine Co. v. E&J Gallo Winery*, 820 F.2d 729, 738 (9th Cir. 1987)).  According to the U.S. Court of Appeals for the Ninth Circuit, "discovery at the pleading stage is only appropriate where factual

---

[3]  *Solida* is the primary case Switch relies upon in its Opposition. Switch ignores the language of the opinion that is harmful to its position.

issues are raised by a Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order" to stay discovery. *Id.* at 502-03 (*citing Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds, Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007)). A district court has "wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion." *Id.* at 503 (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Because "discovery is expensive," this Court should consider "the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action" when deciding whether to stay discovery. *Solida*, 288 F.R.D. at 503.

> With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

*Id.*

Discovery should be stayed in a case if "there are no factual issues in need of immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Solida*, 288 F.R.D. at 506. This Court should employ a two-part test when determining whether to stay discovery in this matter: (1) whether the pending motion is dispositive of the entire case or at least dispositive on the issue where discovery is sought; and (2) whether the dispositive motion can be decided absent additional discovery. *Id.* at 506.

### 2.1   The Motion to Dismiss can be decided without discovery.

Defendants will first discuss the second factor. There are no factual issues in immediate need of immediate exploration. Defendants' Motion to Dismiss can

RANDAZZA | LEGAL GROUP

be decided without discovery. While Plaintiff acknowledges that this prong needs to be considered by the Court, Plaintiff does not allege in its Opposition that it needs discovery[4] prior to the Court's ruling on the Motion to Dismiss.[5] Moreover, even if it had, it would have likely waived any right to take discovery by waiting over five months to request it. Plaintiff's failure to commence the opening of the discovery period in a timely fashion is a tacit acknowledgement that it will not be prejudiced if discovery is stayed until the Court rules upon the Motion to Dismiss. Switch waited for over six months following the removal of this case to attempt to even schedule a conference pursuant to Rule 26(f) and failed to identify any intervening facts that make discovery essential now.

### 2.2    Discovery will be significantly narrowed following a ruling on the Motion to Dismiss.

With regard to whether the Motion to Dismiss will dispose of the entire case or the issues upon which discovery is sought, Defendants acknowledge that, if their Motion is granted in full, at least some of Plaintiff's claims will probably survive. However, the Motion to Dismiss is solely concerned with issues of law that will limit and narrow the scope of discovery if the Motion is granted.

### 2.2.1   Plaintiff's misappropriation of trade secrets claims will either wholly or substantially fail.

First, Plaintiff's claims for misappropriation of trade secrets raise the question of whether Switch can accurately claim that materials covered by patent are trade secrets. It cannot. In this case, Switch describes its purported intellectual

---

[4]   The *Solida* court noted that a failure to allege in an opposition to motions to dismiss that discovery was necessary for the court to rule on them "weighs in favor of staying discovery." *Solida*, 288 F.R.D. at 21.

[5]   In Section II.C.1. of the Opposition, Plaintiff lists several alleged "facts" that Defendants allegedly do not deny, including that "they were involved in the development of Aligned's competing design center." (Opposition, at 6.) Defendants have never conceded this point in any documents that they have filed in this case or in any correspondence or conversation with Plaintiff's counsel.

RANDAZZA | LEGAL GROUP

property as trade secrets; in a related case filed in Texas, it alleges that the same intellectual property is covered by patent.  Those contentions are irreconcilable, meaning that Switch's misappropriation claims should be dismissed.

In its Opposition, Plaintiff misrepresents the nature of Defendants' Motion to Dismiss regarding the misappropriation claims.   Specifically, it states that Defendants "merely invite[ ] the court to order Plaintiff to amend its complaint." (Opposition, at 7.)  This is not the case.  Rather, the Motion to Dismiss argues that most of, if not all of, Plaintiff's misappropriation claims must fail because patents had already issued with regard to most of, if not all of, Plaintiff's purported trade secrets when Defendants allegedly disclosed them.  (*See* Motion to Dismiss, at 8-10.)  Plaintiff's failure to draft its Complaint with even a modicum of specificity has left Defendants unable to determine whether the entirety of Plaintiff's misappropriation claims will fail or whether the majority of those claims will fail.

### 2.2.2  Plaintiff's contract claims will fail with regard to at least one defendant.

Second, Plaintiff's contract claims raise the issue of whether a third party to a contract who did not sign the contract can be held liable for breach of that contract.  The clear answer is "no."  Plaintiff's contract claims will fail as to at least one Defendant, likely Mr. Fairfax, significantly narrowing the scope of discovery.

## 3.0    CONCLUSION

In this instance, it is far more just to delay the commencement of discovery until the Court rules upon the Motion to Dismiss in order to ensure the inexpensive determination of the case as dictated by Fed. R. Civ. P. 1.  Defendants respectfully request that their instant Motion be granted.

Dated: June 11, 2018.          Respectfully submitted,

/s/ Ronald D. Green
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**Randazza Legal Group, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89147

*Attorneys for Defendants*
 *Stephen Fairfax and MTechnology*

Case No. 2:17-cv-02651-GMN-VCF

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

Employee,
Randazza Legal Group, PLLC