# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVANA

\*\*\*

SWITCH, LTD.,

        Plaintiff,

vs.

STEPHEN FAIRFAX; MTECHNOLOGY,

        Defendants.

2:17-cv-02651-GMN-VCF

**ORDER**

MOTION TO STAY DISCOVERY [ECF NO. 22]

Before the Court is Defendants Stephen Fairfax and MTechnology's Motion for Temporary Stay of Discovery Until the Ruling on Defendants' Motion to Dismiss. (ECF No. 22). For the reasons discussed below, Defendants' motion to stay is denied.

## BACKGROUND

On October 12, 2017, Defendants filed a petition to remove this case from Nevada State Court. (ECF No. 1). Plaintiff alleges that Fairfax, acting as President or MTechnology, toured Plaintiff's facility and was given access to Plaintiff's designs after signing a non-disclosure agreement. (ECF No. 1-1 at 9-10, 37). Defendants allegedly used Plaintiff's confidential information in designs provided to another entity. (*Id.* at 13-14). Plaintiff has brought the following claims against Defendants: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, (4) unjust enrichment, (5) conversion, (6) misappropriation of trade secrets under 18 U.S.C. § 1836, (7) misappropriation of trade secrets under NRS 600A, and (8) misappropriation of licensable commercial properties. (*Id.* at 14-21).

1

On November 2, 2017, Defendants filed a motion to dismiss the complaint. (ECF No. 8). Defendants assert that Plaintiff have filed a case based on the same facts in another district alleging patent infringement claims, rather than trade secret infringement. (*Id.* at 2). Defendants argue that because

> [c]laims for patent infringement and trade secret infringement based upon the same set of facts cannot co-exist… Switch's trade secret misappropriation claims must be dismissed, or at least Plaintiff must specify which allegations refer to misappropriation of information that is not the subject of Plaintiff's registered patents. The tort claims must also be dismissed as duplicative of the misappropriation claims, and Mr. Fairfax must be dismissed from the contract claims, as he was not a party to the contracts at issue.

(*Id.* at 2-3). Defendants also argue that Plaintiff's contract claims fail because Defendants were under no obligation to keep information confidential once relevant patents were filed. (*Id.* at 7-8). Defendants assert that "it is impossible to determine from the Complaint what allegations are legally sufficient" because Plaintiff does not distinguish what confidential information was covered by a patent and which constituted a trade secret. (*Id.* at 8-10). The motion to dismiss is pending.

On May 20, 2018, Plaintiff contacted Defendants about holding a Federal Rule of Civil Procedure 26(f) conference. (ECF No. 22-1). In response, Defendants filed a motion to stay discovery. (ECF No. 22). Defendants argue that discovery should be stayed until the Court rules on the motion to dismiss because there is no need to conduct discovery at this time, as demonstrated by Plaintiff's delay in commencing discovery, and a stay will simplify the administration of this case. (*Id.* at 5-9). In opposition, Plaintiff argues that the motion to dismiss will not dispose of the entire case, since Plaintiff will likely be ordered by the Court to simply state its claims with greater specificity, so a stay is not warranted. (ECF No. 25 at 4-8). In its reply, "Defendants acknowledge that, if their Motion is granted in full, at least some of Plaintiff's claims will probably survive." (ECF No. 26 at 5).

# ANALYSIS

The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600-603 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* Imposing a stay of discovery pending a motion to dismiss is permissible if the court is "convinced" that the plaintiff is unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

Defendants' motion to dismiss is not dispositive of the entire case, and the Court is not convinced that Plaintiff is unable to state a claim for relief. Specifically, Defendants did not argue in their motion to dismiss that the Court should dismiss Plaintiff's breach of contract and good faith and fair dealing claims against MTechnology with prejudice. (*See* ECF No. 8 at 14-15, stating every other claims should be dismissed with prejudice, but omitting these three claims). Even if Defendants' motion to dismiss were granted in its entirety, the Court would likely order that these claims be re-pled with greater specificity by Plaintiff. The Court is not persuaded by Defendants' arguments that the scope of discovery will be

significantly simplified by the Court's ruling on the motion to dismiss. Each of Plaintiff's claims revolve around the same factual allegations. The Court is also not persuaded by Defendants' arguments regarding Plaintiff's delay in starting discovery. Granting a stay of discovery would only further delay the resolution of this case, which would benefit neither party. Therefore, discovery will not be stayed in this case pending the outcome of Defendants' motion to dismiss.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendants' Motion for Temporary Stay of Discovery Until the Ruling on Defendants' Motion to Dismiss (ECF No. 22) is DENIED.

IT IS FURTHER ORDERED that the hearing currently set for July 2, 2018 regarding this motion (ECF No. 28) is VACATED.

DATED this 25th day of June, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE