Marc J. Randazza, (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard, (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants,*
*Stephen Fairfax and MTechnology*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02651-GMN-VCF<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(First Request)**<br><br><br>Case No. 2:17-cv-02651-GMN-VCF |

Pursuant to LR IA 6-1 and LR 26-4, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend the current discovery deadlines for all parties to in the above-captioned case for a period of 90 days. In addition, the parties request that the dispositive motions and pretrial order deadlines be extended in accordance with the discovery extension as outlined in this stipulation.

In support of this Stipulation and Request, the parties state as follows:

**1.0  Discovery Completed to Date**

To date the parties have completed the following discovery:

No discovery has been completed at this time.

**2.0  Discovery Remaining to be Completed**

**2.1**   Written discovery needs to be propounded upon Defendants.

**2.2**   Written discovery needs to be propounded upon Plaintiff.

**2.3**   Depositions of the parties, possible witnesses, and experts need to be set.

**3.0  Reasons(s) Why Discovery has not been Completed**

Following the Court's order denying Defendants' Motion to Dismiss and Plaintiff's Motion for a Preliminary Injunction (Doc. No. 33), the parties engaged in, and continue to engage in, fruitful settlement negotiations, including an in-person settlement meeting in Boston, Massachusetts.  As part of these negotiations, which are ongoing, the parties discussed informal discovery that could potentially resolve or narrow the issues in this case, and decided to postpone formal discovery.  On November 6, 2018, the parties decided to resume with formal discovery, but continue to engage in settlement negotiations.

**4.0  Proposed Schedule for Completing all Remaining Discovery**

| Scheduled Event | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Expert disclosures | November 7, 2018 | **February 5, 2019** |
| Rebuttal expert disclosures | December 7, 2018 | **March 7, 2019** |
| Discovery cut-off date | January 7, 2019 | **April 8, 2019** |
| Dispositive motions | February 5, 2019 | **May 6, 2019** |
| Pretrial order | March 7, 2019 | **June 5, 2019** |

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.  In accordance with LR 26-4, all motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than 21 days before the expiration of the subject deadline.[1]  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

It is not good cause for a late request to extend discovery that the parties informally postponed discovery.  No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearings of a motion, or for trial, may be made only with approval of the Court."  *See* LR 7-1(b).

---

[1] The Scheduling Order (Doc. No. 31) specifies that stipulations or motions to modify the discovery plan "must be made not later than December 17, 2018."

**IT IS SO STIPULATED.**

Dated this 7th day of November, 2018.

| | |
|---|---|
| R<small>ANDAZZA</small> L<small>EGAL</small> G<small>ROUP</small>, PLLC | WEIDE & MILLER, LTD. |
| /s/Ronald D. Green | /s/Christopher Austin |
| Marc J. Randazza, NV Bar # 12265 | F. Christopher Austin, Esq. |
| Ronald D. Green, NV Bar # 7360 | Ryan Gile, Esq. |
| Alex J. Shepard, NV Bar # 13582 | 10655 Park Run Drive, Suite 100 |
| RANDAZZA LEGAL GROUP, PLLC | Las Vegas, Nevada 89144 |
| 2764 Lake Sahara Drive, Suite 109 | <caustin@weidemiller.com> |
| Las Vegas, NV 89117 | <rgile@weidemiller.com> |
| *Attorneys for Defendants,* | *Attorneys for Plaintiff,* |
| *Stephen Fairfax and MTechnology* | *Switch, Ltd* |

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** _____