Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**RANDAZZA LEGAL GROUP, PLLC**
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Defendants,*
*Stephen Fairfax and MTechnology*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-2651<br><br>**DEFENDANTS' REQUEST FOR A PRETRIAL CONFERENCE AND SUBMISSION OF PROPOSED PROTECTIVE ORDER** |

## DEFENDANTS' REQUEST FOR A PRETRIAL CONFERENCE AND SUBMISSION OF PROPOSED PROTECTIVE ORDER

Defendants Stephen Fairfax and MTechnology hereby request that this Court conduct a pretrial conference with respect to the parties' competing proposed Protective Orders pursuant to LR 16-2. Counsel for the parties are unable to agree upon certain provisions of the Protective Order, and Defendants have concerns regarding the ways Plaintiff intends to use documents that Defendants designate as "Highly Confidential." For this Court's convenience, Defendants' proposed Protective Order is attached hereto as **Exhibit A**.

The parties have conducted at least two meet and confer conferences (on August 23, 2019 and August 29, 2019)[1] with general counsel for Switch, Ltd. ("Switch") to attempt to resolve their dispute. (*See* Declaration of Ronald Green, at ¶ 4. Attached hereto as **Exhibit B**.) Neither conference was successful at resolving the parties' differences with respect to the language of the eventual Protective Order in this case. (*See id*. at ¶ 5.) Court intervention is required.

Regarding Defendants' concerns regarding Switch's use of documents obtained in discovery, the majority of the documents Plaintiff Switch is requesting in this litigation are sensitive documents containing the trade secrets and detailed design information of its biggest competitors. Switch has already informed Plaintiffs and their counsel that it intends to use discovery in this case for the improper purpose of "patent litigation" against at least one of those competitors. The rest of the information about other competitors appears to be an attempt to use the discovery process in lieu of industrial espionage.

---

[1] Defendants' counsel has additionally engaged in at least two discussions regarding the Protective Order with Piers Tueller, an attorney with Hutchison & Steffan that Switch has hired to interface with Defense counsel on discovery issues but will apparently not be appearing in this case. Because he has not made an appearance, Defense counsel has asserted that Mr. Tueller does not have the ability to conduct meet and confer conferences as required by this Court's rules.

Switch should not be permitted to use discovery in this case to either fish for claims against third parties or to simply gain trade secrets that it could not otherwise obtain.

Switch additionally insisted upon editing the categories of documents that Defendants may choose to designate as "Highly Confidential." Among the documents that Switch insists Defendants cannot designate as "Highly Confidential" are documents that Defendants created or received pursuant to non-disclosure agreements. Again, many of these documents relate to Switch's primary competitors, and Defendants are convinced (by Switch's own words) that Switch intends to use them for improper purposes not related to this litigation.

Switch has not been shy about its intent to use documents obtained in discovery in this case against its competitors. It refused to include language in the Protective Order that the parties are not allowed to use "Confidential" or "Highly Confidential" material "to compete with the other Party or any third party" or "to damage a Party's relationship with any third party" or "to gain a competitive advantage over the other Party… or any third party." (*See* Defendants' Proposed Protective Order, attached as Exhibit A.) Moreover, the draft Protective Order it submitted to this Court openly acknowledges that Switch is using this case to obtain information about Aligned Data Centers, one of its primary competitors – which is not a party to this litigation.  Switch previously filed suit against Aligned Data Centers in the U.S. District Court for the Eastern District of Texas. That action was dismissed with prejudice, leaving this suit as Switch's only way to obtain information about Aligned's data centers – but with its claims dismissed with prejudice, it is unclear why Switch would even *logically* be able to defend its desire to delve into Aligned's trade secrets.  It most cannot justify this *legally*.

During a meet and confer conference held between Sam Castor, counsel for Switch, and Marc Randazza and Ronald Green, counsel for Defendants, on

1  August 29, 2019, Mr. Castor said on two separate occasions that Switch needed
2  discovery in this case to "substantiate" its "anticipated claims" ef against Aligned.
3  (*See id.* at ¶ 6.) When Defense counsel informed him that it was improper for him
4  to use discovery in this case to target third parties, Mr. Castor attempted to justify
5  Switch's intentions by misrepresenting that Switch had dismissed its claims against
6  Aligned <u>without</u> prejudice and that it was refiling its suit against Aligned shortly.
7  (*See id.* at ¶ 7.) In fact, all of the claims in that case were dismissed <u>with</u> prejudice.
8  (*See* Order dismissing Case No. 2:17-CV-574-JRG, attached as **Exhibit C**.)

9  In any event, if Switch wishes to sue Aligned (or any other party) the way
10 to do that is to sue that third party and seek discovery in that action.  Federal
11 claims against Defendants are not to be used as a quasi "pure bill of discovery"
12 action against another party.  However, the fact that Switch is admitting to this
13 abuse of process seems to illuminate the reason that this action was filed in the
14 first place.  This is ostensibly a trade secret case – yet after nearly two years since
15 the filing of this case, Defendants have yet to learn precisely what trade secrets
16 were allegedly misappropriated.

17 LR 16-2 permits any party to request a pre-trial conference to expedite
18 disposition of any case. Here, the parties have been discussing the language of
19 a Protective Order for approximately two months. With a deadline for expert
20 discovery approaching in October of 2019, the parties need to resolve this issue,
21 and Defendants request that they be given the opportunity to discuss their issues
22 with Switch's proposed Protective Order prior to the Court's ruling upon which of
23 the competing Protective Orders will control discovery in this case.

24 Dated: September 3, 2019.            Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**RANDAZZA LEGAL GROUP, PLLC**
4035 S. El Capitan Way
Las Vegas, NV 89147

*Attorneys for Defendants*
*Stephen Fairfax and MTechnology*

Case No. 2:17-cv-2651

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via electronic mail and U.S. Mail to the attorneys listed below:

Anne-Marie Birk, Esq.
Samuel Castor, Esq.
**Switch, Ltd.**
7135 S. Decatur Blvd.
Las Vegas, NV 89118
sam@switch.com
scastor@switchlv.com
abirk@switch.com

F. Christopher Austin, Esq.
**Weide & Miller, Ltd.**
10655 W. Park Run Drive, Suite 100
Las Vegas, NV 89144
caustin@weidemiller.com

*Attorney for Plaintiff, Switch, Ltd.*

Respectfully Submitted,

Crystal Sabala
Employee,
Randazza Legal Group, PLLC