INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 2



Samuel Castor (11532)
Anne-Marie Birk (12330)
SWITCH, LTD.
7135 South Decatur Blvd.
Las Vegas, Nevada 89118
Telephone: (702) 444-4111
sam@switch.com
abirk@switch.com

Mark A. Hutchison (4639)
Jacob A. Reynolds (10199)
Piers R. Tueller (14633)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Fax: (702) 385-2086
mhutchison@hutchlegal.com
jreynolds@hutchlegal.com
ptueller@hutchlegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company, | CASE NO. 2:17-cv-02651-GMN-EJY |
| Plaintiff, | **DECLARATION OF SAMUEL CASTOR** |
| vs. | |
| STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, | |
| Defendants. | |

I, Samuel Castor, under penalty of perjury, hereby declare as follows:

1. I am Deputy General Counsel and Executive Vice President of Policy for Switch in the above-referenced matter.

2. I am over the age of 18 and I make the statements in this declaration pursuant to

1

my own first-hand knowledge and would be competent to testify to the statements made therein.

3. Switch first met with Defendants to discuss e-discovery issues on August 28, 2018. As discovery can be time-consuming and contentious process, myself and Anne-Marie Birk, went to Boston Massachusetts to meet with Defendants to determine if accelerated e-discovery could be negotiated.

4. Switch offered to pay for a third-party vendor to conduct the collection of e-discovery, in exchange for what Switch understood would be accelerated and unfettered access to Defendants electronic data.

5. Defendants agreed to the expedited discovery.

6. However, after abnormal obstacles and significant delays by Defendants, I confronted Defendant Fairfax's abuse of Switch's good faith offer and efforts on July 19, 2019.

7. At this point in time, Defendants' counsel had not asked for or scheduled a meet and confer about a protective order.

8. Even though Defendants had effectively ignored Switch's concerns as to the lack of production of e-discovery and written discovery and instead insisted on addressing a protective order, Switch agreed to engage in the process of negotiating a protective order. Switch engaged in the negotiations, zealously advocating for its position but willing to compromise.

9. After contentious, yet productive communications, Defendants preemptively avoided any effort to definitively finalize negotiation of the final outstanding term in dispute in the protective order. Rather, Defendants rushed to the Court to file their Request.

10. At the time Defendants filed the Request I believed that we were still in negotiations and the meet and confer process had not concluded.

11. During the August 29th meet-and-confer conference, the parties discussed our concerns and the relevant language in the protective order. Defendants' counsel suggested that

2

although they did not agree with Switch's proposed language, Switch could issue a subpoena in any separate lawsuit to obtain access to the relevant documents.

12. Had the Defendants not filed the Request, I believe that this solution, offered by the Defendants, would likely have resolved the dispute between the parties on the one issue remaining as the source of the parties' disagreement concerning the language of the protective order.

13. While discussing the protective order terms, both parties discussed the possibility of filing separate protective orders but continued to work together as they were still making progress and compromising. Nevertheless, on September 3, 2019, Defendants choose to preemptively, prematurely, and unilaterally terminate the parties' final negotiations over the one remaining term in the proposed protective order. Then, with little warning, Defendant's submitted their Request to the Court.

14. I was clear back in August of 2018, when I met with Mr. Fairfax and his counsel, that I was pursuing this lawsuit independent of the lawsuit in Texas; *and* that the information would be relevant in the Texas lawsuit because of the *TC Heartland* case. This lawsuit is about breach of contract and trade secret misappropriation. The Texas lawsuit was about patents. These subjects were openly discussed in my first meeting with Mr. Fairfax. Mr. Fairfax raised no concern then (over a year ago) about industrial espionage or abuse of process. Any concerns raised now are merely diversionary tactics to avoid focus on Mr. Fairfax's complete lack of production of any documents in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of September, 2019.

    /s/ Samuel Castor
Samuel Castor, Esq.