INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 4





July 19, 2019

*Via Electronic Mail*
rdg@randazza.com
ecf@randazza.com

Ronald D. Green, Esq.
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

      **Re:** **Switch, Ltd. v. Stephen Fairfax, et al.**
            **USDC Case No. 2:17-cv-02651-GMN-VCF**

Dear Mr. Green:

    This letter is written in response to (1) Defendant MTechnology's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents; and (2) Defendant Stephen Fairfax's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents. We are hereby requesting your availability to meet and confer as required under Fed. R. Civ. P. 37(a)(1) and LR IA 1-3(f). Upon review, we find that Defendants' responses are in many ways insufficient, as described below. We further believe the lack of response or production of the requested items is an attempt to delay this matter further. As such, please advise when you are available to meet and confer. If we do not reach agreement on these issues, we will have no other alternative than to seek relief from the Court.

**I.**    **Applicable Law**

    The Federal law does not allow an answering party to avoid responding to a request on the basis that the question is overbroad, unduly burdensome, or not proportional to the needs of the case.

> [S]tating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing. *See, Fischer v. Forrest*, 2017 WL 773694. This requires 'the party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.' *See, Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014). Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate. *See, McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990).



Additionally, the overbroad and unduly burdensome objections violate the specificity requirement under Fed. R. Civ. P. 34(b)(2), which states:

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state **with specificity the grounds for objecting** to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

*Id*. Emphasis added.

The word "specificity" in the Rule precludes the use of general objections. On the contrary, "[o]bjections to interrogatories and requests for production of documents must be stated with specificity…. General blanket objections do not meet these specificity requirements and will be disregarded by this court." *See, Sagness v. Duplechin*, 2017 WL 1183988, at *2.

Fed. R. Civ. P. 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: **Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy**, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id*. Emphasis added.

Simply stating that a request is "not proportional to the needs of the case," without further specificity is insufficient and a boilerplate objection. *See, Gibson v. SDCC*, No. 2:13-cv-01379-RFB-PAL, 2016 U.S. Dist. LEXIS 25810 (D. Nev. Mar. 2, 2016). "Boilerplate and generalized objections are inadequate and tantamount to **no objection at all**." *Partner Weekly, LLC v. Viable Mktg. Corp.*, No. 2:09-cv-2120-PMP-VCF, 2014 U.S. Dist. LEXIS 54401 (D. Nev. Apr. 17, 2014) (citing *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal.1999)).

*Id.* Emphasis added.



**II.    Under the above authority, Defendants' Responses and Objections to Plaintiff's First Sets of Requests for Production of Documents were insufficient and all objections were waived.**

Given your boilerplate objections, non-responsiveness, complete lack of production, and the nearly year duration we have afforded your client to respond, your ultimate responses waived all objections to all requests.  In addition to this general waiver, we highlight the following specific deficiencies.

Stephen Fairfax's Response to No. 11 and MTechnology's Responses to Request Nos. 1, 2, 4, 5, 6, 7, 8, 10, 14, 15, 18, 20, 23, 24, 31, 32, 33, 34, 35, 37, 38, 39, 40, and 42, are all insufficient as the same boilerplate objections are asserted in each one:

> Objection. This request is overbroad, unduly burdensome, *and is not proportional to the needs of the case*.
> . . .
> Read literally, the request seeks all documents about either entity created in the past 8 years by anyone anywhere in the world, including third-party social media posts on subjects completely unrelated to this litigation. The request seeks an extremely large number of documents and searching for, reviewing, and producing all responsive documents would take an absurd number of man hours. This request seeks proprietary, confidential, and trade secret information that will not be produced until an adequate protective order is on file in this matter. This request seeks information MTech cannot disclose due to contractual obligations with third parties.

(Emphasis added). This blanket response is insufficient under *Fischer* and *Heller*, because you have not shown, as required, how the request is overly broad and why it is burdensome. The response is further insufficient under Fed. R. Civ. P. 26(b)(1), because it uses proportionality "to the needs of the case" as the standard. As you know, Plaintiff alleges in its Complaint that Defendants participated in unlawful activities and deceptive trade acts for the benefit of Aligned Data Centers, and other direct competitors mentioned in the Requests, by sharing confidential information regarding its data center facility operations. As such, the information being sought is, in fact, relevant to Plaintiff's claims and proportional to the needs of the case. It is also "proportional" in scope, given the clear language in the Complaint.

Furthermore, in Responses to Request Nos. 1, 5, 6, 24, 25, 33, 34, 35, 36, 39, 40, 41, 42, 43, 44, and 45, Stephen Fairfax goes on to state, "This request is an abuse of the discovery process and shows an attempt by Switch to use this litigation to obtain confidential information regarding direct competitors." MTechnology mirrors this statement in its Response Nos. 1, 4, 23, 24, 31, 32, 33, 37, 38, 39, 40, 41, and 42



This is not a proper objection. Additionally, you have failed to provide any response. Your client has clearly stated and continues to state, in public marketing materials, that he was personally, directly, and intimately involved in the "blank page" development of the Aligned Data Center. Switch is entitled to all information that Fairfax and MTechnology possesses, regarding these requests, at a minimum to quantify to the benefit a third party like Aligned, received from Mr. Fairfax's misappropriation of Switch's intellectual property. Again, given your boilerplate objections, non-responsiveness, complete lack of production, and the nearly year duration we have afforded your client to respond, you have waived all objections to all requests. In addition to this general waiver, we highlight the following specific deficiencies.

Requests No. 1, 4, 5, 6, 8, 10, 14, 15, 18, 20, 23, 24, 31, 32, 33, 35, and 42, state that "[t]he request seeks an extremely large number of documents and searching for, reviewing, and producing all responsive documents would take an absurd number of man hours."

Again, this is not a proper objection. The cost of discovery is not a legitimate objection to conducting the search and producing responses. Additionally, Switch flew out to Boston and sat down with your client, to discuss ways to expedite the discovery process, and Switch even offered to pay for the costs. Switch even offered to pay a third-party provider to conduct the discovery. You and Fairfax abused these good faith efforts to facilitate rapid, lower cost discovery. You and your client intentionally blocked the third party's access to the data and evidence, and then your client insisted to the third party e-discovery provider, that Switch was paying for, that the data was no longer accessible. Any concern with cost or burden has been exponentially hemorrhaged and compounded by your and Fairfax's delay.

The parties in this matter are currently in the process of finalizing the terms of a protective order and Switch is preparing an ESI Order. As such, Plaintiff requests that Defendants supplement their responses pursuant to Fed. R. Civ. P. 26(e), upon finalization of each order. Defendants' failure to provide a single document is most telling.

**Until then, we insist you immediately supplement your responses and provide all responsive documents. You have waived your objections and delayed this process, obfuscated evidence, for far too long as is.**

Therefore, we seek to promptly meet and confer within the next five (5) to seven (7) days to discuss each of these requests, and the rest of your responses, in detail, to avoid court intervention. Please provide dates on which you can meet and confer within this time frame. It is our hope that we can resolve the above issues promptly and amicably. Your client has taken far too long to respond to Switch's requests, and we view the delay as evidence of their destruction or deletion of the responsive data.



If we do not receive a response and supplements by August 5th, we will seek a motion to compel. Any delay or refusal to meet and confer with us will be used as evidence in the Motion.

Awaiting your response,

Samuel Castor
Deputy General Counsel
EVP of Policy