INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 6



HUTCHISON & STEFFEN

A PROFESSIONAL LLC



Marc J. Randazza, JD, MAMC, LLM
Licensed in AZ, CA, FL, MA, NV

4 September 2019

<u>Via Email Only</u>

Sam Castor
SWITCH, LTD
<sam@switch.com>

  *Re:*  **MTechnology adv. Switch, Ltd.**

Dear Sam:

After we filed our Request for Pre-Trial Conference yesterday, you sent an email inquiring as to whether MTechnology ("MTech") and Stephen Fairfax would agree to include language in the Protective Order stating that they would "preserve a copy of all information searched and produced, for subpoena in other matters related to this matter." Ron and I have discussed your email with our clients. We cannot accept it.

On multiple occasions, you have informed us that MTech and Stephen Fairfax are not the "true targets" of this case. As you have repeatedly stated, Switch's "true target" is Aligned Data Centers. During our most recent phone call, when I raised this, you informed me that your client had sued Aligned in Texas federal court. During that litigation, you never subpoenaed our clients. When you raised that litigation in conversation, we reminded you that Switch dismissed its suit against Aligned. You responded that Switch dismissed the Aligned lawsuit <u>without prejudice</u>. I will give you the benefit of the doubt and assume that you were merely mistaken, but Aligned was dismissed with prejudice.

You then explained, at length, your position that you could not sue my clients and Aligned in the same action because of "the new patent rules." You may recall that you expressed a presumption that I understood – and I confessed that I did not. I remain unable to understand what your client is doing, getting at, aiming to do, or why it is doing it.

I do have a theory, however: Perhaps Switch did sue MTech and Mr. Fairfax seeking some tangential advantage in its litigation with Aligned. Then, the Aligned matter ended (with prejudice), leaving your client with two motivations to keep this litigation ongoing. First, your client wishes to dig into Aligned's affairs to vindicate its disappointment in the outcome. Second, your client having now invested all this time into this case, feels committed to it.

I remind you, yet again, that despite this being a trade secret case, your client has still declined to tell ours **which trade secrets** are at issue. In fact, it appears that your promise to reveal those trade secrets prior to commencement of informal electronic discovery may have ultimately been what derailed that process. Despite this case being almost exactly two years old, that key issue remains a mystery to us.

Your current proposal lends credence to the above theories – and furthers our belief that this litigation is one long, expensive, and improper abuse of process. We believe that even

MTechnology adv. Switch, Ltd
Page 2 of 2



if we, hypothetically, were to agree to your suggested language, the Court would see through the charade and would reject the language. If we were to agree, this would purport to give this Court jurisdiction over discovery disputes in separate litigation in another state or federal court. Additionally, the phrase "other matters related to this matter" is incredibly broad and vague and, conceivably, not even limited to separate litigation filed by Switch.

To be clear, we would not agree to this language even if we were not concerned about Switch's motivations. However, you have all but admitted that Switch is using this litigation to obtain sensitive information about its competitors and to "substantiate" claims that it wishes to file against third parties. Strangely enough, the only party you have identified as within your crosshairs is one where your client has already dismissed its claims with prejudice.

Due to these admissions, MTech is working to ensure that Switch does not misuse documents that Defendants produce in this litigation. We cannot agree to the language you proposed.

Finally, we considered not addressing the accusations of delay in the opening of your email. At this point, they are barely worth a response. They are untrue, irrelevant, and doing nothing to move this matter forward. However, you have not backed away from this position and apparently intend to bring it up to the Court. As such, we will be prepared, with documentary evidence, to refute any allegations that you make regarding our conduct and the conduct of our clients throughout this lawsuit.

Sincerely,

Marc J. Randazza

cc:     Anne-Marie Birk; Piers Tueller; Ron Green; Client (via separate email)