# EXHIBIT H

May 23, 2019 Letter form Ronald Green to Anne-Marie Birk



**Ronald D. Green**
*Partner*
Licensed in NV

**23 May 2019**

<u>Via Email Only</u>

Anne-Marie Birk
Associate General Counsel
Switch, Ltd.
<abirk@switch.com>

> ***Re:*** ***MTechnology adv. Switch, Ltd.*** **| Stay and Discovery**

Dear Anne-Marie:

I am in receipt of your email dated May 22, 2019 and am responding to some of the misstatements contained in it. First and foremost, you state that Switch, Ltd. ("Switch") served MTechnology ("MTech") and Stephen Fairfax with written discovery in March of 2018. As you should be aware, discovery had not yet commenced in March of 2018. In fact, the parties did not hold an early case conference for several months after your defective service of written discovery.

Moreover, while premature discovery is often deemed to have been served at the early case conference, the parties agreed in writing on July 23, 2018 that they would not serve discovery upon each other until after their informal meeting in Boston. Switch never served discovery upon my clients after that meeting or before this case was stayed. The stay in this matter expires at 11:59 p.m. on May 24, 2019, and due to the holiday, the first business day following May 24 is Tuesday, May 28, 2019.

Given your team's clearly extensive litigation experience and several prior exchanges that we have had regarding this very issue, you should know that you have no basis upon which to demand that my clients respond to your discovery requests by May 31, 2019.   We will respond as required by the Federal Rules of Civil Procedure.

Moreover, while I do not think it is necessarily useful to trade blame on the apparent failure of the parties' attempted informal e-discovery, I do need to respond to a few of the incorrect allegations made in your email. First, you allege that the process failed because my clients refused to allow Switch to see any documents. However, your outside counsel agreed to move forward with that arrangement. We were not proceeding unilaterally with the understanding that only outside counsel would be permitted to view the produced documents.

I additionally informed Mr. Austin on May 10, 2019, and again on May 16, 2019, that my client had backed far enough away from that position that I thought it would be useful for the parties to speak with each other as proposed by Mr. Austin. We were not "abusing [your] trust and professionalism." We were engaged in good faith negotiations and attempting to reach a mutual agreement.



Your email improperly lays all of the blame for how long this process has taken at our feet. While I agree that this process has taken far longer than I wanted it to, Switch has failed to meet any of the prerequisites for document collection to commence. Despite repeated promises, we never received a document laying out the trade secrets my clients allegedly misappropriated. Moreover, the only proposed keyword list we received was woefully incomplete and partially incomprehensible.

Switch represented to me and to the Court, in a Joint Status Report, that my clients would receive the trade secret list and a comprehensive proposed keyword list during the week of May 6, 2019. That date came and went with no explanation. And when I sent an email inquiring as to the status of those documents on May 10, 2019, I received no reply.

It is regrettable that the parties were not able to mutually agree upon an informal e-discovery protocol. Nevertheless, given that Switch is not amenable to any further discussion regarding e-discovery, we will proceed with the litigation.

Sincerely,

Ronald D. Green

cc:     Marc Randazza (via email); Chris Austin (via email); Stephen Fairfax (via separate email)