# **EXHIBIT L**

April 29, 2019 Letter from Ronald Green to Christopher Austin



Ronald D. Green
*Partner*
Licensed in NV

*Settlement Privileged Communication*

**29 April 2019**

Via Email Only

F. Christopher Austin
WEIDE & MILLER, LTD.
<caustin@weidemiller.com>

   Re:  **MTechnology, et al. adv. Switch, Ltd.**

Dear Chris:

I have discussed your recent proposed changes to the parameters of the e-discovery plan. The most significant, of course, is your new assertion this week that you should be able to review the documents simultaneously with me. Since the parties first began discussing informal e-discovery last August, we had always agreed that I would take a pass through the documents before you reviewed them.

This is a significant revision of the parties' prior understanding and oral agreement. Nevertheless, we are willing to make that concession, so long as you are prepared to make some as well. Specifically, we will need to limit the search and your review solely to Aligned documents generated after May 4, 2011 that match one or more of the agreed-upon keywords. Throughout e-discovery negotiations, you have insisted that, if we were engaging in court-sanctioned discovery, you would be entitled to comb over each and every business record of my client. While I think we both realize that is not true, we demonstrated willingness to allow you access to view more of my clients' business records than you would be entitled to view in formal discovery in the interest of resolving this dispute. If you do not let me review the documents before you see them, MTech and Mr. Fairfax are no longer willing to make that concession.

You have additionally asked whether we would permit you to hire a consultant, essentially an expert, to explain documents to you that you might not have the technical knowledge to understand. I informed you that I had no objection. My clients have no objection either and confirm that you likely will need a technical expert to explain many of the documents to you.

However, we need to be able to vet and retain veto authority over the expert you wish to retain. As I have previously expressed, we need to ensure that the expert is not affiliated with Switch in any way. Mr. Fairfax additionally needs to ensure that the expert is not someone in his industry known for developing opinions that will please the person compensating them, regardless of whether that opinion is accurate or defensible. Of course, the expert must agree to be bound by the Non-Disclosure Agreement ("NDA").

Moreover, my clients will insist upon there being an effective penalty to act as a deterrent to any breaches by the expert. We believe a liquidated damages provision should be

MTechnology adv. Switch, Ltd.
Page 2 of 2



added to the NDA in an amount per violation or breach that will ensure the expert will take all steps necessary to prevent such violations or breaches. We suggest that $25,000 per breach or violation may be sufficient. We are, of course, not applying a liquidated damages penalty to you because: (1) I know you and trust you; and (2) you have obligations under the rules of professional responsibility that likely will not apply to your expert.

Finally, thank you for representing to me that MTech and Mr. Fairfax will have a proposed keyword list and a list of the trade secrets my clients allegedly misappropriated prior to your vacation departure on May 8, 2019. We will ensure that we have comments on the draft keyword list before you return.

Sincerely,

Ronald D. Green

cc:   Marc J. Randazza; Stephen Fairfax (via separate email)