Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants*
*Stephen Fairfax and MTechnology*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN FAIRFAX; MTECHNOLOGY; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive, <br><br> Defendants. | Case No.: 2:17-cv-02651-GMN-EJY <br><br> **DECLARATION OF RONALD D. GREEN IN SUPPORT OF REPLY IN SUPPORT OF REQUEST FOR PRETRIAL CONFERENCE** |

I, Ronald D. Green, Jr., under penalty of perjury, hereby declare as follows:

1. I am a partner at the law firm Randazza Legal Group, PLLC and counsel for Defendants MTechnology ("MTech") and Stephen Fairfax in the above-referenced matter.

2. I am over the age of 18 and I make the statements in this declaration pursuant to my own first-hand knowledge and would be competent to testify to the statements made therein.

3. While negotiating the language of a protective order, it was apparent that Switch, Ltd. ("Switch") would not agree to one that did not allow it to use highly sensitive documents about its competitors outside of this litigation, and I believe that Switch continued to demand meet and confer discussions to avoid explaining its intentions to the Court.

4. I spoke with Piers Tueller of Hutchison & Steffan about the proposed protective order in this case on July 31, 2019, prior to his appearance in this litigation with the Court.

5. On August 23, 2019, I spoke with Sam Castor about the language of the proposed protective order for the first time. While Mr. Castor and I could not agree on the language of the protective order, he did not submit his proposed protective order to the Court, despite insisting he would do so.

6. On August 29, 2019, Marc Randazza and I spoke with Sam Castor and Piers Tueller at Mr. Castor's request. Specifically, Mr. Castor requested the conference so that the parties could discuss mutually acceptable language. However, during the call, Mr. Castor was uninterested in negotiating mutually acceptable language. Instead, he demanded that Defendants accept Switch's proposed protective order draft.

7. During meet and confer calls regarding the protective order, Sam Castor, for Switch represented several times that Switch was going to use this case to obtain discoverable information to sue Aligned Data Centers ("Aligned").

8. Despite repeated promises to do so, Switch has never provided Defendants with a list of the trade secrets they allegedly misappropriated.

9. When discussing the keyword list provided by Switch in April of 2019, Christopher Austin explained to me that Switch's in-house lawyers were not focused on this case and had not reviewed the proposed keyword list before it was transmitted to me. Switch never provided Defendants with a keyword list that had been reviewed and approved by Switch's in-house lawyers.

…
…
…
…
…
…

10. When OpenText asked to speak with Stephen Fairfax about data collection, I informed its representatives and counsel for Switch that Mr. Fairfax could not intelligently discuss those issues without a competent list of keywords and allegedly misappropriated trade secrets. While those were never provided, I moved forward with negotiation of the e-discovery protocol, including by providing OpenText with answers to questions that it asked Mr. Fairfax during a telephone call between OpenText, Switch's attorney, and me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  24th day of September, 2019.

/s/ Ronald D. Green
Ronald D. Green.