Samuel Castor (11532)
Anne-Marie Birk (12330)
SWITCH, LTD.
7135 South Decatur Blvd.
Las Vegas, Nevada 89118
Telephone: (702) 444-4111
sam@switch.com
abirk@switch.com

Mark A. Hutchison (4639)
Jacob A. Reynolds (10199)
Piers R. Tueller (14633)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Fax: (702) 385-2086
mhutchison@hutchlegal.com
jreynolds@hutchlegal.com
ptueller@hutchlegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company, | CASE NO. 2:17-cv-02651-GMN-EJY |
| Plaintiff, | **SWITCH, LTD.'S MOTION TO EXTEND DEADLINES FOR DISCLOSURE OF EXPERTS AND EXPERT REPORTS** |
| vs. | |
| STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, | **(FIRST REQUEST)** |
| Defendants. | |

Plaintiff SWITCH, LTD. ("Switch") hereby moves to extend the deadlines set by the parties' Stipulated Amended Discovery Plan and Scheduling Order in compliance with FRCP 6, LR 26, and LR IA 6-1 as follows:

///

1

## 1. Introduction.

Despite the fact that discovery in this case has been ongoing for several years, Defendants have yet to produce a single document. Switch has therefore been unable to provide any documentary evidence from Defendants to its experts in order to prove its claims. Defendants have expressly stated that their reason for this lack of document production is the fact that there is currently no protective order in place in this litigation.[1] Apparently, Defendants await this Court's ruling on its Request filed September 2, 2019. Regardless of the reason, this complete lack of document production from Defendants should not be rewarded by prejudicing Plaintiffs' ability to provide an expert opinion. Accordingly, good cause exists to extend the expert disclosure and response deadlines from the parties' Stipulated Amended Discovery Plan and Scheduling Order.[2]

In addition to the lack of document production from Defendants, Switch also retained new outside counsel just 23 days prior to the expert disclosure deadline. Switch's new counsel has identified the impracticability of disclosing experts when defendants have refused to produce any documents or other evidence. Switch's new counsel makes this Motion on learning of the need for the extension time to secure these documents and evidence and to thereafter disclose experts.

## 2. Factual and Procedural Background.

Plaintiff brought this action after learning that Defendants had violated their nondisclosure agreements with Plaintiffs to participate in the development of a competing data center.[3] Defendants' disclosures prior to the publication of any patents of Plaintiff gave the competing data center an unlawful strategic advantage permitting it to utilize Plaintiff's technology and unfairly solicit and secure Plaintiffs customers and prospective customers.[4] Once the patents issued, Switch brought a patent infringement action against that competing data center (Aligned Data Centers) in in the Eastern District of Texas.[5] Switch also attempted

---

[1] *See* Defendants' Responses to Switch's First Sets of Requests for Production, attached as Exhibit 1.
[2] Stip. and Order (Dkt. No. 45).
[3] *See, e.g.* Complaint (Dkt. No.1-1), Motion for Preliminary Injunction, Statement of Facts (Dkt. No.7).
[4] *Id.*
[5] *See* Complaint (Dkt. No.1-1).

2

to include Defendants in that action, but that court lacked personal jurisdiction which Defendants would not waive, requiring Switch to bring the instant lawsuit in this District.

The lawsuit has been stymied time and again by Defendants' unwillingness to cooperate in discovery. Upon the filing of the lawsuit Defendants moved to stay discovery on the basis that there was a pending motion to dismiss.[6] That motion was eventually denied.[7] The parties then jointly moved for a stay of the case in order to engage in informal discovery in an attempt to resolve the case without judicial intervention.[8] On March 19, 2018, Switch served each of the Defendants with a set of Requests for Production of Documents.[9] More than one year later, on June 27, 2019, Defendants each provided written responses, but failed to actually produce a single document in response to Switch's requests.[10] Defendants stated in their responses that this was due to the lack of a protective order in the case.[11] However, Defendants have refused to agree to the proposed protective orders provided by Switch.[12] At the time of this Motion, (1) a request from Defendants is currently pending before this Court which would finalize a protective order[13], and (2) Defendants have yet to produce any documents, either affirmatively in their disclosures or in response to Switch's written discovery requests.

On September 17, 2019, Switch's new counsel, Hutchison & Steffen, PLLC, made its appearance in this case.[14] However, it has become apparent that due to the absolute lack of documentary productions by Defendants, Switch would not be able to produce an expert report in a timely manner under the parties' Stipulated Amended Discovery Plan and Scheduling Order. As such, Switch's counsel reached out to Defendants' counsel to discuss the possibility of an extension, as described below.

It is well established in this District that prior to seeking court intervention parties must meet and confer. *See* LR 26-7(c) (Discovery motions will not be considered unless the movant

---

[6] *See* Declaration of Piers Tueller, attached as Exhibit 2, at ¶ 3; *See also* Dkt. No. 22.
[7] Tueller Declaration at ¶ 3; *See also* Dkt. No. 29.
[8] *See* Dkt. No. 37.
[9] Attached as Exhibit 3.
[10] *See* Exhibit 1.
[11] *Id.*
[12] Tueller Declaration at ¶ 7.
[13] Dkt. No. 48.
[14] *See* Notice of Appearance (Dkt. No. 50).

(1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f)[15] before filing the motion); *see also ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) (parties must personally engage in two-way communication to meaningfully discuss the discovery dispute in a genuine effort to avoid judicial intervention).

On October 10, 2019, at approximately 3:15pm Switch's counsel called Ronald D. Green, counsel for Defendants to address the filing of the Joint Interim Status Report and the deadline for the disclosures of experts and expert reports.[16] Switch's counsel had only recently been retained in this matter, filing a Notice of Appearance on September 17, 2019.[17] In that call, Switch's counsel requested that the deadline to disclose experts and expert reports be extended until 60 days after the close of discovery.[18] Mr. Green stated that Defendants were going to disclose their expert and produce their expert report that afternoon and he would have to talk with his clients before agreeing to a deadline extension.[19] After the call, Switch's counsel sent an additional email to Mr. Green attempting to address the extension by including applicable language in the Joint Interim Status Report.[20]

Approximately one hour later Plaintiff counsel again called Mr. Green to meet and confer on the deadline to disclose experts and expert reports stating that because the deadline for the disclosure was October 10, 2019 and because Mr. Green would be unable to consult with his clients until after the deadline had passed, Switch was going to need to file a motion to extend the relevant discovery deadlines.[21] Subsequently, Defendants served their Initial Disclosure of Expert Witness and an expert report at 5:34pm.[22]

---

[15] LR IA 1-3(f) Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.
[16] Declaration of Piers R. Tueller, attached as Exhibit 3, at ¶ 10.
[17] *See* Notice of Appearance (Doc. # 50).
[18] Tueller Declaration at ¶ 11.
[19] *Id*. at ¶ 12.
[20] *Id*. at ¶ 13.
[21] *Id*. at ¶ 14.
[22] *Id*. at ¶ 15.

4

Although expedited, this meet and confer process by the parties was made in good faith.[23] Switch desired an amicable resolution but time constraints made it impossible to delay the filing of this Motion.[24]

**3.      Legal Standard**

Federal Rule of Civil Procedure 6(b)(1) states that, "When an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect."

Similarly, Local Rule 26-4 requires that "[a] motion or stipulation to extend any date … must … be supported by a showing of good cause for the extension." The motion must also "be received by the court no later than 21 days before the expiration of the subject deadline," though "[a] request made within 21 days of the subject deadline" can be made, but "must be supported by a showing of good cause … [and] that the failure to act was the result of excusable neglect."

Additionally, "[a] motion or stipulation to extend a discovery deadline or to reopen discovery must include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery."

Finally, Local Rule IA 6-1 requires that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted."

///
///
///

---

[23] *Id.* at ¶ 16.
[24] *Id.*

5

**4.    Legal Argument.**

   *A. Switch requests that the current deadlines for the disclosure of experts and expert reports, and the disclosure of rebuttal experts and rebuttal expert reports, be extended.*

The currently-scheduled deadline for the disclosure of experts and expert reports is October 10, 2019.  The deadline for the disclosure of rebuttal experts and rebuttal expert reports is November 8, 2019.  However, based on the arguments set forth in sections 4A and 4B, below, Switch requests that the Court extend the deadline for the disclosure of expert and expert reports from October 10, 2019 to 60 days after the close of discovery, which is currently scheduled for December 9, 2019.  Thus, the new deadline for the disclosure of experts and expert reports would be February 7, 2020.  Switch also requests that the Court similarly extend the deadline for the disclosure of rebuttal experts and rebuttal expert reports from November 8, 2019 to March 6, 2020.  Finally, Switch requests that the Dispositive Motion deadline also be moved from January 8, 2020 to May 5, 2020.

This is the first time that either party in this case has requested that these deadlines be moved independently of the other dates included in the scheduling order.  However, all discovery dates have been moved twice in the past upon a stipulation by the parties to the same.  They have also been moved once following Switch's unopposed motion to extend discovery deadlines.

   *B. Good cause exists to extend the expert disclosure deadlines because Defendants have not produced any documents.*

"The good cause inquiry focuses primarily on the movant's diligence.  Good cause to extend a discovery deadline exists if it cannot reasonably be met despite the diligence of the party seeking the extension."[25]  "Although the existence or degree of prejudice to the party opposing the modification [of the pretrial schedule] might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."[26]

---

[25] *Derosa v. Blood Sys., Inc.*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1 (D. Nev. Aug. 1, 2013) (internal citations omitted).
[26] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)

Here, because Switch has not received any documents from Defendants it has been impossible for Switch to provide information to its experts that might support its claims. Thus, the evaluation of the issues and preparation of a comprehensive report by Switch's experts has been impossible, and the relevant deadline "cannot reasonably be met." Switch propounded Requests for Production of Documents on Defendants Fairfax and MTech on March 19, 2018.[27] On June 27, 2018 Fairfax and MTech served their responses on Switch. However in response to Switch's requests, *neither Defendant produced any documents*. In twenty-seven out of forty-two responses, MTech objected and stated, "[t]his request seeks proprietary, confidential, and trade secret information that *will not be produced* until an adequate protective order is on file in this matter."[28] Moreover, on twenty-eight out of forty-five responses Fairfax similarly objected, stating that "[t]his request seeks proprietary, confidential, and trade secret information that *will not be produced* until an adequate protective order is on file in this matter."[29]

On July 19, 2019, Switch sent a meet-and-confer letter to Defendants' counsel flagging inappropriate objections and the complete lack of production of any documents in response to outstanding discovery requests.[30] In a July 24, 2019 letter Defendants' counsel informed Switch that Defendants did not intend to produce *any* documents or written discovery until a protective order had been entered by the Court.[31] On July 31, 2019, in response to ongoing communication regarding protective order language, Switch's counsel spoke with Defendants' counsel regarding a compromise on certain proposed provisions.[32] In the ensuing weeks, the parties engaged in several email and telephonic discussions in an attempt to reach a mutual understanding.[33] Ultimately, Defendants filed their Request for Pretrial Conference and Proposed Protective Order on September 3, 2019, stating that, "given the number of times and the length of time that the parties debated this issue, it was clear that it was time for outside

---

[27] *See* Exhibit 2.
[28] *See* Exhibit 1.
[29] *Id.*
[30] Attached as Exhibit 4.
[31] Attached as Exhibit 5.
[32] *See* Tueller Declaration at ¶ 9. On July 31, 2019 Hutchison & Steffen, PLLC had not made an appearance in this case and was acting in a limited capacity to assist Switch's in-house counsel with obtaining discovery responses only.
[33] *Id.* at ¶ 9.

help."[34]  Switch filed its Response on September 17, 2019 along with its own proposed protective order.  No order has yet been entered by the Court and no protective order has been established.  Therefore, Defendants have still not produced any documents and Switch has been unable to develop its case.

On the other hand, Switch has engaged in discovery diligently and in good faith.  Switch has produced several hundred documents, both affirmatively in its own disclosures and in response to Defendants' written discovery requests.  Switch has also attempted to work with Defendants' counsel to draft and file a protective order with this Court.  However, Defendants' withdrawal from this negotiation process and subsequent filing of the Request for Pretrial Conference described above stymied that process.  While the Request has been pending Defendants have relied on the lack of a protective order to continue to refuse to produce documents.  Thus, Switch's inability to provide an expert report is solely the result of Defendants' unwillingness to participate in discovery, and not of any lack of diligence on Switch's part.

This being the case, good cause exists to grant Switch's Motion, and Switch respectfully requests the same and Defendants' dilatory behavior should not be rewarded.  Nor should the Court endorse a strategy that future litigants seize onto and by simply running out the clock without producing any documents in a case.

### C. The timing of Switch's Motion is due to excusable neglect based on Defendants' lack of disclosure and Switch's recent retention of new counsel.

"The Ninth Circuit has held that the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[35]

The timing of Switch's Motion is the result of excusable neglect both to Defendants failure to provide any documents in the course of litigation and Switch's retention of new counsel.  The Court should grant Switch's Motion for the following reasons: first, Defendants

---

[34] Defendants' Request for Pretrial Conference and Proposed Protective Order at 4:23-24. (Doc. # 48).
[35] *Derosa*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1.

8

are not in danger of being prejudiced. Here, Switch has produced hundreds of documents through both its own disclosures and in response to Defendants' discovery requests. Defendants have thus been able to evaluate and analyze these documents, provide them to their expert, and consequently serve an expert report. Because Defendants have already produced their expert report, Defendants will suffer no ill effects by the Court extending the deadline for the parties to disclose experts and expert reports.

Defendants will likely argue that an extension of the deadlines will be prejudicial because Switch will be able to analyze Defendants' expert report prior to the production of its own expert report thus giving Switch some extra opportunity to combat Defendants' expert's opinions. Once again, Defendants should not be rewarded for their unwillingness to engage in discovery. Further, such an argument would be without merit because both sides have the opportunity to provide rebuttal expert reports. This case is about trade secret misappropriation. This requires a study of documents to analyze and compare the parties' respective technologies. Regardless of what one expert opines, Switch intends to use its own experts to highlight facts and establish positions irrespective of Defendants' expert opinions. In order to do this however, Switch *must* have access to the documents that are still being withheld by Defendants.

Second, Switch's requested extension will have a minimal impact on the proceedings. Switch is merely requesting an extension for the amount of time necessary for a protective order to be put in place and discovery to be produced. Although Defendants will likely argue that this case has been proceeding for months, there has been an order of operations that has affected Switch's ability to develop its case. Moreover, Switch's present request is timely and should be thusly considered.

Third, inasmuch as the Court needs further reason to extend deadlines given Defendants' failure to produce a single document, Hutchison & Steffen, PLLC has only recently appeared in this matter and has been attempting to gather and review all relevant pleadings, documents, and correspondence. Matters affecting a party's intellectual property rights is a serious and often technical matter requiring careful and thoughtful review and analysis of the issues. Switch's counsel has been doing such an analysis with the pleadings and information that is available.

9

Immediately upon identifying the impending expert disclosure deadline and recognizing Defendants' lack of documentary production, Switch's counsel immediately made this Motion.

Finally, Switch is petitioning the Court in good faith.  Regardless of the timing of this Motion or the change in counsel, the protective order issue is still pending in front of the Court and as Defendants have stated, no documents will be produced without a protective order.  This declaration is a total constraint on Switch necessitating this appeal to the Court.

Because Switch has good cause and has acted in good faith, the Court should grant its Motion.

### 5. Conclusion

The Motion should be granted and the deadlines should be extended as follows so that expert disclosures occurs after fact discovery:

|  | **Current** | **Proposed** |
| --- | --- | --- |
| Completion of Discovery | 12/9/19 | Unchanged |
| Initial expert disclosures | 10/10/19 | 2/7/20 |
| Rebuttal expert disclosures | 11/8/19 | 3/6/20 |
| Parties to file dispositive motions | 1/8/20 | 5/5/20 |

HUTCHISON & STEFFEN, PLLC

*/s/ Mark A. Hutchison*

---

Mark A. Hutchison (4639)
Jacob A. Reynolds (10199)
Piers R. Tueller (14633)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

Samuel Castor (11532)
Anne-Marie Birk (12330)
SWITCH, LTD.
7135 South Decatur Blvd.
Las Vegas, Nevada 89118
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October, 2019, the foregoing document entitled: **SWITCH, LTD.'S MOTION TO EXTEND DEADLINES FOR DISCLOSURE OF EXPERTS AND EXPERT REPORTS (First Request)** was served via electronic service through the United States District Court for the District of Nevada's ECF System upon each party in the case who is registered as an electronic case filing user with the Clerk.

                         */s/ Jacob A. Reynolds*
                   An employee of Hutchison & Steffen, PLLC