INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 3



Samuel Castor (11532)
Anne-Marie Birk (12330)
SWITCH, LTD.
7135 South Decatur Blvd.
Las Vegas, Nevada 89118
Telephone: (702) 444-4111
sam@switch.com
abirk@switch.com

Mark A. Hutchison (4639)
Jacob A. Reynolds (10199)
Piers R. Tueller (14633)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Fax: (702) 385-2086
mhutchison@hutchlegal.com
jreynolds@hutchlegal.com
ptueller@hutchlegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company, | CASE NO. 2:17-cv-02651-GMN-EJY |
| Plaintiff, | **DECLARATION OF PIERS R. TUELLER** |
| vs. | |
| STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, | |
| Defendants. | |

I, Piers R. Tueller, under penalty of perjury, hereby declare as follows:

1. I am an associate at the law firm Hutchison & Steffen, PLLC and counsel for Switch in the above-referenced matter.

2. I am over the age of 18 and I make the statements in this declaration pursuant to

1

my own first-hand knowledge and would be competent to testify to the statements made therein.

3. Following the filing of the instant lawsuit Defendants moved to stay discovery on the basis that there was a pending Motion to Dismiss. This Motion was eventually denied.

4. The parties then jointly moved for a stay of the case in order to engage in informal discovery in an attempt to resolve the case without judicial intervention.

5. On March 19, 2018, Switch served each of the Defendants with a set of Requests for Production of Documents.

6. More than one year later, on June 27, 2019, Defendants each provided written responses, but failed to actually produce a single document in response to Switch's requests.

7. Defendants stated in their responses that this was due to the lack of a protective order in the case. However, Defendants have refused to agree to the proposed protective orders provided by Switch.

8. Beginning in July 2019 Hutchison & Steffen, PLLC began to work with Switch in a limited capacity on the instant litigation. On September 17, 2019, Hutchison & Steffen formally made its appearance in this case.

9. On July 19, 2019, Switch sent a meet-and-confer letter to Defendants' counsel flagging inappropriate objections and the complete lack of production of any documents in response to outstanding discovery requests. In a July 24, 2019 letter Defendants' counsel informed Switch that Defendants did not intend to produce any documents or written discovery until a protective order had been entered by the Court. On July 31, 2019, in response to ongoing communication regarding protective order language, Switch's counsel spoke with Defendants' counsel regarding a compromise on certain proposed provisions. In the ensuing weeks, the parties engaged in several email and telephonic discussions in an attempt to reach a mutual understanding. Ultimately, Defendants filed their Request for Pretrial Conference and Proposed Protective Order on September 3, 2019, stating that, "given the number of times and

the length of time that the parties debated this issue, it was clear that it was time for outside help." Switch filed its Response on September 17, 2019 along with its own proposed protective order.On October 10, 2019 at approximately 3:15 I called Ronald D. Green, counsel for Defendants to address the filing of the Joint Interim Status Report and the deadline for the disclosures of experts and expert reports.

10. In that call, I requested that the deadline to disclose experts and expert reports be extended until 60 days after the close of discovery.

11. Mr. Green stated that Defendants were going to disclose their expert and produce their expert reports that afternoon and he would have to talk with his clients before agreeing to an extension.

12. After that phone call I sent an additional email to Mr. Green attempting to address the extension by including applicable language in the Joint Interim Status Report.

13. Approximately one hour later I again called Mr. Green to meet and confer on the deadline to disclose experts and expert reports stating that because the deadline for disclosure was October 10, 2019 and Mr. Green would be unable to consult with his client's until after the deadline had passed, Switch was going to need to file a motion to extend the relevant discovery deadlines.

14. Subsequently, Defendants served their Initial Disclosure of Expert Witness and an expert report at 5:34pm.

///

///

///

3

15. Although expedited, this meet and confer process by the parties was made in good faith. Switch desired an amenable resolution but time constraints made it impossible to delay the filing of this Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of October, 2019.

                                                */s/ Piers R. Tueller*
                                                Piers R. Tueller, Esq.