INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 5





Ronald D. Green
*Partner*
Licensed in NV

**24 July 2019**

<u>Via Email Only</u>
<sam@switch.com>

Sam Castor
SWITCH, LTD
7135 S. Decatur Blvd.
Las Vegas, NV 89118

    Re:    *MTechnology, Inc. adv. Switch, Ltd.*

Dear Mr. Castor:

This correspondence is written in response to your letter dated July 19, 2019 regarding my clients' discovery responses. Preliminarily, in your letter, you demanded that we speak within 5 to 7 days and that my clients supplement their discovery responses by August 5, 2019. On July 22, 2019, when I offered to speak to you on July 25 or 26, you accused me of "attempting to stall further" and demanded that I speak with you on July 23. I am likely willing and able to speak with you prior to July 25. However, if I do not, we are still well-within the time frame that you unilaterally set in your July 19, 2019 letter.

**Service of Requests for Production**

I note that Switch, Ltd. ("Switch") continues to push the false narrative that you served document requests upon MTechnology, Inc. ("MTech") and Stephen Fairfax a year ago. In fact, your letter goes one step further and attempts to argue that my clients waived their objections and that their response was untimely. To say that I am frustrated that Switch continues to make these misrepresentations would be an understatement. At various points, I have had conversations with Chris Austin, Anne-Marie Birk, and you regarding this issue. I have received promises that Switch would stop making this false claim. Yet, it remains a prominent subject of your July 19, 2019 letter.

I will reiterate the true narrative of your attempts to serve MTech and Mr. Fairfax one last time because I suspect that this letter will be an exhibit in a future filing with the Court. On March 19, 2018, Switch apparently attempted to serve requests for production upon MTech and Mr. Fairfax. However, Switch served these documents to an email address at my firm that does not exist, and they were never received. Moreover, even if they had been, discovery had not yet commenced.

We did not discover that you attempted to serve requests for production upon us until you filed your Opposition to Motion for Temporary Stay of Discovery (Doc. # 25) on June 4, 2018. The requests were attached as exhibits to that Motion. However, attaching an exhibit to a filing does not constitute service for this purpose. Moreover, as of that date, discovery still had not commenced.

MTechnology Inc. adv. Switch Ltd.
Page 2 of 4



Thereafter, I attended an early case conference with Chris Austin, Anne-Marie Birk, and you, which commenced discovery. However, at that point, you proposed attempting to undertake informal discovery and requested a meeting with my client in Boston to discuss that prospect. The parties agreed in writing on July 23, 2018 that they would not serve discovery upon each other until after that meeting occurred. After the parties met in Boston on August 28, 2018, they attempted to work out an informal discovery framework. They additionally stayed the case, so the parties were unable to serve discovery on each other.

On May 22, 2019, Anne-Marie Birk sent me a letter, accusing us of not timely responding to discovery and demanding a full response by May 31, 2019. I responded the next day, detailing the history of these requests for production. I additionally noted that the case was stayed until 11:59 p.m. on May 24, 2019 and that I would deem the requests for production served on the first business day after May 24, which was May 28, 2019. You agreed that this was acceptable, and we timely served you with our clients' responses thirty days later.

I am unclear why Ms. Birk and you continue to push these misrepresentations regarding the service date of the requests for production. However, it needs to stop. I have had to respond to your misrepresentations on numerous occasions. On more than one occasion, either you, Ms. Birk, or Mr. Austin has agreed to stop making them. This needs to end now.

**The Failure of Informal Discovery**

You additionally continue to falsely assert that MTech and Mr. Fairfax were solely responsible for the failure of informal electronic discovery. In your July 19, 2019 correspondence, you also make the new false assertion that my client and I "intentionally blocked the third party's access to the data and evidence, and then … insisted to the third party e-discovery provider, that Switch was paying for, that the data was not accessible." Frankly, I am unsure what you are talking about. The parties never retained an e-discovery provider, and to the best of my knowledge, Switch never paid an e-discovery provider. Document collection never commenced, and your statements are complete fiction.

Moreover, you state that my clients abused this process. How? We were proceeding upon an agreement made between your outside counsel and me that he would be reviewing the documents and not you. Moreover, when Mr. Austin told me that you would not move forward if you could not review the documents as well, I informed him on May 10 and 16, 2019 that my clients had moved far enough away from that position that I thought it would be useful for the parties to speak to each other as proposed by Mr. Austin. Switch terminated negotiations on May 22, 2019 before that could occur.

There is no need to rehash all of the obligations that Switch failed to meet prior to the commencement of informal discovery. However, despite promising to do so repeatedly, Switch did not – and still has not – identified or explained the alleged trade secrets it is accusing my clients of misappropriating. Given that you refuse to explain why they have

MTechnology Inc. adv. Switch Ltd.
Page 3 of 4



been sued and what the specific accusations against them are, this has affected my clients' ability to mount a defense.

The failure of the parties to establish a mutually acceptable framework was not the fault of my clients or me. It is not useful for us to continue to argue whose fault it was. However, again, because your July 19 letter and this response are undoubtedly going to end up as part of the Court record, I cannot let your misrepresentations pass without response.

**MTech's and Mr. Fairfax's Responses to Written Discovery**

With regard to my clients' responses to your requests for production, you are correct that the Court has not yet entered a stipulated Protective Order. We have revised the draft that you previously sent, and it is attached to this letter for your review and comment. You additionally indicated that you are preparing a draft ESI Order. We look forward to receiving it and will provide you with our comments as soon as possible after receipt.

My clients do not intend to produce any documents until the above-referenced Protective and ESI Orders have been entered by the Court. Therefore, your letter is premature. Further, as demonstrated above, our responses to your requests for production were timely, and no objections have been waived.

Regarding those objections, you continually call them "boilerplate," yet cite the entirety of the objection demonstrating it is a specific objection and not "boilerplate." For example, we explain at length how several of your requests are "overly broad and unduly burdensome."

With regard to our objections stating that Switch is improperly using discovery to gain information about competitors, you complain that our "client has clearly stated and continues to state … that he was personally, directly, and intimately involved in the 'blank page' development of the Aligned Data Center." However, that is not my client's statement; it is yours. And it misrepresents the actual statement made by Mr. Fairfax. It is apparent that Switch filed this case with no proof of the truth or falsity of this statement and is now engaged in an expedition to see if it can find any support for it at all.

//

//

//

//

//

//

//

MTechnology Inc. adv. Switch Ltd.
Page 4 of 4



Our objections stand and will not be withdrawn. However, again, as you acknowledge, your letter is premature. You know that MTech's work is subject to non-disclosure agreements and that it requires protection prior to producing documents to Switch or its counsel. You also acknowledge that the framework for that protection, namely a Protective Order and an ESI Order, have not been entered. Until they have been, there is nothing for you to compel. I suggest that we revisit this issue after those orders have been entered and you have had an opportunity to review my clients' production to you.

Sincerely,

Ronald D. Green

cc:    Marc J. Randazza; Anne-Marie Birk; F. Christopher Austin; Piers Tueller; Stephen Fairfax (via separate email)

encl:    Draft Stipulated Protective Order