# EXHIBIT 1

Declaration of Ronald D. Green

Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants*
*Stephen Fairfax and MTechnology*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD.,<br>a Nevada limited liability company,<br><br>            Plaintiff,<br><br>      vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY;<br>DOES 1 through 10; and ROE ENTITIES 11<br>through 20, inclusive,<br><br>            Defendants. | Case No.: 2:17-cv-02651-GMN-EJY<br><br>**DECLARATION OF RONALD D.<br>GREEN IN SUPPORT OF OPPOSITION<br>TO MOTION TO EXTEND<br>DEADLINES FOR DISCLOSURE OF<br>EXPERTS AND EXPERT REPORTS** |

I, Ronald D. Green, Jr., under penalty of perjury, hereby declare as follows:

1.      I am a partner at the law firm Randazza Legal Group, PLLC and counsel for Defendants MTechnology ("MTech") and Stephen Fairfax in the above-referenced matter, and have been licensed to practice law in the State of Nevada since 2000.

2.      I make the statements in this declaration based upon my personal knowledge and would be competent to testify to them if called upon to do so.

3.      Plaintiff Switch, Ltd ("Switch") unilaterally terminated the parties' attempt to engage in informal discovery on May 22, 2019. Attached as **Exhibit A** is a true and correct copy of an email exchange between Switch and me from May 22 to June 25, 2019, along with two attachments: a draft

Scheduling Order drafted by Switch (attached as **Exhibit B**) and a draft Protective Order drafted by Switch (attached as **Exhibit C**).

4.      Over one week later, on May 31, 2019, I had not heard from Switch regarding resetting discovery deadlines and reminded Switch that the parties needed to set new discovery deadlines and file a new Scheduling Order. (*See* Exhibit A.)

5.      On June 12, 2019, counsel for the parties met telephonically to discuss new discovery deadlines so that the parties could submit a new Scheduling Order. (*See id.*)

6.      After hearing nothing for nearly two weeks, on June 24, 2019, I reminded Switch that the parties needed to file a Scheduling Order with the Court. (*See id.*)

7.      On June 25, 2019, Switch provided me with a draft Scheduling Order that its counsel had drafted. (*See* Exhibit B.)

8.      The June 25 email containing the Scheduling Order additionally contained a draft Protective Order. (*See id.*; Exhibit C.) That draft Protective Order stated that the parties to the case could only use confidential material "in connection with this Action only for prosecuting, defending, or attempting to settle this Action." (Exhibit C, ¶ 6.1.)

9.      As evidenced in Defendants' Request for Pretrial Conference (Doc. # 48) and Defendants' Reply in Support of Defendants' Request for a Pretrial Conference (Doc. # 53), Switch subsequently revised its own proposed Protective Order because it desires to use discovery in this case to gather information about its competitors.

10.     Switch's refusal to agree to the language of its own initial proposed Protective Order is the only reason that the parties have not yet filed a Stipulated Protective Order with this Court.

11.     Hutchison & Steffan may have appeared in this lawsuit within the last thirty days. However, the firm has been working on this case since, at latest, July 22, 2019. On that date, Sam Castor, Switch's in-house counsel, mistakenly called me "Piers Tueller" in an email and acknowledged that Switch had retained the Hutchison & Steffen law firm to assist in this case. Attached as **Exhibit D** is a true and correct copy of this July 2019 email exchange between Sam Castor and me.

RANDAZZA | LEGAL GROUP

12.     On a subsequent telephone call, Mr. Castor specifically informed me that Hutchison & Steffan had been retained to assist Switch with discovery issues.

13.     During my initial call with Piers Tueller in July of 2019, he acknowledged that the parties needed to resolve their remaining issues with the Protective Order before they discussed issues related to document production.

14.     On October 10, 2019, I sent an email to Mr. Castor and Mr. Tueller, reminding them that the parties had an Interim Status Report due that day. Attached as **Exhibit E** is a true and correct copy of this October 10, 2019 email to Sam Castor and Piers Tueller from me.

15.     Shortly after I sent my email on October 10, Piers Tueller called me to discuss the Interim Status Report. He did not mention the expert disclosure deadline.

16.     Between 3:30 and 3:45 p.m. on October 10, 2019, I received a telephone call from Piers Tueller and another attorney from Hutchison & Steffan working on this case. They told me on this call that they had just reviewed the Scheduling Order and had just learned that the deadline for disclosing experts was that day.

17.     Mr. Tueller and this other attorney informed me that they had never seen a case where the expert disclosure deadline occurred before the close of discovery and asked that it be extended until 60 days after the close of discovery.

18.     I have practiced in Nevada's federal courts since 2000, and I cannot recall a single case where the expert disclosure deadline occurred after the close of discovery.

19.     I informed them that I would need to discuss their request with my clients because Defendants were ready to disclose their expert and intended to do so that day.

20.     My clients are located in Massachusetts. Because Plaintiff's request came several hours after close of business on the east coast, I informed Mr. Tueller and the other attorney that I would not be able to give them an answer until the following day.

21.     At 3:58 p.m. on October 10, 2019, Piers Tueller sent me an email attaching a draft Joint Interim Status Report. That email acknowledged their request to extend expert discovery and thanked me for reaching out to my clients regarding a potential extension of the expert discovery

period.  Attached as **Exhibit F** is a true and correct copy of this October 10, 2019 email from Piers Tueller to me.

22.     Subsequently, Mr. Tueller called me again to state that Switch did not want to wait for my clients' response regarding an extension and would be moving to extend the expert disclosure deadline that night.

23.     I requested that they acknowledge to the Court that they did not request an extension of the deadline until approximately 3:30 p.m. on the date disclosures were due, and they stated that they would do so.

24.     At no point in my conversations with Mr. Tueller on October 10, 2019 did he tell me Switch would be requesting an extension of the expert discovery deadlines due to the lack of a protective order or Defendants' refusal to produce documents.

25.     Prior to reading Switch's instant Motion, counsel for Switch never informed me that it believed Defendants' refusal to provide documents to Switch due to the lack of a protective order would interfere with expert discovery or require an extension of expert discovery deadlines.

26.     Defendants were able to retain and properly disclose an expert witness, Julian Rachman, by October 10, 2019.  There was significant difficulty in doing so despite Switch continuing to refuse to identify what trade secrets Defendants allegedly misappropriated.

27.     The documents Switch have produced thus far did not assist Defendants in retaining an expert witness, as these documents are either irrelevant to the issue of whether Defendants misappropriated Switch's trade secrets or consist of publicly available documents such as patent applications and registrations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed on:  14th day of October, 2019.


                                        /s/ Ronald D. Green
                                        Ronald D. Green.

- 4 -
Declaration of Ronald D. Green
2:17-cv-02651-GMN-EJY

# <u>**EXHIBIT A**</u>

Email exchange between Switch and Ronald Green from
May 22 to June 25, 2019

**From:** **Tanya Paonessa** tpaonessa@switch.com 📎
**Subject:** RE: Document Collection
**Date:** June 25, 2019 at 9:38 AM
**To:** Ron Green rdg@randazza.com
**Cc:** Anne-Marie Birk abirk@switch.com, **Marc Randazza** mjr@randazza.com, **F. Christopher Austin** caustin@weidemiller.com, **Brianna Show** bshow@weidemiller.com, **Sam Castor** sam@switch.com, **Heather Ebert** hme@randazza.com, **Alex Shepard** ajs@randazza.com, **Emily Shaevitz** eshaevitz@switch.com

Mr. Green,

Attached please find the Stipulated Amended Discovery Plan and Scheduling Order as well as the Stipulated Protective Order for your review.

Thank you,
Tanya



**TANYA PAONESSA**
LITIGATION PARALEGAL

o  +1 (702) 522-3086
m  702-370-6247
e  tpaonessa@switch.com
+  Switch e-card

We use e-cards to reduce waste of natural resources and promote sustainability.

---

**From:** Ron Green <rdg@randazza.com>
**Sent:** Monday, June 24, 2019 11:57 AM
**To:** Emily Shaevitz <eshaevitz@switch.com>
**Cc:** Anne-Marie Birk <abirk@switch.com>; Marc Randazza <mjr@randazza.com>; F. Christopher Austin <caustin@weidemiller.com>; Brianna Show <bshow@weidemiller.com>; Sam Castor <sam@switch.com>; Tanya Paonessa <tpaonessa@switch.com>; Heather Ebert <hme@randazza.com>; Alex Shepard <ajs@randazza.com>
**Subject:** Re: Document Collection

Anne-Marie and Sam:

When we spoke regarding scheduling a few weeks ago, you guys stated that you were preparing a proposed Discovery Plan and Scheduling Order. I have not yet seen a draft. Can you please provide me with one at your earliest opportunity?

**Ronald D. Green*** | **Randazza Legal Group, PLLC**
2764 Lake Sahara Drive | Suite 109 | Las Vegas, NV 89117
Tel: 702-420-2001 | Email: rdg@randazza.com

* Licensed to practice law in Nevada.

> On Jun 12, 2019, at 9:01 AM, Ron Green <rdg@randazza.com> wrote:
>
> Normally, I would welcome the opportunity to meet face-to-face. However, I was out on Monday and Tuesday and am out next week, so I've got a lot to get done. Let's keep the phone call scheduled for today. Thanks for the suggestion though.
>
> **Ronald D. Green*** | **Randazza Legal Group, PLLC**
> 2764 Lake Sahara Drive | Suite 109 | Las Vegas, NV 89117
> Tel: 702-420-2001 | Email: rdg@randazza.com
>
> * Licensed to practice law in Nevada.

>> On Jun 11, 2019, at 10:04 AM, Emily Shaevitz <eshaevitz@switch.com> wrote:
>>
>> Good morning, Mr. Green,
>>
>> We wondered if you were available to meet in person at our office on Wednesday for the Discovery Plan and Scheduling Order discussion instead.  Our office is located at 6795 S. Edmond St., Las Vegas, NV 89118.  Sam and Anne-Marie would welcome the opportunity to meet face-to-face.  If you're unable to travel to our office, we are happy to keep the call as currently scheduled for 12:00pm.

Thank you,
Emily

 **EMILY SHAEVITZ**
EXECUTIVE ASSISTANT/PARALEGAL

o  +1 (702) 479-4992
m  +1 (702) 780-9694
e  eshaevitz@switch.com
+  switch e-card

we use e-cards to reduce waste of natural resources and promote sustainability.

---

**From:** Ron Green <rdg@randazza.com>
**Sent:** Wednesday, June 5, 2019 11:23 AM
**To:** Emily Shaevitz <eshaevitz@switch.com>
**Cc:** Anne-Marie Birk <abirk@switch.com>; Marc Randazza <mjr@randazza.com>; F. Christopher Austin <caustin@weidemiller.com>; Brianna Show <bshow@weidemiller.com>; Sam Castor <sam@switch.com>; Tanya Paonessa <tpaonessa@switch.com>; Heather Ebert <hme@randazza.com>; Alex Shepard <ajs@randazza.com>
**Subject:** Re: Document Collection

I am unavailable Monday, 6/10, and Tuesday, 6/11, but I can do anytime from 12-2 on Wednesday, 6/12.

---

**Ronald D. Green\* | Randazza Legal Group, PLLC**
2764 Lake Sahara Drive | Suite 109 | Las Vegas, NV 89117
Tel: 702-420-2001 | Email: rdg@randazza.com

---

\* Licensed to practice law in Nevada.

On Jun 5, 2019, at 11:09 AM, Emily Shaevitz <eshaevitz@switch.com> wrote:

Mr. Green,

We can be available for a call next week to discuss the new Discovery Plan at the following times:

Monday, June 10th 10:00am-2:00pm PST
Tuesday, June 11th 11:30am-2:00pm PST
Wednesday, June 12th 12:00pm-2:00pm PST

Please advise if any of these times work for you and I am happy to circulate the calendar invite.

Thank you,
Emily

 **EMILY SHAEVITZ**
EXECUTIVE ASSISTANT/PARALEGAL

o  +1 (702) 479-4992
m  +1 (702) 780-9694
e  eshaevitz@switch.com
+  switch e-card

we use e-cards to reduce waste of natural resources and promote sustainability.

---

**From:** Ron Green <rdg@randazza.com>
**Sent:** Friday, May 31, 2019 4:59 PM
**To:** Anne-Marie Birk <abirk@switch.com>

Cc: Marc Randazza <mjr@randazza.com>; F. Christopher Austin <caustin@weidemiller.com>; Brianna Show <bshow@weidemiller.com>; Sam Castor <sam@switch.com>; Emily Shaevitz <eshaevitz@switch.com>; Tanya Paonessa <tpaonessa@switch.com>; Heather Ebert <hme@randazza.com>; Alex Shepard <ajs@randazza.com>
**Subject:** Re: Document Collection

Anne-Marie:

Last week, Chris Austin informed me that you would be my primary contact on this case going forward. As you know, the stay expired last Friday, May 24, 2019 and is not being renewed. Given that the litigation is now active, we need to set new discovery deadlines and file a new Discovery Plan and Scheduling Order. Thus far, I have not heard from you regarding setting new deadlines. My schedule is relatively open next week. Please let me know when you would like to discuss.

---

**Ronald D. Green\*** | **Randazza Legal Group, PLLC**
2764 Lake Sahara Drive | Suite 109 | Las Vegas, NV 89117
Tel: 702-420-2001 | Email: rdg@randazza.com

---

\* Licensed to practice law in Nevada.

On May 22, 2019, at 4:22 PM, Anne-Marie Birk <abirk@switch.com> wrote:

Ron,

Please be advised that Switch is no longer willing to explore paying for the e-discovery costs of OpenText for your client Mr. Fairfax. As you know, during our meeting in August, Switch was open to covering the expenses of imaging your client's hard drives to accelerate Switch's access to the data, in the spirit of karmic resolution, and to avoid unnecessary litigation costs.  The opposite has occurred.  Despite our willingness to engage in this unconventional practice to the benefit of your client, to date Switch has not received any documents.  It has now been over 9 months.

Making matters worse, we have been informed that Mr. Fairfax is obstructing access, and has no intention of allowing Switch to view *any* documents.  This is not in keeping with what we proposed, and has been an exercise in abuse of our trust and professionalism. Again.

Accordingly, at this time Switch will proceed with discovery in the ordinary course, with each side bearing their own costs. As you know, your client was served with written discovery in March of 2018 (see attached).  Please have your answers to our discovery requests by the end of the month, **May 31, 2019**.

 **ANNE-MARIE BIRK**
ASSOCIATE GENERAL COUNSEL

o  +1 (702) 623-6801
m +1 (702) 376-3880
e  abirk@switch.com
+  switch e-card

we use e-cards to reduce waste of natural resources and promote sustainability.

**CONFIDENTIAL INFORMATION**

This email message, its chain, and any attachments: (a) may include proprietary information, trade secrets, pending patents, confidential information and/or other protected information ("Confidential Information") which are hereby labeled as "Confidential" for protection purposes, (b) is sent to you in confidence with a reasonable expectation of privacy, (c) may be protected by confidentiality agreements requiring this notice and/or identification, and (d) is not intended for transmission to, or receipt by unauthorized persons. Your retention or possession will be viewed as your consent to the foregoing and consent to comply with Switch's then current acceptable use policy.

foregoing and covenant to comply with Switch's then current acceptable use policy available at www.switch.com/aup. If you are not the intended recipient, (i) please notify the sender immediately by telephone or by replying to this message and (ii) delete this message, any attachments, chains, copies or portions from your system(s). Retention of this email and the associated data constitutes valid consideration and your consent, agreement and covenant to abide by the foregoing terms. Thank you.

&lt;FCA-w-0676  Requests for Production of Documents FAIRFAX_fca.pdf&gt;
&lt;FCA-w-0677 RFP MTECHNOLOGY.pdf&gt;

**CONFIDENTIAL INFORMATION**

This email message, its chain, and any attachments: (a) may include proprietary information, trade secrets, pending patents, confidential information and/or other protected information ("Confidential Information") which are hereby labeled as "Confidential" for protection purposes, (b) is sent to you in confidence with a reasonable expectation of privacy, (c) may be protected by confidentiality agreements requiring this notice and/or identification, and (d) is not intended for transmission to, or receipt by unauthorized persons. Your retention or possession will be viewed as your consent to the foregoing and covenant to comply with Switch's then current acceptable use policy available at www.switch.com/aup. If you are not the intended recipient, (i) please notify the sender immediately by telephone or by replying to this message and (ii) then delete this message, any attachments, chains, copies or portions from your system(s). Retention of this email and the associated data constitutes valid consideration and your consent, agreement and covenant to abide by the foregoing terms. Thank you.

**CONFIDENTIAL INFORMATION**

This email message, its chain, and any attachments: (a) may include proprietary information, trade secrets, pending patents, confidential information and/or other protected information ("Confidential Information") which are hereby labeled as "Confidential" for protection purposes, (b) is sent to you in confidence with a reasonable expectation of privacy, (c) may be protected by confidentiality agreements requiring this notice and/or identification, and (d) is not intended for transmission to, or receipt by unauthorized persons. Your retention or possession will be viewed as your consent to the foregoing and covenant to comply with Switch's then current acceptable use policy available at www.switch.com/aup. If you are not the intended recipient, (i) please notify the sender immediately by telephone or by replying to this message and (ii) then delete this message, any attachments, chains, copies or portions from your system(s). Retention of this email and the associated data constitutes valid consideration and your consent, agreement and covenant to abide by the foregoing terms. Thank you.

**CONFIDENTIAL INFORMATION**

This email message, its chain, and any attachments: (a) may include proprietary information, trade secrets, pending patents, confidential information and/or other protected information ("Confidential Information") which are hereby labeled as "Confidential" for protection purposes, (b) is sent to you in confidence with a reasonable expectation of privacy, (c) may be protected by confidentiality agreements requiring this notice and/or identification, and (d) is not intended for transmission to, or receipt by unauthorized persons. Your retention or possession will be viewed as your consent to the foregoing and covenant to comply with Switch's then current acceptable use policy available at www.switch.com/aup. If you are not the intended recipient, (i) please notify the sender immediately by telephone or by replying to this message and (ii) then delete this message, any attachments, chains, copies or portions from your system(s). Retention of this email and the associated data constitutes valid consideration and your consent, agreement and covenant to abide by the foregoing terms. Thank you.

 

Amended Stipula...der.pdf     Stipulated Protect...der.pdf

# **EXHIBIT B**

Draft Scheduling Order drafted by Switch

1  SAMUEL CASTOR, ESQ.
   Nevada Bar No. 11532
2  sam@switch.com
   ANNE-MARIE BIRK, ESQ.
3  Nevada Bar No. 12330
   abirk@switch.com
4  SWITCH, LTD.
   7135 South Decatur Blvd.
5  Las Vegas, Nevada 89118
   Telephone: (702) 444-4111
6
7  F. CHRISTOPHER AUSTIN, ESQ.
   Nevada Bar No. 6559
8  caustin@weidemiller.com
   WEIDE & MILLER, LTD.
9  10655 Park Run Drive, Suite 100
   Las Vegas, Nevada 89144
10 Telephone: (702) 382-4804
   *Attorneys for Plaintiff*
11

12              **UNITED STATES DISTRICT COURT**

13                  **DISTRICT OF NEVADA**

14 SWITCH, LTD., a Nevada limited liability          CASE NO.:    2:17-cv-02651-GMN-VCF
   company,
15                                                    **STIPULATED AMENDED**
16                       Plaintiff,                   **DISCOVERY PLAN AND**
                                                      **SCHEDULING ORDER**
17 vs.

18 STEPHEN FAIRFAX; MTECHNOLOGY; and
   DOES 1 through 10; ROE ENTITIES 11 through
19 20, inclusive,

20                       Defendants.

21

22         As the stay of this matter has now expired, counsel for Plaintiff SWITCH, LTD. ("Plaintiff")

23 and Defendants STEPHEN FAIRFAX and MTECHNOLOGY ("Defendants") hereby submit this

24 Stipulated Amended Discovery Plan and Scheduling Order in compliance with LR 26-1(b), as follows:

25         1.       Meeting. Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, the early case conference was

26 held on June 12, 2019, at 12:00 p.m., and was attended by Samuel Castor, Esq., and Anne-Marie Birk,

27 Esq., counsel for Plaintiff, and Ronald Green, Esq., counsel for Defendants.

28 ///

                                              1

2.   <u>Pre-Discovery Disclosures</u>. The parties will exchange the information required by LR 26-1(a)(2) on or before **June 26, 2019,** fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference.

3.   <u>Discovery Plan</u>. The parties jointly propose to the Court the following discovery plan:

    a.   <u>Subject of Discovery</u>. Discovery will be needed on the following subjects: Discovery will be needed on the issues raised by the complaint and the answer thereto.

    b.   <u>Discovery Cut-Off Date</u>. The last day for discovery shall be **December 9, 2019** (180 days from the date of the mandatory Fed. R. Civ. P. 26(f) conference). This does not exceed the presumptive outside limits LR 26-1(b)(1) sets for completing discovery.

    c.   <u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)</u>. Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33, except that:

        i.   The disclosure of experts and expert reports shall occur on or before **October 10, 2019**, which is sixty (60) days before the discovery cut-off date, and

        ii.   The disclosure of rebuttal experts and their reports shall occur on or before **November 8, 2019,** which is thirty (30) days before the discovery cut-off date**.**

    d.   <u>Amending the Pleadings and Adding Parties</u>. The parties shall have until **September 10, 2019**, ninety (90) days before the discovery cut-off date, to file any motions to amend the pleadings or to add parties. This date does not exceed the outside limit presumptively set by LR 26-1(b)(2).

    e.   <u>Interim Status Report</u>. The parties shall file the interim status report required by LR 26-3 on **October 10, 2019**. The undersigned counsel certify that they have read LR 26-3 and that the due date for the interim report is agreed not to be later than sixty (60) days before the discovery cut-off date.

    f.   <u>Dispositive Motions</u>.  The parties shall have until **January 8, 2020**, thirty (30) days after the discovery cut-off date, to file dispositive motion(s), which does not exceed the

outside limit of thirty (30) days following the discovery cut-off date that LR 26-1(b)(4) presumptively sets for filing dispositive motions.

        g.   <u>Pretrial Order</u>. The pretrial order shall be filed on **February 7, 2020**, thirty (30) days after the date set for filing dispositive motions in the case. This deadline is suspended if a dispositive motion is timely filed. The disclosures Fed. R. Civ. P. 26(a)(3) requires shall be made in the joint pretrial order.

        h.   <u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>. LR 26-4 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion must be made no later than **November 18, 2019**, 21 days prior to the expiration of the subject discovery deadline and comply fully with LR 26-4.

    4.   <u>Justification for Longer Discovery Period</u>.

        a.   Defendants' Statement: Defendants do not request a longer time period for discovery at this time.

        b.   Plaintiff's Statement: Plaintiff does not request a longer time period for discovery at this time.

    5.   <u>Additional Issues</u>.

        a.   Alternative Dispute Resolution: Pursuant to LR 26-1(b)(7), the parties have met and conferred about the possibility of using alternative dispute resolution processes. Both parties are amenable to the possibility of attending a mediation or settlement conference in the future but would like to wait to address that question until after some discovery has taken place. The parties may request a settlement conference from the Court at that time, if necessary.

        b.   Alternative Forms of Case Disposition: Pursuant to LR 26-1(b)(8), the parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program. The parties do not consent to either at this time.

        c.   Electronic Evidence: Pursuant to LR 26-1(b)(9), the parties certify that they have discussed the possibility of presenting evidence to the jury in electronic format. In the event that any electronic evidence is submitted by either party, the parties understand that such evidence

<center>3</center>

must be submitted in a format that is compatible with the Court's electronic jury evidence display system. The parties will consult the Court's website or contact the courtroom administrator for instructions about how to prepare evidence in a format that meets these requirements.

          d.     Court Conference: The parties do not request a conference with the Court before entry of the scheduling order.

IT IS SO STIPULATED.

DATED this_____ day of June, 2019.         DATED this_____ day of June, 2019.

**SWITCH, LTD.**                    **RANDAZZA LEGAL GROUP, PLLC**

_____      _____

SAMUEL CASTOR, ESQ.              MARC J. RANDAZZA, ESQ.
Nevada Bar No. 11532              Nevada Bar No. 12265
ANNE-MARIE BIRK, ESQ.           RONALD D. GREEN, ESQ.
Nevada Bar No. 12330              Nevada Bar No. 7360
7135 South Decatur Blvd.           ALEX J. SHEPARD, ESQ.
Las Vegas, Nevada 89118           Nevada Bar No. 13582
                                      2764 Lake Sahara Drive, Suite 109
F. CHRISTOPHER AUSTIN, ESQ.       Las Vegas, Nevada 89117
Nevada Bar No. 6559                *Attorneys for Defendants*
caustin@weidemiller.com
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
*Attorneys for Plaintiff*

## **ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

_____
DATED

4

# <u>EXHIBIT C</u>

Draft Protective Order drafted by Switch

1   SAMUEL CASTOR, ESQ.
    Nevada Bar No. 11532
2   sam@switch.com
    ANNE-MARIE BIRK, ESQ.
3   Nevada Bar No. 12330
    abirk@switch.com
4   **SWITCH, LTD.**
    7135 South Decatur Blvd.
5   Las Vegas, Nevada 89118
    Telephone: (702) 444-4111
6

7   F. CHRISTOPHER AUSTIN, ESQ.
    Nevada Bar No. 6559
8   caustin@weidemiller.com
    **WEIDE & MILLER, LTD.**
9   10655 Park Run Drive, Suite 100
    Las Vegas, Nevada 89144
10   Telephone: (702) 382-4804
11   *Attorneys for Plaintiff*

<div align="center">

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

</div>

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company, <br><br>                 Plaintiff, <br><br> vs. <br><br> STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, <br><br>               Defendants. | CASE NO.:    2:17-cv-02651-GMN-VCF <br><br> **STIPULATED PROTECTIVE ORDER** |

This Stipulated Protective Order (the "Order") is entered into by and on behalf of Plaintiff SWITCH, LTD. ("Plaintiff"), and Defendants STEPHEN FAIRFAX and MTECHNOLOGY ("Defendants") or (collectively, "the Parties").

**I.      STATEMENT OF PURPOSE**

Discovery in this litigation could involve production of confidential, trade secret, proprietary, or private information and the risk of unauthorized disclosure or digital proliferation could cause harm and/or increase the risk of espionage, terrorism, and sabotage or cyber attack. Such confidential

<div align="center">1</div>

and proprietary materials and information consist of, among other things, technical details related to services, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), or information otherwise generally unavailable to the public. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to mitigate digital proliferation and the corresponding risk of sabotage, espionage, terrorism, or cyber-attack, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, the following protective order for such information is justified and agreed to in this matter.

## II.   DEFINITIONS

2.1     Action: The above-captioned action.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that may reveal a trade secret, or other confidential research, development, financial, or other information: (1) that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain value from its disclosure or use; (2) that contains protected personally identifiable information; or (3) any other material that is confidential pursuant to applicable law.

2.3     "HIGHLY CONFIDENTIAL INFORMATION": includes passwords, technical design specifications, equipment serial numbers, equipment model numbers, IP addresses, and social security numbers. Switch has attached, as **Exhibit B,** a copy of the various data that merit a "Highly Confidential Information" designation for Switch. The parties agree that the producing party may produce the Highly Confidential Information after narrowly redacting such information and replacing it with a box that reads: "Highly Confidential Information," subject to the receiving party's right to challenge the redaction. To the extent a party challenges another party's redaction and the Court orders disclosure, the parties will work in good faith to agree on the handling of such Highly

Confidential Information.

2.4     Counsel: outside counsel of record and in-house counsel who routinely appear as counsel of record before a court, agency, governmental authority or tribunal (as well as their Support Staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert and/or Consultants: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her support staff, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9     Party: any party to this Action, including all of its officers, directors, and employees.

2.10    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

2.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.14    Support Staff: legal affiliates, including but not limited to paralegals, investigative, technical, secretarial, clerical, assistants and other personnel who are engaged in assisting Counsel.

3

**III.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

**IV.    DESIGNATING PROTECTED MATERIAL**

4.1    **Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order (or redacts Highly Confidential information), must take care to limit any such designations (or redactions) to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.2    **Manner and Timing of Designations**. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies or protection under this Order must be clearly so designated before or at the time the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    A Party or Third Party may designate discovery material as Protected Material in the following manner:

i.    TIFF/PDF Documents. In the case of documents or other materials (apart from depositions or other pre-trial testimony), by affixing the appropriate legend to each page of the document.

ii.    Native Documents. With respect to documents produced in   native format, by including the designation in the file name.

///

4

iii.     <u>Non-Written Materials</u>. In the case of non-text Protected Material (e.g., videotape, audio tape, computer disk), by labeling the outside of the material with the designation.

(b)     A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed at least "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)     For testimony given in depositions, the Designating Party may identify the Disclosure or Discovery Material on the record, including exhibits before the close of the deposition. Upon such designation by counsel, the reporter of the deposition shall place the designated testimony and exhibits in a separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Alternatively, counsel may designate a deposition or portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by designating those portions of the transcript or referenced exhibits by page and line within thirty (30) days of receipt of the transcript and by so informing the other Parties of that designation. During the twenty-day period, the entire transcript shall be treated as at least "CONFIDENTIAL." Materials not designated as Protected Materials after the thirty (30) days will not be Protected Materials. Neither party may designate the entire transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL after the thirty (30) days, absent a separate protective order.

///

5

4.3 **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If the Receiving Party has disclosed the materials before receiving the corrected designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 **Timing of Challenges**. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

5.2 **Challenge Process**. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the Producing Party written notice of its disagreement with the designation. The Parties shall first try to resolve such a dispute in good faith. If the dispute cannot be resolved, the Designating Party shall have thirty (30) days from the initial meet and confer regarding the designation, to either seek a protective order from the Court confirming the designation, or withdraw the challenged designation. The Parties acknowledge and agree this challenge procedure shall not be used to gain any unfair tactical advantage in this case, such as through burdening a producing party with unnecessary voluminous challenges. Any disputes in this regard shall, after the required good faith meet-and-confer, be presented to the Court under the Court's procedure for discovery disputes.

5.3 The burden of proving that information has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is on the Producing Party. Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall continue to be treated as such unless and until ordered otherwise by the Court, or re-designated by the designating party.

///

///

6

## VI.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    **Basic Principles**. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When an Action(s) has been terminated, a Receiving Party must comply with the provisions of section II below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2    **Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only to:

(a)    the Receiving Party;

(b)    the Receiving Party's Counsel and their Support Staff to whom it is reasonably necessary to disclose the information for this Action;

(c)    the officers, directors, and employees of Counsel and the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(e)    the Court and its personnel;

(f)    Court reporters and their staff;

(g)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

///

7

(i)      during their depositions, witnesses, and attorneys for witnesses, in this Action to whom disclosure is reasonably necessary; provided: the deposing Party requests that the witness sign the form attached as **Exhibit A** hereto; and they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(j)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

6.3    **Use in Court**. Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures. The party filing the papers bears the burden of overcoming the presumption in favor of public access to papers filed in court only with respect to the Protected Material included in the papers that the filing party designed "CONFIDENTIAL." If the party filing the papers include Protected Material designated "CONFIDENTIAL" by another Party or Third Party, the Designating Party shall bear the burden of overcoming said presumption in its brief filed in response to the filing party's motion to seal.

## VII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If any Party receiving documents or information covered by this Order is subpoenaed in another action or proceeding, or served with a document demand, and such subpoena or document demand seeks material which was produced or designated as "CONFIDENTIAL" by the other Party, the Party receiving the subpoena or document demand shall give prompt written notice to counsel for the Designating Party and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved. The Party to whom the subpoena or document demand is directed shall not take any position concerning the propriety of such subpoena or document demand or the discoverability of the information sought

that is adverse to the Designating Party should the Designating Party oppose the request for production of such documents or information. This Order is not intended to affect a Party's obligation to respond to an order from a court of competent jurisdiction compelling a production of documents subject to this Order.

## VIII.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order apply to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

///

## IX.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

## X.      MISCELLANEOUS

10.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3     Nothing in this Protective Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own confidential information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

10.4     Transmission of notification by email to a Party's/Non-Party's Counsel is acceptable for all notification purposes within this Order. A Non-Party may designate an alternative representative for notification purposes if it is not represented by counsel.

## XI.     TERMINATION OF THIS ACTION AND CONTINUING OBLIGATIONS

Within sixty (60) days after final conclusion of all aspects of this action, including any appeals, any Party and all persons who received (or tendered to any other person) documents or materials

designated for CONFIDENTIAL treatment (or any copy thereof) must (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel to the Producing Party that the Receiving Party or such person(s) has destroyed these documents and materials and the portions of all other material containing such CONFIDENTIAL information.

Notwithstanding these provisions, Counsel shall be permitted to retain copies of court filings, papers served in connection with this action, transcripts (including deposition transcripts), and exhibits containing or reflecting CONFIDENTIAL documents or materials. Counsel for each party shall use reasonable efforts to review and/or destroy any or all emails and electronic documents that may contain CONFIDENTIAL information. Counsel shall not be required to destroy or remove from any emails or electronic work product any summaries or references to CONFIDENTIAL information provided such work product does not contain actual copies (whole or excerpted) or attachments constituting the actual CONFIDENTIAL information. Instead, counsel is required to maintain such CONFIDENTIAL documents or materials in confidence and consistent with the terms of this Protective Order.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

11

This Order shall survive the final termination of this litigation with respect to any such retained CONFIDENTIAL materials. This Court retains and shall have continuing jurisdiction over the Parties and recipients of material designated as CONFIDENTIAL for enforcement of the provisions of this Order following termination of this litigation.

IT IS SO STIPULATED.

DATED this_____ day of June, 2019.                    DATED this_____ day of June, 2019.

**SWITCH, LTD.**                                       **RANDAZZA LEGAL GROUP, PLLC**


_____      _____
SAMUEL CASTOR, ESQ.                          MARC J. RANDAZZA, ESQ.
Nevada Bar No. 11532                         Nevada Bar No. 12265
ANNE-MARIE BIRK, ESQ.                        RONALD D. GREEN, ESQ.
Nevada Bar No. 12330                         Nevada Bar No. 7360
7135 South Decatur Blvd.                     ALEX J. SHEPARD, ESQ.
Las Vegas, Nevada 89118                      Nevada Bar No. 13582
                                             2764 Lake Sahara Drive, Suite 109
F. CHRISTOPHER AUSTIN, ESQ.                  Las Vegas, Nevada 89117
Nevada Bar No. 6559                          *Attorneys for Defendants*
caustin@weidemiller.com
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
*Attorneys for Plaintiff*


**<u>ORDER</u>**

IT IS SO ORDERED.


_____
UNITED STATES MAGISTRATE JUDGE

_____
DATED

## **EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the District of Nevada in the above-captioned

case. I acknowledge that given the mission critical nature of data center services and the related risks

for cyber-attack, espionage, terrorism, and sabotage, and therefore agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could increase the risk of damage to either party and their customers and expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District

of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of these actions.


Date:_____          Signature: _____

                                                   _____
                                                   Type or Print Name

**EXHIBIT B**

**SWITCH STANDARD REDACTION PROTOCOL**

**Purpose** – Given the mission critical nature of data center services and the related risks for cyber-attack, espionage, terrorism, and sabotage, all parties agree to comply with and to be bound by all the terms of the Stipulated Protective Order.

**Highly Confidential Information** - If a document is responsive, but it contains the following technical information, it is "Highly Confidential Information" and will be redacted as set forth below.  **Note:** Redactions will be as limited as possible to make it easy for the reviewing attorney to deduce what information has been redacted (e.g. only the number "8" in "Sector 8" would be redacted).

| Information | Redaction Action to Take |
|---|---|
| Username/Project name<br>Passwords/Code Words | Redact all |
| Technical Design Specifications:<br>1. Cage numbers<br>2. Rack numbers<br>3. PDU numbers<br>4. Sector numbers<br>5. NAP numbers<br>6. Circuit numbers<br>7. Model numbers<br>8. ASN Numbers<br>9. Passwords / pass phrases<br>10. Customer code names for projects<br>11. Power usage levels (e.g. kwh/kw/kva/mwh/mw/mva) | Redact all technical details.<br>**Remember:** Switch is at a high risk for espionage, sabotage, or terrorism.  This is private information that assailants would need to hack, break into, or disrupt services at Switch. |
| Equipment Model Numbers/Serial Numbers | Redact all numbers/letters (leave "Model/Serial Number" if possible) |
| IP Addresses | Redact all digits<br>(leave "IP Address" if possible) |
| Social Security Numbers | Redact all 7 digits<br>(leave "social security" if possible) |
| Physical Service Address (e.g. for carrier services) | Redact everything but leave City/State/Zip |

14

# <u>EXHIBIT D</u>

July 2019 email exchange between Sam Castor and

Ronald Green

**From:** **Sam Castor** sam@switch.com
**Subject:** Re: Switch, Ltd. v. Stephen Fairfax, et al.
**Date:** July 22, 2019 at 5:21 PM
**To:** Ron Green rdg@randazza.com
**Cc:** Tanya Paonessa tpaonessa@switch.com, ecf@randazza.com, Anne-Marie Birk abirk@switch.com, (DL) Policy policy@switch.com, **Piers Tueller** ptueller@hutchlegal.com

SC

Ron,

Ha. Yes. My mistake. Please let me know what time works for you tomorrow for a call.



**SAM CASTOR**
EVP OF POLICY
DEPUTY GENERAL COUNSEL

o   +1 (702) 444-4102
m   +1 (702) 371-0724
e   sam@switch.com
+   Switch e-card
We use e-cards to reduce waste of natural resources and promote sustainability.

**From:** Ron Green <rdg@randazza.com>
**Date:** Monday, July 22, 2019 at 5:17 PM
**To:** Samuel Castor <sam@switch.com>
**Cc:** Tanya Paonessa <tpaonessa@switch.com>, "ecf@randazza.com" <ecf@randazza.com>, Anne-Marie Birk <abirk@switch.com>, "(DL) Policy" <policy@switch.com>, Piers Tueller <ptueller@hutchlegal.com>
**Subject:** Re: Switch, Ltd. v. Stephen Fairfax, et al.

Sam:

I specifically asked when you were available on Thursday or Friday. Additionally, my name is not Piers. I note that you copied Piers Tueller from Hutchison & Steffan, however, and I am not clear as to what is going on in your email. Are you retaining Hutchison & Steffan to assist in this case?

Ronald D. Green* | Randazza Legal Group, PLLC
2764 Lake Sahara Drive | Suite 109 | Las Vegas, NV 89117
Tel: 702-420-2001 | Email: rdg@randazza.com

* Licensed to practice law in Nevada.

> On Jul 22, 2019, at 5:10 PM, Sam Castor <sam@switch.com> wrote:
>
> Ron,
>
> I can make myself available tomorrow at 2:30 or 3:30. Please let me know which works.
>
> Sent from my phone - please excuse brevity and typos.



**SAM CASTOR**
EVP OF POLICY
DEPUTY GENERAL COUNSEL

o   +1 (702) 444-4102
m   +1 (702) 371-0724
e   sam@switch.com
+   switch e-card
we use e-cards to reduce waste of natural resources and promote sustainability.

> On Jul 22, 2019, at 4:44 PM, Ron Green <rdg@randazza.com> wrote:

Sam:

What does your schedule look like on Thursday and Friday? I was out of pocket all day today and obviously need to discuss your letter with my clients before we can have a productive conversation.

Thanks.

_____
**Ronald D. Green\*** | <span style="color:red">**Randazza Legal Group, PLLC**</span>
2764 Lake Sahara Drive | Suite 109 | Las Vegas, NV 89117
Tel: 702-420-2001 | Email: rdg@randazza.com
_____
\* Licensed to practice law in Nevada.

On Jul 19, 2019, at 2:10 PM, Sam Castor <sam@switch.com> wrote:

Ron,

Please let me know when you're available for a call next week. This has gone on far too long.

Sent from my phone - please excuse brevity and typos.



**SAM CASTOR**
EVP OF POLICY
DEPUTY GENERAL COUNSEL

o  +1 (702) 444-4102
m  +1 (702) 371-0724
e  sam@switch.com
+  switch e-card

we use e-cards to reduce waste of natural resources and promote sustainability.

On Jul 19, 2019, at 1:58 PM, Tanya Paonessa <tpaonessa@switch.com> wrote:

Mr. Green,

Attached please find our correspondence of today's date for your immediate attention.

Thank you,



**TANYA PAONESSA**
LITIGATION PARALEGAL

o  +1 (702) 522-3086
m  702-370-6247
e  tpaonessa@switch.com

<Green re meet & confer on RFP responses 7.19.19.pdf>

**CONFIDENTIAL INFORMATION**

This email message, its chain, and any attachments: (a) may include proprietary information, trade secrets, pending patents, confidential information and/or other protected information ("Confidential Information") which are hereby labeled as "Confidential" for protection purposes, (b) is sent to you in confidence with a reasonable expectation of privacy, (c) may be protected by confidentiality agreements requiring this notice and/or identification, and (d) is not intended for transmission to, or receipt by unauthorized persons. Your retention or possession will be viewed as your consent to the foregoing and covenant to comply with Switch's then current acceptable use policy available at www.switch.com/aup. If you are not the intended recipient, (i) please notify the sender immediately by telephone or by replying to this message and (ii) then delete this message, any attachments, chains, copies or portions from your system(s). Retention of this email and the associated data constitutes valid consideration and your consent, agreement and covenant to abide by the foregoing terms. Thank you.

**CONFIDENTIAL INFORMATION**

This email message, its chain, and any attachments: (a) may include proprietary information, trade secrets, pending patents, confidential information and/or other protected information ("Confidential Information") which are hereby labeled as "Confidential" for protection purposes, (b) is sent to you in confidence with a reasonable expectation of privacy, (c) may be protected by confidentiality agreements requiring this notice and/or identification, and (d) is not intended for transmission to, or receipt by unauthorized persons. Your retention or possession will be viewed as your consent to the foregoing and covenant to comply with Switch's then current acceptable use policy available at www.switch.com/aup. If you are not the intended recipient, (i) please notify the sender immediately by telephone or by replying to this message and (ii) then delete this message, any attachments, chains, copies or portions from your system(s). Retention of this email and the associated data constitutes valid consideration and your consent, agreement and covenant to abide by the foregoing terms. Thank you.

**CONFIDENTIAL INFORMATION**

This email message, its chain, and any attachments: (a) may include proprietary information, trade secrets, pending patents, confidential information and/or other protected information ("Confidential Information") which are hereby labeled as "Confidential" for protection purposes, (b) is sent to you in confidence with a reasonable expectation of privacy, (c) may be protected by confidentiality agreements requiring this notice and/or identification, and (d) is not intended for transmission to, or receipt by unauthorized persons. Your retention or possession will be viewed as your consent to the foregoing and covenant to comply with Switch's then current acceptable use policy available at www.switch.com/aup. If you are not the intended recipient, (i) please notify the sender immediately by telephone or by replying to this message and (ii) then delete this message, any attachments, chains, copies or portions from your system(s). Retention of this email and the associated data constitutes valid consideration and your consent, agreement and covenant to abide by the foregoing terms. Thank you.

# __EXHIBIT E__

October 10, 2019 email to Sam Castor and Piers Tueller
from Ronald Green



**From:** **Ron Green** rdg@randazza.com
**Subject:** MTech adv. Switch - Status Report
**Date:** October 10, 2019 at 11:07 AM
**To:** Sam Castor sam@switch.com, Piers R. Tueller ptueller@hutchlegal.com
**Cc:** Marc Randazza mjr@randazza.com, Alex Shepard ajs@randazza.com, Crystal Sabala ccs@randazza.com

Pursuant to the operative Scheduling Order (Doc. 45) in this case, the parties are required to submit an Interim Status Report today. Do you guys have an time estimate as to when you will be circulating a draft?

_____

**Ronald D. Green\* | Randazza Legal Group, PLLC**
2764 Lake Sahara Drive | Suite 109 | Las Vegas, NV 89117
Tel: 702-420-2001 | Email: rdg@randazza.com

_____

\* Licensed to practice law in Nevada.

# **<u>EXHIBIT F</u>**

October 10, 2019 email from Piers Tueller to

Ronald Green

**From:** **Piers R. Tueller** ptueller@hutchlegal.com 📎
**Subject:** Switch v. Fairfax - Joint Interim Status Report
**Date:** October 10, 2019 at 3:58 PM
**To:** Ron Green rdg@randazza.com
**Cc:** Mark A. Hutchison MHutchison@hutchlegal.com, Chad A. Harrison charrison@hutchlegal.com, Sam Castor sam@switch.com

PT

Ron –

It was good talking to you.  Please see the attached joint interim status report.

Also, per our conversation regarding extending the deadline for disclosure of expert and expert reports I appreciate you reaching out to your client and look forward to hearing from you tomorrow.  Let me know if there are any additional issues or questions.

Thanks,


Piers R. Tueller
Attorney



HUTCHISON & STEFFEN, PLLC
(702) 385-2500
hutchlegal.com

**Notice of Confidentiality:** The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking any action in reliance upon, this information by anyone other than the intended recipient is not authorized.




Joint Interim
Status...).docx