1   Ronald D. Green, Jr. (NV Bar No. 7360)
    Alex J. Shepard (NV Bar No. 13582)
2   **RANDAZZA LEGAL GROUP, PLLC**
    2764 Lake Sahara Drive, Suite 109, Las Vegas, NV 89117
3   Tel: 702.420.2001
    ecf@randazza.com
4

5   Attorneys for Defendants
    MTechnology and Stephen Fairfax
6

    Mark A. Hutchison (4639)
7   Jacob A. Reynolds (10199)
    Piers R. Tueller (14633)
8   **HUTCHISON & STEFFEN, PLLC**
9   Peccole Professional Park
    10080 West Alta Drive, Suite 200, Las Vegas, Nevada 89145
10  Telephone: (702) 385-2500
    mhutchison@hutchlegal.com
11  jreynolds@hutchlegal.com
    Qtueller@hutchlegal.com
12

13  Samuel Castor (NV Bar No. 11532)
    Anne Marie-Birk (NV Bar No. 12330)
14  **SWITCH, LTD.**
    7135 South Decatur Blvd. Las Vegas, NV 89118
15  Telephone: 702-444-4111
    sam@switch.com
16  abirk@switch.com

17  Attorneys for Plaintiff
18  Switch, Ltd.

**UNITED STATES DISTRICT COURT**
19
**DISTRICT OF NEVADA**
20

21  | SWITCH, LTD., a Nevada limited liability company, | CASE NO.:    2:17-cv-02651-GMN-VCF |
    |---|---|
22  | | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
23  | Plaintiff, | |
    | vs. | |
24  | | |
25  | STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, | |
26  | | |
27  | Defendants. | |

28

This Stipulated Protective Order (the "Order") is submitted by Plaintiff Switch, Ltd. and Defendants Stephen Fairfax and MTechnology and is entered into by this Court on the date indicated below.

**I.      STATEMENT OF PURPOSE**

Discovery in this litigation could involve production of confidential, trade secret, proprietary, or private information and the risk of unauthorized disclosure or digital proliferation could cause harm and/or increase the risk of espionage, terrorism, and sabotage or cyber attack. Additionally, many of the documents that may be produced in this case were created under, and are protected by, non-disclosure agreements. Moreover, many of those documents were either created for or by Plaintiff's competitors, and Defendant needs to limit the access and use of those documents to protect its business reputation and the businesses of its clients. Such confidential and proprietary materials and information consist of, among other things, technical details related to services, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), or information otherwise generally unavailable to the public. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to mitigate digital proliferation and the corresponding risk of sabotage, espionage, terrorism, or cyber-attack, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, the following protective order for such information is justified and agreed to in this matter.

**II.      DEFINITIONS**

II.1      Action: The above-captioned action.

II.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that may reveal a trade secret, or other confidential research, development, financial, or other information: (1) that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and

1   not being readily ascertainable by proper means by, other persons who can obtain value from its

2   disclosure or use; or (2) that contains protected personally identifiable information; or (3) any other

3   material that is confidential pursuant to applicable law.

4         II.3   "HIGHLY CONFIDENTIAL INFORMATION": includes passwords, technical

5   design specifications, equipment serial numbers, equipment model numbers, IP addresses, and social

6   security numbers. Switch has attached, as **Exhibit B,** a copy of the various data that merit a "Highly

7   Confidential Information" designation for Switch. Defendants have attached, as **Exhibit C**, a copy

8   of the various data that merit a "Highly Confidential Information" designation for Defendants. The

9   parties agree that the producing party may produce the Highly Confidential Information after

10   narrowly redacting such information and replacing it with a box that reads: "Highly Confidential

11   Information," subject to the receiving party's right to challenge the redaction. To the extent a party

12   challenges another party's redaction and the Court orders disclosure, the parties will work in good

13   faith to agree on the handling of such Highly Confidential Information.

14         II.4   Counsel: counsel of record who have appeared in this Action, whether employed as

15   in-house or outside counsel (as well as their Support Staff).

16         II.5   Designating Party: a Party or Non-Party that designates information or items that it

17   produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

18   CONFIDENTIAL."

19         II.6   Disclosure or Discovery Material: all items or information, regardless of the medium

20   or manner in which it is generated, stored, or maintained (including, among other things, testimony,

21   transcripts, and tangible things), that are produced or generated in disclosures or responses to

22   discovery in this matter.

23         II.7   Expert and/or Consultants: a person with specialized knowledge or experience in a

24   matter pertinent to the litigation, along with his or her support staff, who has been retained by a Party

25   or its counsel to serve as an expert witness or as a consultant in the Action.

26         II.8   Non-Party: any natural person, partnership, corporation, association, or other legal

27   entity not named as a Party to this Action.

28         II.9   Party: any party to this Action, including all of its officers, directors, and employees.

II.10    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

II.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

II.12    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

II.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

II.14    Support Staff: legal affiliates, including but not limited to paralegals, investigative, technical, secretarial, clerical, assistants and other personnel who are engaged in assisting Counsel.

## III.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action or related actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## IV.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

## V.    DESIGNATING PROTECTED MATERIAL

V.1    **Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order (or redacts Highly Confidential information),

4

must take care to limit any such designations (or redactions) to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

V.2    **Manner and Timing of Designations**. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies or protection under this Order must be clearly so designated before or at the time the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    A Party or Third Party may designate discovery material as Protected Material in the following manner:

i.    TIFF/PDF Documents. In the case of documents or other materials (apart from depositions or other pre-trial testimony), by affixing the appropriate legend to each page of the document.

ii.    Native Documents. With respect to documents produced in   native format, by including the designation in the file name.

iii.    Non-Written Materials. In the case of non-text Protected Material (e.g., videotape, audio tape, computer disk, architectural drawings, electrical drawings, mechanical drawings, operating procedures, commissioning procedures, failure investigations, photographs and digital images), by labeling the outside of the material with the designation.

(b)    A Party or Non-Party that makes original documents available for inspection is not required to designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. If the Party or Non-Party chooses not to designate the materials until after the inspection, during the inspection and before the designation, all of the material made available for inspection shall be deemed at least

"CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If the Party or Non-Party making original documents available for inspection designates documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before the inspection occurs, that Party or Non-Party must follow the procedures otherwise outlined in Section V.

(c)   For testimony given in depositions, the Designating Party may identify the Disclosure or Discovery Material on the record, including exhibits before the close of the deposition. Upon such designation by counsel, the reporter of the deposition shall place the designated testimony and exhibits in a separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Alternatively, counsel may designate a deposition or portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by designating those portions of the transcript or referenced exhibits by page and line within thirty (30) days of receipt of the transcript and by so informing the other Parties of that designation. During the thirty-day period, the entire transcript shall be treated as at least "CONFIDENTIAL." Materials not designated as Protected Materials after the thirty (30) days will not be Protected Materials. Neither party may designate the entire transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL after the thirty (30) days, absent a separate protective order.

V.3   **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If the Receiving Party has disclosed the materials before receiving the

corrected designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.

V.4    **Documents Protected from Disclosure as Privileged or Otherwise Exempt from Disclosure.** If the Designating Party withholds relevant, otherwise discoverable information on the basis of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or rationale for withholding production, the Designating Party must provide the Receiving Party with a privilege log in conformance with the requirements of Fed. R. Civ. P. 26(b)(5)(A). Because counsel's communications with the client and work product developed once the litigation commences are presumptively privileged, they need not be included on any privilege log. In the event the Parties disagree on whether information has been properly withheld pursuant to the attorney-client privilege, the work product doctrine, or any other applicable privilege, after the Parties have completed the required meet and confer conference as provided in this Court's local rules, the Disclosing Party will offer to allow the Court to view the subject information *in camera* to determine whether the Disclosing Party properly designated the information as privileged.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

VI.1    **Timing of Challenges**. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

VI.2    **Challenge Process**. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the Producing Party written notice of its disagreement with the designation. The Parties shall first try to resolve such a dispute in good faith. If the dispute cannot be resolved, the Designating Party shall have thirty (30) days from the initial meet and confer regarding the designation, to either seek a protective order from the Court confirming the designation or withdraw the challenged designation. The Parties acknowledge and agree this challenge procedure shall not be used to gain any unfair tactical advantage in this case, such as through burdening a producing party with unnecessary voluminous challenges. Any disputes in this regard shall, after the required good faith meet-and-confer, be presented to the Court under the Court's procedure for discovery disputes.

VI.3    The burden of proving that information has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is on the Producing Party. Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall continue to be treated as such unless and until ordered otherwise by the Court, or re-designated by the designating party.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

VII.1    **Basic Principles**. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material is **only** permitted to be used in this Action in furtherance of a Party's claims or defenses and may not be used for any other purpose whatsoever, including but not limited to, in other litigation, to compete with the other Party or any third party, to damage a Party's relationships with any third party to this Action, or to gain a competitive advantage over the other Party to this Action or any third party. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this Action(s) has been terminated, a Receiving Party must comply with the provisions of section XII below ("TERMINATION OF THIS ACTION AND CONTINUING OBLIGATIONS"). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

VII.2    **Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only to:

(a)    if "CONFIDENTIAL," the Receiving Party;

(b)    if "HIGHLY CONFIDENTIAL," the Receiving Party's Counsel and their Support Staff to whom it is reasonably necessary to disclose the information for this Action, provided that no other members, managers, officers, executives, employees, independent contractors, shareholders, stakeholders, or any other third parties of or affiliated with the

8

Receiving Party, other than as explicitly provided for in this Protective Order, shall  be permitted to view any information identified as "HIGHLY CONFIDENTIAL" absent the written permission of the Designating Party and/or a valid order of this Court;

(c)       Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d)       the Court and its personnel;

(e)       Court reporters and their staff;

(f)       professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(g)       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)       during their depositions, witnesses, and attorneys for witnesses, in this Action to whom disclosure is reasonably necessary; provided: the deposing Party requests that the witness sign the form attached as **Exhibit A** hereto; and they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)       any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

VII.3   **Use in Court**. Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures. The party filing the papers bears the burden of overcoming the presumption in favor of public access to papers filed in court only with respect to the Protected Material included in the papers that the filing party designed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If the

party filing the papers include Protected Material designated "CONFIDENTIAL" or HIGHLY CONFIDENTIAL by another Party or Third Party, the Designating Party shall bear the burden of overcoming said presumption in its brief filed in response to the filing party's motion to seal.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If any Party receiving documents or information covered by this Order is subpoenaed in another action or proceeding, or served with a document demand, and such subpoena or document demand seeks material which was produced or designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL by the other Party, the Party receiving the subpoena or document demand shall give prompt written notice to counsel for the Designating Party and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved. The Party to whom the subpoena or document demand is directed shall not take any position concerning the propriety of such subpoena or document demand or the discoverability of the information sought that is adverse to the Designating Party should the Designating Party oppose the request for production of such documents or information. This Order is not intended to affect a Party's obligation to respond to an order from a court of competent jurisdiction compelling a production of documents subject to this Order.

## IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order apply to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (a)      promptly notify in writing the Requesting Party and the Non-Party that some

1  or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2  (b)  promptly provide the Non-Party with a copy of the Stipulated Protective

3  Order in this Action, the relevant discovery request(s), and a reasonably specific description

4  of the information requested; and

5  (c)  make the information requested available for inspection by the Non-Party, if

6  requested.

7  If the Non-Party fails to seek a protective order from this court within fourteen (14) days of

8  receiving the notice and accompanying information, the Receiving Party may produce the Non-

9  Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

10  protective order, the Receiving Party shall not produce any information in its possession or control

11  that is subject to the confidentiality agreement with the Non-Party before a determination by the

12  Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

13  seeking protection in this Court of its Protected Material.

14  **X.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15  X.1  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this Protective Order,

17  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

18  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and

19  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

20  this Order.

21  X.2  If the Receiving Party discloses Protected Material designated as "HIGHLY

22  CONFIDENTIAL" to any person or in any circumstance not authorized under this Protective Order

23  or a Protective Order of equal or greater protection, such disclosure shall be deemed to be a material

24  breach of the provisions of this Protective Order and shall entitle the Designating Party to monetary

25  and equitable damages, including but not limited to actual damages, punitive damages, injunctive

26  relief, the right to request a negative inference or issue preclusion from the Court, and in cases where

27  the disclosure is extreme or intentional, partial or total dismissal of the breaching party's claims or

28  defenses.

**XI.    MISCELLANEOUS**

XI.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

XI.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

XI.3    Nothing in this Protective Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own confidential information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

XI.4    Transmission of notification by email to a Party's/Non-Party's Counsel is acceptable for all notification purposes within this Order. A Non-Party may designate an alternative representative for notification purposes if it is not represented by counsel.

**XII.    TERMINATION OF THIS ACTION AND CONTINUING OBLIGATIONS**

Within sixty (60) days after final conclusion of all aspects of this action, including any appeals, any Party and all persons who received (or tendered to any other person) documents or materials designated for CONFIDENTIAL or HIGHLY CONFIDENTIAL treatment (or any copy thereof) must (i) return such documents and materials to the Producing Party or (ii) certify in a notarized writing to counsel to the Producing Party that the Receiving Party or such person(s) has destroyed these documents and materials and the portions of all other material containing such CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

Notwithstanding these provisions, Counsel shall be permitted to retain copies of court filings, papers served in connection with this action, transcripts (including deposition transcripts), and

12

1  exhibits containing or reflecting CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or

2  materials. Counsel for each party shall use reasonable efforts to review and/or destroy any or all

3  emails and electronic documents that may contain CONFIDENTIAL or HIGHLY

4  CONFIDENTIAL information. Counsel shall not be required to destroy or remove from any emails

5  or electronic work product any summaries or references to CONFIDENTIAL or HIGHLY

6  CONFIDENTIAL information provided such work product does not contain actual copies (whole

7  or excerpted) or attachments constituting the actual CONFIDENTIAL information. Instead,

8  counsel is required to maintain such CONFIDENTIAL documents or materials in confidence and

9  consistent with the terms of this Protective Order.

10         This Order shall survive the final termination of this litigation with respect to any such

11  retained CONFIDENTIAL or HIGHLY CONFIDENTIAL materials. This Court retains and shall

12  have continuing jurisdiction over the Parties and recipients of material designated as

13  CONFIDENTIAL or HIGHLY CONFIDENTIAL for enforcement of the provisions of this Order

14  following termination of this litigation.

15                                            DATED this  18th   day of November, 2019.

16                                             /s/ RONALD D. GREEN
                                              RONALD D. GREEN, ESQ.
17                                            Nevada Bar No. 7360
                                              ALEX J. SHEPARD, ESQ.
18                                            **RANDAZZA LEGAL GROUP, PLLC**
                                              Nevada Bar No. 13582
19                                            2764 Lake Sahara Drive, Suite 109
20                                            Las Vegas, Nevada 89117
                                              *Attorneys for Defendants*
21

22

23

24

25

26

27

28

/s/ Jacob A. Reynolds

Samuel Castor (NV Bar No. 11532)
Anne Marie-Birk (NV Bar No. 12330)
**SWITCH, LTD.**
7135 South Decatur Blvd.
Las Vegas, NV 89118

Mark A. Hutchison (NV Bar No. 4639)
Jacob A. Reynolds (NV Bar No. 10199)
Piers R. Tueller (NV Bar No. 14633)
**HUTCHISON & STEFFEN, PLLC**
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

Attorneys for Plaintiff
Switch, Ltd.

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

_____
DATE

14

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the District of Nevada in the above-captioned

case. I acknowledge that given the mission critical nature of data center services and the related risks

for cyber-attack, espionage, terrorism, and sabotage, and therefore agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could increase the risk of damage to either party and their customers and expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District

of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of these actions.


Date:_____          Signature:    _____

                                                  _____
                                                  Type or Print Name

15

# EXHIBIT B

## SWITCH STANDARD REDACTION PROTOCOL

**Purpose** – Given the mission critical nature of data center services and the related risks for cyber-attack, espionage, terrorism, and sabotage, all parties agree to comply with and to be bound by all the terms of the Stipulated Protective Order.

**Highly Confidential Information** - If a document is responsive, but it contains the following technical information, it is "Highly Confidential Information" and will be redacted as set forth below. **Note:** Redactions will be as limited as possible to make it easy for the reviewing attorney to deduce what information has been redacted (e.g. only the number "8" in "Sector 8" would be redacted).

| Information | Redaction Action to Take |
|---|---|
| Username/Project name Passwords/Code Words | Redact all |
| Technical Design Specifications: <br> 1. Cage numbers <br> 2. Rack numbers <br> 3. PDU numbers <br> 4. Sector numbers <br> 5. NAP numbers <br> 6. Circuit numbers <br> 7. Model numbers <br> 8. ASN Numbers <br> 9. Passwords / pass phrases <br> 10. Customer code names for projects <br> 11. Power usage levels (e.g. kwh/kw/kva/mwh/mw/mva) | Redact all technical details. <br> **Remember:** Switch is at a high risk for espionage, sabotage, or terrorism.  This is private information that assailants would need to hack, break into, or disrupt services at Switch. |
| Equipment Model Numbers/Serial Numbers | Redact all numbers/letters (leave "Model/Serial Number" if possible) |
| IP Addresses | Redact all digits (leave "IP Address" if possible) |
| Social Security Numbers | Redact all 7 digits (leave "social security" if possible) |
| Physical Service Address (e.g. for carrier services) | Redact everything but leave City/State/Zip |

16

**EXHIBIT C**
**MTech Highly Confidential information**

1. architectural drawings;
2. electrical drawings;
3. mechanical drawings;
4. operating procedures;
5. commissioning procedures;
6. failure investigations;
7. photographs;
8. digital images;
9. any work performed pursuant to a non-disclosure agreement; and
10. any documents and other materials received under a non-disclosure agreement.

17