Samuel Castor (11532)
Anne-Marie Birk (12330)
SWITCH, LTD.
7135 South Decatur Blvd.
Las Vegas, Nevada 89118
Telephone: (702) 444-4111
sam@switch.com
abirk@switch.com

Mark A. Hutchison (4639)
Jacob A. Reynolds (10199)
Piers R. Tueller (14633)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Fax: (702) 385-2086
mhutchison@hutchlegal.com
jreynolds@hutchlegal.com
ptueller@hutchlegal.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company, <br><br>Plaintiff, <br><br>vs. <br><br>STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, <br><br>Defendants. | CASE NO. 2:17-cv-02651-GMN-EJY <br><br>**STIPULATED AMENDED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br>**(THIRD REQUEST)** |

Pursuant to LR IA 6-1 and LR 26-4, counsel for Plaintiff SWITCH, LTD. ("Plaintiff") and Defendants STEPHEN FAIRFAX and MTECHNOLOGY ("Defendants") hereby submit this Stipulated Amended Discovery Plan and Scheduling Order to extend the current discovery deadlines.

1

The parties make this third request for continuance in good faith after resolving the motions and various filings that have not yet been resolved by the Court.  In short, this case involves substantial trade secrets that both parties would like to protect.  No protective order has been entered which has resulted in extremely limited document production, which further prevents meaningful depositions and complete expert reports from being prepared and submitted.

Accordingly, to resolve the discovery impasse the parties are contemporaneously filing a stipulated protective order which will allow the parties to begin meaningful production of documents, depositions, and expert work.  Given the impending holidays and other demands on counsel, the parties have agreed to the following extension to prevent further delays in the case and bring a resolution to the case.

In support of this Stipulation, the parties state as follows:

**1.      Discovery Completed to Date**

 The parties have served written discovery on each other. However, in the responses that have been served, both parties have objected to many of the requests on the grounds that there is no protective order in this case.

The parties have attempted over many months and multiple meet and confers to resolve this issue, including filing a Request for a Pretrial Conference and Submission of Proposed Protective Order[1] and Motion to Extend Deadlines for Disclosure of Experts and Expert Reports.[2] These filings are resolved by the contemporaneous stipulated protective order and this discovery plan, and should therefore be denied as moot.

Defendants served an initial expert report, and Plaintiff served a rebuttal expert report. Both were hampered by the lack of document production in this case.

**2.      Discovery Remaining to be Completed**

The parties have reached an agreement regarding a stipulated protective order, which will be filed with the Court contemporaneously with this Stipulation.

There has been no document production in this case, but the parties have agreed to a date certain to respond to the pending discovery requests once the protective order is entered.

---

[1] (Dkt. No. 48).
[2] (Dkt. No. 55).

2

Depositions of the parties, and experts need to be set, as well as potential site visits.

**3.     Reasons why Discovery has not been Completed**

Good cause exists to extend the discovery deadlines in this case. Good cause to extend a discovery deadline exists if it cannot reasonably be met despite the diligence of the party seeking the extension."[3]

It became clear after the first discovery responses in June of 2019 that both parties would require a protective order to fully engage in discovery. Through July and August 2019, the parties engaged in several email and telephonic discussions in an attempt to form an acceptable protective order. Ultimately, Defendants filed their Request for Pretrial Conference and Proposed Protective Order on September 3, 2019, stating that, "given the number of times and the length of time that the parties debated this issue, it was clear that it was time for outside help."[4]

The lack of a protective order has caused several issues in this case. It has prevented both sides from fully engaging in the discovery process, including document production. The parties cannot depose any potential witnesses without the proper documentation. However, the parties have reached an agreement regarding a stipulated protective order that will now allow discovery to proceed in full. The parties do not anticipate requesting any additional extensions of the discovery period.

The parties hereby stipulate to move the discovery deadlines in this case, including the deadlines for initial and rebuttal expert disclosures, which have passed.[5] Under LR 26-4, "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." Though this Stipulation is filed after the expiration of the expert deadlines, the parties have already taken other timely steps to address these deadlines. Defendants submitted an initial expert report. Plaintiff previously filed a Motion to Extend Deadlines for Disclosure of Experts and Expert Reports[6] explaining that the lack of a protective order made it impossible for Plaintiff to prepare

---

[3] *Derosa v. Blood Sys., Inc.*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1 (D. Nev. Aug. 1, 2013) (internal citations omitted).
[4] Defendants' Request for Pretrial Conference and Proposed Protective Order (Dkt. No. 48 at 4).
[5] Stipulated Amended Discovery Plan and Scheduling Order (Dkt. No. 45).
[6] (Dkt. No. 55).

3

an initial expert report. Plaintiff was able to submit a rebuttal expert report, though it was hampered by the lack of document production in this case.

**4.     Proposed Schedule for Completing all Remaining Discovery**

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cut-Off | December 9, 2019[7] | April 30, 2020 |
| Initial Expert Disclosures | October 10, 2019 | June 1, 2020 |
| Rebuttal Expert Disclosures | November 8, 2019 | July 1, 2020 |
| Dispositive Motions | January 8, 2020 | July 31, 2020 |
| Pretrial Order | February 7, 2020 | August 31, 2020—this deadline is suspended if a dispositive motion is timely filed |

The parties further agree that all discovery requests currently pending must be responded to by December 20, 2019.

It is so stipulated.

DATED this ___th day of November, 2019.

HUTCHISON & STEFFEN, PLLC

  /s/ Jacob A. Reynolds_____          /s/ Ronald D. Green_____
Mark A. Hutchison (4639)                    Ronald D. Green (NV Bar No. 7360)
Jacob A. Reynolds (10199)                   Alex J. Shepard (NV Bar No. 13582)
Piers R. Tueller (14633)
**HUTCHISON & STEFFEN, PLLC**               **RANDAZZA LEGAL GROUP, PLLC**
Peccole Professional Park                   2764 Lake Sahara Drive, Suite 109
10080 West Alta Drive, Suite 200            Las Vegas, NV 89117
Las Vegas, NV 89145

Samuel Castor (11532)
Anne-Marie Birk (12330)
SWITCH, LTD.
7135 South Decatur Blvd.
Las Vegas, Nevada 89118

*Attorneys for Plaintiff*                   *Attorneys for Defendants*

---

[7] "Any stipulation or motion must be made no later than November 18, 2019." (Dkt. No. 45 at 3).

4

IT IS HEREBY ORDERED that the scheduling in this case will proceed as follows:

| | |
|---|---|
| Discovery Cut-Off | April 30, 2020 |
| Initial Expert Disclosures | June 1, 2020 |
| Rebuttal Expert Disclosures | July 1, 2020 |
| Dispositive Motions | July 31, 2020 |
| Pretrial Order | August 31, 2020—this deadline is suspended if a dispositive motion is timely filed |

IT IS FURTHER ORDERED that Defendants' Request for a Pretrial Conference and Submission of Proposed Protective Order (Dkt. No. 48) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Deadlines for Disclosure of Experts and Expert Reports (Dkt. No. 55) is DENIED AS MOOT.

_____
United States Magistrate Judge

Dated: November 19, 2019

5