Exhibit 1

## DECLARATION OF SAMUEL CASTOR PURSUANT TO 28 U.S.C. § 1746

I, Samuel Castor, declare under penalty of perjury that the foregoing is true and correct:

1. I am Defendant Switch, Ltd.'s ("Switch") Executive Vice President of Policy and Deputy General Counsel. I am also a counsel of record in this matter. I have knowledge of the facts stated herein and, if called to testify as a witness, I could and would competently testify as set forth below.

2. I make this Declaration in Support of Switch's Motion to Compel Response to Subpoena Duces Tecum by Jones Lang LaSalle Incorporated ("JLL").

3. Through its own research during this case, Switch has discovered that JLL has relationships with several relevant entities in this case.

4. JLL is a global real estate services firm dealing with data centers.

5. Attached as **Exhibit 2** are true and correct copies of the 2011 and 2015 Nondisclosure Agreements.

6. JLL has two offices in Las Vegas and regularly transacts business within Clark County. S*ee* Printout of JLL's website, attached to the Motion to Compel as **Exhibit 3**.

7. JLL has provided services to eBay, the Switch customer that Fairfax conducted a risk assessment for, regarding eBay's data centers. *See* Printout of JLL Data Center Solution's website, attached to the Motion to Compel as **Exhibit 4**.

8. Mark Bauer, National Director at JLL, serves as a broker to Rich Reyher, who formerly served as Chief Engineer at eBay and oversaw construction of one of their data centers. *See* Printout of 7x24 Exchange's website, attached to the Motion to Compel as **Exhibit 5**.

9. Rich Reyher is currently Senior Director of Global Data Center Services of PayPal, who is also a customer of Switch. *Id.*

10. JLL has also provided services to Aligned. *See* Aligned Data Center's brochure, attached to the Motion to Compel as **Exhibit 6**; *see also* Aligned Energy's brochure, attached to the Motion to Compel as **Exhibit 7**.

11. JLL has helped Aligned find customers for its data centers, including the data center in Phoenix, Arizona. **Exhibit 6**; **Exhibit 7**.

12. Uber is a customer at Aligned's Phoenix, Arizona data center. *See* Printout of Aligned Energy's website, attached to the Motion to Compel as **Exhibit 7**.

13. Aligned's Phoenix, Arizona data center is one of the data centers at issue in this case, as Switch believes the data center incorporates Switch's trade secrets that were misappropriated by Defendants.

14. JLL's advertising for the Phoenix, Arizona data center includes a quote from Fairfax regarding the center's cooling and power generation platforms, which potentially include Switch's trade secrets. **Exhibit 7** at 3.

15. JLL's connections in the data enter industry make it very likely that JLL has information that is relevant to this case.

16. JLL's connections to Uber, PayPal, eBay, and Fairfax, make it very likely that JLL has information that is relevant to this case.

17. In order to obtain information regarding Defendant's actions in misappropriating Switch's trade secrets and selling those secrets, Switch served a subpoena duces tecum on JLL. *See* Subpoena, attached to the Motion to Compel as **Exhibit 8**.

18. JLL objected to the subpoena duces tecum and refused to produce any documents. *See* Objections, attached to the Motion to Compel as **Exhibit 9**.

19. To attempt to resolve JLL's objections, I had a meet and confer with JLL's counsel.

20. JLL's counsel simply refused to provide any documentation referring to the subpoena as a "fishing expedition."

21. On October 30, 2019, I sent an email to follow up on the meet and confer. *See* October 30, 2019 email, attached to the Motion to Compel as **Exhibit 10**.

22. I stated that I was willing to discuss search terms and hit results. *Id.*

23. I asserted that the subpoena's requests are reasonably limited in time because "the facts at issue arose in early 2011 and again in 2015 and again in 2018." *Id.*

24. I also asserted that the discovery is proportional to the needs of the case because "this matter involves hundreds of millions of dollars of contracts and intellectual property." *Id.*

///

25. Finally, I stated that, "None of the requests 'expressly call for the production of confidential and trade secret information'. However, I am open to you labeling all information that you deem confidential or a trade secret as 'Confidential Attorneys Eyes Only' and we will treat it accordingly." *Id.*

26. I gave JLL to November 14, 2019 to further discuss potential search terms and hit results. *Id.*

27. JLL did not respond.

28. I gave JLL to November 29, 2019 to produce the documents sought by the subpoena duces tecum. *Id.*

29. I sent follow-up emails to JLL on October 31, 2019 and November 4, 2019.

30. JLL did not respond to my proposals.

31. Despite Switch's sincere efforts to resolve the dispute, the parties require intervention by this Court.

Executed on: March 20, 2020.

                                                 */s/: Samuel Castor*
                                                 SAMUEL CASTOR