Exhibit 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | | |
|---|---|---|
| SWITCH, LTD. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:17-cv-02651-GMN-VCF |
| STEPHEN FAIRFAX; MTECHNOLOGY, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    JONES LANG LASALLE INCORPORATED
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See, Exhibit A.

| Place: Sam Castor, Esq. 7135 South Decatur Blvd., Las Vegas, NV 89118 | Date and Time: 08/16/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/19/2019

                    *CLERK OF COURT*
                                                                    OR
_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ SWITCH, LTD. _____, who issues or requests this subpoena, are:
Sam Castor, Esq., 7135 South Decatur Blvd., Las Vegas, NV 89118

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-cv-02651-GMN-VCF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:17-cv-02651-GMN-EJY   Document 66-8   Filed 03/20/20   Page 4 of 8

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

In addition to the definitions and requirements set forth in the Federal Rules of Civil Procedure, including without limitation Rule 45, the following definitions and instructions apply to each of the document requests set forth in this subpoena, and are deemed to be incorporated into each of the requests.

**A.    DEFINITIONS**

1.    **You/Your**.  The terms "you" or "your" refer to the entity on which this subpoena was served, as well as any and all predecessors-in-interest, any and all employees, representatives, agents, or other persons or entities acting or purporting to act for, on behalf of, or with, said entity.

2.    **Switch**.  The term "Switch" means Switch, Ltd., and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

3.    **Stephen Fairfax**.  The term "Stephen Fairfax" means Stephen Fairfax, any and all predecessors-in-interest, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

4.    **MTechnology**.  The term "MTechnology" means MTechnology, and any and all predecessors-in-interest, and all of its past or present principals, members, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

5.    **Aligned**.  The term "Aligned" means Aligned Data Centers, LLC, and any and all predecessors-in-interest, and all of its past or present principals, members, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

6. **Aligned Energy**. The term "Aligned Energy" means Aligned Energy Holdings, LP, and any and all predecessors-in-interest, and all of its past or present principals, members, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

7. **Inertech**. The term "Inertech" means Inertech, LLC, and any and all predecessors-in-interest, and all of its past or present principals, members, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

8. **Uber**. The term "Uber" means Uber Technologies, Inc., Uber ATC, and any and all predecessors-in-interest, and all of its past or present principals, members, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

9. **eBay**. The term "eBay" means eBay, and any and all predecessors-in-interest, and all of its past or present principals, members, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

10. **PayPal**. The term "PayPal" means PayPal, and any and all predecessors-in-interest, and all of its past or present principals, members, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, any or all of them.

**B.    INSTRUCTIONS**

1. All Documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no Documents in response to a particular request, or if You withhold any responsive Documents or categories of Documents based on any objections, please state so in writing. If it is convenient and less costly, we prefer accept documents in a native electronic format.

2. These requests call for the production of all responsive Documents in Your possession, custody, or control.

3.  If any responsive Document was, but no longer is, in Your possession, subject to Your control, or in existence, please include a statement:

    a.  Identifying the Document;

    b.  Describing where the Document is now;

    c.  Identifying who has control of the Document; and

    d.  Describing how the Document became lost or destroyed or was transferred.

4.  Each request contemplates production of all Documents in their entirety. If only a portion of a Document is responsive to one or more requests, the Document should still be produced in its entirety.

5.  If any Document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, please set out separately with respect to each withheld Document, the legal objections for producing the document with an appropriate privilege log under the Federal Rules of Civil Procedure.

6.  If You object to any Document request on any ground other than privilege, please specify:

    a.  The part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

    b.  Whether any responsive materials are being withheld on the basis of an objection.

7.  To the extent You assert that a Document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the Document must be produced. For each such Document, indicate a portion of the Document withheld by stamping the words "Material Redacted as [Basis for Protection]" on the Document in an appropriate location that does not obscure the remaining text.

8.      If there are no Documents in response to any particular request, please so state in writing.

9.      Unless otherwise stated herein, all Documents requested cover the period between January 1, 2011 and the present.

10.     Requests for production should be read so as to encompass any and all items responsive to the request.

11.     These requests shall be deemed continuing, requiring You to produce supplemental responses if You obtain additional information called for by the requests. Each supplemental response is to be produced as soon as is reasonably possible after the discovery of the supplemental information and no later than 30 days after the discovery of the supplemental information.

## **DOCUMENTS REQUESTED**

1.      All communications with any employee, officer, or representative of MTechnology, including Stephen Fairfax, including but not limited to, emails to or from addressees ending with the address "@mtechnology.net") from January 1, 2011 to present, regarding Switch.

2.      All communications with any employee, officer, or representative of Inertech from January 1, 2011 to present, regarding Switch.

3.      All communications with any employee, officer, or representative of Uber from January 1, 2011 to present, regarding Switch.

4.      All communications with any employee, officer, or representative of eBay from January 1, 2011 to present, regarding Switch.

5.      All communications with any employee, officer, or representative of PayPal from January 1, 2011 to present, regarding Switch.

6.      All communications with any employee, officer, or representative of Aligned from January 1, 2011 to present, regarding Switch.

7.      All communications with any employee, officer, or representative of Aligned Energy from January 1, 2011 to present, regarding Switch.