Exhibit 9

ARNOLD & PORTER KAYE SCHOLER LLP
MICHAEL A. BERTA (No. 194650)
michael.berta@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   415.471.3100
Facsimile:   415.471.3400

Attorneys for Non-Party
JONES LANG LASALLE INCORPORATED

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN FAIRFAX; MTECHNOLOGY, et al., <br><br> Defendants. | No. 2:17-cv-02651-GMN-VCF <br><br> **NON-PARTY JONES LANG LASALLE INCORPORATED'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** <br> [Fed. R. Civ. P. 45] |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, JONES LANG LASALLE INCORPORATED ("JLL"), a non-party to the above action, makes the following objections to a subpoena (the "Subpoena") dated July 19, 2019 in the above-captioned matter.

**GENERAL OBJECTIONS**

1. JLL objects to the subpoena as unduly burdensome because JLL's burden and expense is significantly greater than any benefit to the subpoenaing party for any issue relevant to this matter. Rule 26(b)(2)(C)(iii). The Subpoena contains seven broad document requests that would require costly and time-consuming searches and review of electronic databases over a period of eight years for information in wide-ranging categories that is not reasonably targeted to seek relevant information.

2. JLL objects to the Subpoena because it would require the disclosure of JLL confidential information and/or trade secrets. Rule 45(c)(3)(B)(i). Disclosure of such confidential information and/or trade secrets would cause irreparable injury to JLL, including substantial harm to JLL's competitive position.

3. JLL objects to each and every Request to the extent that it seeks documents or information protected by any applicable privilege or protection, including, without limitation, the attorney-client privilege and work product doctrine. JLL objects to identifying or logging such privileged and/or protected documents as doing so would be unduly burdensome, oppressive and expensive. Rule 26(b)(2)(C)(iii).

4. JLL further objects to each and every Request to the extent that it seeks documents or information that can be obtained from other sources or in other manners, including from other parties to this matter, without imposing the undue burden and expense on JLL reflected by the Subpoena.

5. JLL objects to all Definitions, Instructions and Requests to the extent they are vague, ambiguous and/or confusing in that they fail to describe with reasonable particularity the information sought.

6. JLL objects to the Subpoena to the extent it assigns "Definitions" to terms that are vague, ambiguous, or inconsistent with the ordinary meaning of those terms, including You/Your, Switch, Stephen Fairfax, MTechnology, Aligned, Aligned Energy, Intertech, Uber, eBay, and PayPal.

7. JLL objects to the Subpoena to the extent it provides "Instructions" to the extent they seek to impose requirements beyond what is allowed under the Federal Rules of Civil Procedure and other applicable rules.

8. JLL objects to the Subpoena as not allowing a reasonable amount of time to respond by on the scope of the information purportedly sought.

9. JLL has not been served with any applicable pleadings and orders in the action. Any objections and substantive responses provided to the Subpoena are based on information presently available to JLL based on the scope of the subpoena and time allowed for response. As a result, JLL reserves the right to amend and/or supplement its objections to the Subpoena based upon further review of the pleadings and orders in the action.

**SPECIFIC OBJECTIONS TO SUBPOENA FOR DOCUMENTS**

**REQUEST NO. 1**:

All communications with any employee, officer, or representative of MTechnology, including Stephen Fairfax, including but not limited to, emails to or from addresses ending with the address "@mtechnology.net") from January 1, 2011 to present, regarding Switch.

**RESPONSE TO REQUEST NO. 1**:

Incorporating herein and reasserting the General Objections above, JLL objects to this Request on the grounds that it seeks discovery that is properly obtained from the parties to this action. JLL objects to this Request on the grounds that it expressly calls for the production of confidential and trade secret information, it is not reasonably limited in time or in subject matter, and, for that reason, is unduly burdensome. JLL is willing to meet and confer regarding this request.

**REQUEST NO. 2**:

All communications with any employee, officer, or representative of Inertech from January 1, 2011 to present, regarding Switch.

**RESPONSE TO REQUEST NO. 2**:

Incorporating herein and reasserting the General Objections above, JLL objects to this Request on the grounds that it expressly calls for the production of confidential and trade secret information, it is not reasonably limited in time or in subject matter, and, for that reason, is unduly burdensome. JLL objects that this discovery appears to be for an improper purpose and is improper under Rule 45 and 26.

**REQUEST NO. 3**:

All communications with any employee, officer, or representative of Uber from January 1, 2011 to present, regarding Switch.

**RESPONSE TO REQUEST NO. 3**:

Incorporating herein and reasserting the General Objections above, JLL objects to this Request on the grounds that it expressly calls for the production of confidential and trade secret information, it is not reasonably limited in time or in subject matter, and, for that reason, is unduly burdensome. JLL objects that this discovery appears to be for an improper purpose and is improper under Rule 45 and 26.

**REQUEST NO. 4**:

All communications with any employee, officer, or representative of eBay from January 1, 2011 to present, regarding Switch.

**RESPONSE TO REQUEST NO. 4**:

Incorporating herein and reasserting the General Objections above, JLL objects to this Request on the grounds that it expressly calls for the production of confidential and trade secret information, it is not reasonably limited in time or in subject matter, and, for that reason, is unduly burdensome. JLL objects that this discovery appears to be for an improper purpose and is improper under Rule 45 and 26.

**REQUEST NO. 5**:

All communications with any employee, officer, or representative of PayPal from January 1, 2011 to present, regarding Switch.

**RESPONSE TO REQUEST NO. 5**:

Incorporating herein and reasserting the General Objections above, JLL objects to this Request on the grounds that it expressly calls for the production of confidential and trade secret information, it is not reasonably limited in time or in subject matter, and, for that reason, is unduly burdensome. JLL objects that this discovery appears to be for an improper purpose and is improper under Rule 45 and 26.

**REQUEST NO. 6**:

All communications with any employee, officer, or representative of Aligned from January 1, 2011 to present, regarding Switch.

**RESPONSE TO REQUEST NO. 6**:

Incorporating herein and reasserting the General Objections above, JLL objects to this Request on the grounds that it expressly calls for the production of confidential and trade secret information, it is not reasonably limited in time or in subject matter, and, for that reason, is unduly burdensome. JLL objects that this discovery appears to be for an improper purpose and is improper under Rule 45 and 26.

**REQUEST NO. 7**:

All communications with any employee, officer, or representative of Aligned Energy from January 1, 2011 to present, regarding Uber.

**RESPONSE TO REQUEST NO. 7**:

Incorporating herein and reasserting the General Objections above, JLL objects to this Request on the grounds that it expressly calls for the production of confidential and trade secret information, it is not reasonably limited in time or in subject matter, and, for that reason, is unduly burdensome. JLL objects that this discovery appears to be for an improper purpose and is improper under Rule 45 and 26.

Dated: September 19, 2019.

                               ARNOLD & PORTER KAYE SCHOLER, LLP

By: _____
    MICHAEL A. BERTA
    Attorneys for Non-Party JONES LANG
    LASALE INCORPORATED

# PROOF OF SERVICE

I, Alaina Austin, declare:

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111-4024. On September 19, 2019, I served the following document(s) described as: **NON-PARTY JONES LANG LASALLE INCORPORATED'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by transmitting via email the document(s) listed above to the email address(es) set forth below on this date.

☒ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Sam Castor, Esq.
7135 South Decatur Blvd.
Los Vegas, NV 89118

Attorney for Plaintiff
SWITCH, LTD.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if

PROOF OF SERVICE
-1-

1  postal cancellation date or postage meter date is more than one day after date of deposit for
2  mailing in affidavit.
3     I declare under penalty of perjury under the laws of the United States that the
4  foregoing is true and correct. Executed at San Francisco, California on September 19, 2019.

_____
Alaina Austin