Exhibit 10

**Archived:** Thursday, December 12, 2019 9:32:14 AM
**Sent:** Thursday, December 12, 2019 9:31:42 AM
**Subject:** Switch subpoena of JLL (Fairfax)
**Response requested:** No
**Importance:** Normal

---

**From:** Sam Castor [mailto:sam@switch.com]
**Sent:** Monday, November 04, 2019 11:45 AM
**To:** Farris, Joseph <Joseph.Farris@arnoldporter.com>
**Cc:** Jacob A. Reynolds <JReynolds@hutchlegal.com>; Anne-Marie Birk <abirk@switch.com>; Tanya Paonessa <tpaonessa@switch.com>; Feather Lake <feather@switch.com>; Kevin Everage <keverage@switch.com>; Emily Shaevitz <eshaevitz@switch.com>; Berta, Michael A. <Michael.Berta@arnoldporter.com>
**Subject:** RE: Switch subpoena of JLL (Fairfax)

Thank you. Just following up.

If I don't get an answer today, we'll proceed with a motion to compel as we have already met and conferred on this.

**From:** Farris, Joseph <Joseph.Farris@arnoldporter.com>
**Sent:** Friday, November 1, 2019 3:49 PM
**To:** Sam Castor <sam@switch.com>
**Cc:** Jacob A. Reynolds <JReynolds@hutchlegal.com>; Anne-Marie Birk <abirk@switch.com>; Tanya Paonessa <tpaonessa@switch.com>; Feather Lake <feather@switch.com>; Kevin Everage <keverage@switch.com>; Emily Shaevitz <eshaevitz@switch.com>; Berta, Michael A. <Michael.Berta@arnoldporter.com>
**Subject:** RE: Switch subpoena of JLL (Fairfax)

Sam,

Mike is not in the office today.  We're reviewing your email and will get back to you after the weekend.

Thanks,
Joe

_____
Joseph Farris
**Arnold & Porter**
Three Embarcadero Center | 10th Floor | San Francisco | CA 94111-4024
T: +1 415.471.3454 | F: +1 415.471.3400
joseph.farris@arnoldporter.com | www.arnoldporter.com

**From:** Sam Castor <sam@switch.com>
**Sent:** Thursday, October 31, 2019 10:02 AM
**To:** Berta, Michael A. <Michael.Berta@arnoldporter.com>; Farris, Joseph <Joseph.Farris@arnoldporter.com>
**Cc:** Jacob A. Reynolds <JReynolds@hutchlegal.com>; Anne-Marie Birk <abirk@switch.com>; Tanya Paonessa

<tpaonessa@switch.com>; Feather Lake <feather@switch.com>; Kevin Everage <keverage@switch.com>; Emily Shaevitz <eshaevitz@switch.com>
**Subject:** RE: Switch subpoena of JLL (Fairfax)

External E-mail

Michael/Joseph,

I have yet to hear from you.  Please let me know if you agree or disagree by tomorrow.

**SAM CASTOR**
EVP OF POLICY
DEPUTY GENERAL COUNSEL

o  +1 (702) 444-4102
m  +1 (702) 371-0724
e  sam@switch.com
+  Switch e-card

We use e-cards to reduce waste of natural resources and promote sustainability.

**From:** Sam Castor
**Sent:** Wednesday, October 30, 2019 1:57 PM
**To:** 'Michael.Berta@arnoldporter.com' <Michael.Berta@arnoldporter.com>; Joseph.Farris@arnoldporter.com
**Cc:** 'Jacob A. Reynolds' <JReynolds@hutchlegal.com>; Anne-Marie Birk <abirk@switch.com>; Tanya Paonessa <tpaonessa@switch.com>; Feather Lake <feather@switch.com>; Kevin Everage <keverage@switch.com>; Emily Shaevitz <eshaevitz@switch.com>
**Subject:** Switch subpoena of JLL (Fairfax)
**Importance:** High

Michael/Joseph,

Thank you for the meet and confer conversation a few days ago.  I look forward to resolving this issue rapidly and efficiently.

1. **Case Law**

As discussed, I would appreciate you sharing the case law you said you had that supports your contention that it is improper for us to seek discovery from third parties involved in the facts of a case, because "you are afraid we will sue you too." Feel free to correct me if I misunderstood your position, or send along case law that justifies that position.

And again, for clarity, we maintain this is not a "fishing expedition", but rather a reasonable discovery exercise to evaluate what we view as a clear nexus between JLL, Fairfax and Aligned.  Rule 26 of the FRCP is clear.  We are entitled to "obtain discovery regarding any non-privilege matter that

is relevant" to our claims. And "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

Given the relationship between JLL, Fairfax, and Aligned, there is more than a sufficient factual nexus to justify discovery and the reasonableness of our subpoena requests.  **As such, I expect revised responses with all documents by November 30th**.

2. **Your Non-Responsive Answers to Our Subpoena**

As for the individual requests to which you have refused to provide a single document, my goal is reasonableness and efficiency for both sides.  I am open to exploring search terms, and discussing hit results as long as you get them back to me by November 14th.

For requests 1 through 7, you use the same boilerplate objection that contains essentially four (4) sub parts: (1) "the request seeks discovery that is properly obtained from the parties to this action"; (2) "is not reasonably limited in time or in subject matter"; (3) "is not reasonably limited in subject matter" and (4) "expressly calls for the production of confidential and trade secret information."  I address each in turn below.

1. The objection that we can "obtain the information from another party" is <u>not</u> a valid objection.  We are entitled to compare and contrast discovery productions to verify accuracy and completeness.  There are also emails/documents only your client would likely have.

2. As for the "reasonably limited in time" objection, such an objection would be appropriate if any of the requests lacked a date reference but these do not.  <u>Each</u> of the requests uses the date range January 1, 2011 to the present.  This is a reasonable date range. It is less than ten years.  And the facts at issue arose in early 2011 and again in 2015 and again in 2018.  Communications between your client and Fairfax, and the other witnesses in this case are presumably ongoing.  Additionally, this matter involves hundreds of millions of dollars of contracts and intellectual property.  As such, we are entitled to this widow, as it is "proportional to the needs of the case".

3. Lastly, the requests are reasonably limited in subject matter. They all pertain to communications between <u>Switch</u> and another entity (namely, Inertech, Uber, eBay, PayPal, Aligned, and Aligned Energy).

4. None of the requests "expressly call for the production of confidential and trade secret information".  However, I am open to you labeling all information that you deem confidential or a trade secret as "Confidential Attorneys Eyes Only" and we will treat it accordingly.  I trust this resolves your concerns.

After our discussion, and reviewing these requests yet again, I am very concerned by these weak responses and I am hard pressed not to argue your objections are waived.  I appreciate we're all human.  And I am seeking production, not a discovery battle.  So I will forestall a motion to compel if I receive revised and complete responses by <u>November 29, 2019</u>.  The requests and your objections are attached and the requests are embedded below for your convenience.  If you would like to

provide hit results by November 14th, so we can discuss narrowing of search terms, I am also open to that discussion, provided all production occurs by **November 29, 2019**.

Thank you again.

**DOCUMENTS REQUESTED**

1. All communications with any employee, officer, or representative of MTechnology, including Stephen Fairfax, including but not limited to, emails to or from addressees ending with the address "@mtechnology.net") from January 1, 2011 to present, regarding Switch.
2. All communications with any employee, officer, or representative of **Inertech** from January 1, 2011 to present, regarding **Switch**.
3. All communications with any employee, officer, or representative of **Uber** from January 1, 2011 to present, regarding **Switch**.
4. All communications with any employee, officer, or representative of **eBay** from January 1, 2011 to present, regarding **Switch**.
5. All communications with any employee, officer, or representative of **PayPal** from January 1, 2011 to present, regarding **Switch**.
6. All communications with any employee, officer, or representative of **Aligned** from January 1, 2011 to present, regarding **Switch**.
7. All communications with any employee, officer, or representative of **Aligned Energy** from January 1, 2011 to present, regarding **Switch**.

**CONFIDENTIAL INFORMATION**

This email message, its chain, and any attachments: (a) may include proprietary information, trade secrets, pending patents, confidential information and/or other protected information ("Confidential Information") which are hereby labeled as "Confidential" for protection purposes, (b) is sent to you in confidence with a reasonable expectation of privacy, (c) may be protected by confidentiality agreements requiring this notice and/or identification, and (d) is not intended for transmission to, or receipt by unauthorized persons. Your retention or possession will be viewed as your consent to the foregoing and covenant to comply with Switch's then current acceptable use policy available at www.switch.com/aup. If you are not the intended recipient, (i) please notify the sender immediately by telephone or by replying to this message and (ii) then delete this message, any attachments, chains, copies or portions from your system (s). Retention of this email and the associated data constitutes valid consideration and your consent, agreement and covenant to abide by the foregoing terms.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com