Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Stephen Fairfax and MTechnology

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY, INC.; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-02651-GMN-EJY<br><br>**RESPONSE TO MOTION TO COMPEL THIRD-PARTY JONES LANG LASALLE TO PROVIDE REQUESTED DOCUMENTS** |

Defendants MTechnology, Inc. ("MTech") and Stephen Fairfax hereby file their response to Plaintiff Switch, Ltd.'s ("Switch") Motion to Compel Third Party Jones Lang LaSalle to Provide Requested Documents (Doc. # 66). This Response is based upon the attached memorandum of points and authorities, the declaration of Stephen Fairfax, the papers and pleadings on file in this action, and any oral argument permitted by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Late in the evening of March 20, 2020, Plaintiff Switch filed a Motion to Compel against Third Party Jones Lang LaSalle ("JLL"). In that Motion, which oddly appears to have been drafted months ago and not updated prior to filing,[1] Switch demands that JLL, a third party that is not mentioned in

---

[1] In addition to noting that Switch and JLL conducted a meet and confer conference in October of 2019, Switch notes that "the parties are scheduled to respond to outstanding discovery requests on December 20, 2019." (Motion, at 6.)

1  Switch's Complaint, produce documents related to other third parties to this case. Switch's
2  justification for its demand is an unsupported allegation that "JLL has relationships with Defendants."
3  (Motion, at 2; Exhibit 1, at ¶ 17.)

4  Because the document requests at issue are directed to a third party and not to MTech or
5  Mr. Fairfax, Defendants will allow JLL to argue as to why it should not be required to produce
6  documents to Switch. However, for this Court's benefit and for consideration in deciding whether to
7  grant Switch's Motion, Defendants do wish to correct or clarify factual allegations made by Switch in
8  its Motion.

9  **1.0  Switch Has Made Statements Indicating That This Case Is Intended To Obtain
10        Information To Allow It To Sue Third Parties.**

11  Defendants anticipate that JLL will likely argue that Switch's subpoena is an improper attempt
12  to gather information to sue third parties to this case, and not for use in this case at all. Since being
13  served with Switch's Complaint, Defendants have had concerns that Switch is using this case to
14  improperly attempt to build litigation cases against third parties. Those concerns were validated during
15  a meeting between the parties on August 28, 2018, where in-house counsel for Switch informed
16  Defendants that MTech and Mr. Fairfax were not its primary target. (*See* Declaration of Stephen
17  Fairfax ["Fairfax Declaration"], attached hereto as **Exhibit A**, at ¶ 24; *see also* Declaration of Marc
18  Randazza (Doc. # 53-25), at ¶ 5.) During that meeting, Switch's in-house attorneys expressly asked
19  Mr. Fairfax and MTech for assistance in helping Switch form a case against Aligned Data Centers,
20  LLC ("Aligned"). (*See* Fairfax Declaration, at ¶ 24.)

21  Plaintiff has admitted that it intended to use discovery in this case to build claims against third
22  parties on other occasions as well. Notably, Switch does so in the current Motion when it admits that
23  "Switch is not merely using the current action to attempt to build a future case against JLL." (Motion,
24  at 8.) Moreover, when the parties were negotiating the language of a protective order for this case,
25  Sam Castor, Switch's in-house counsel, acknowledged that Switch intended to use discovery in this
26  case to build cases against third parties. (*See* ECF No. 53-25, at ¶ 6; Declaration of Ronald D. Green
27  (ECF No. 53-26), at ¶ 7.)

1  Based upon statements made by Switch's counsel on several occasions, Defendants and their
2 counsel have been concerned that Switch's case is a pretext to collect information on third parties.
3 After discussions with Switch's counsel, JLL apparently had the same concern.  This Court should
4 consider Switch's statements when deciding whether to grant Switch's discovery motions.

5 **2.0    MTech and Mr. Fairfax do not design data centers.**

6  To justify the JLL subpoena (and its claims generally), Switch alleges that Defendants helped
7 Aligned design data centers and provided Aligned with Switch's trade secrets during that design
8 process.  (*See* Motion, at 2.)  MTech, and by extension its President Stephen Fairfax, do not design
9 data centers.  (*See* Fairfax Declaration, at ¶ 7.)  In fact, many of MTech's biggest clients are in the
10 business of designing data centers, and MTech is uninterested in being in competition with its biggest
11 clients.  (*See id.*)  Moreover, at all times relevant to this action, MTech has been a small company, and
12 none of its employees were professional engineers.  (*See id.*, at ¶ 17.)  Thus, even if MTech desired to
13 design data centers, it did not (and does not) possess the qualifications or resources to do so.

14 **3.0    MTech visited Switch's Las Vegas facility in 2011.**

15  In 2011, eBay retained MTech to evaluate Switch's Las Vegas "NAP" facility, causing Switch
16 to give Mr. Fairfax (as MTech's President) a tour of the facility.  (*See* Fairfax Declaration, at ¶ 14.)
17 eBay offered to pay for MTech to perform a reliability analysis of Switch's data center as part of the
18 process.  (*See id.*, at ¶ 15.)  However, Switch refused to allow MTech to perform the reliability
19 calculation.  (*See id.*)  Based upon Switch's refusal, MTech could not provide a reliability analysis of
20 the Switch data center to eBay and would have been incapable of doing any of the things alleged in
21 Switch's Complaint or the instant Motion.  (*See id.*)

22  Not only did Switch refuse the reliability analysis that eBay was willing to pay for, it refused to
23 even show any documents to MTech in 2011.  (*See* Fairfax Declaration, at ¶ 16.)  Specifically, in what
24 would turn out to be a preview of this litigation, Switch executives informed Defendants that they
25 believed that MTech would use those documents to steal Switch's trade secrets and build competing
26 data centers.  (*See id.*, at ¶ 16.)  MTech informed Switch that it was neither technically qualified nor
27

financially capable of designing data centers, but this did not assuage Switch's concerns. (*See id.*, at ¶ 17.)

### 4.0    MTech did not visit a Switch facility in 2015.

In the instant Motion, Switch states that MTech "inspected the Switch facility and designs in 2011 and 2015." (Motion, at 2.)  While MTech had a customer that desired MTech to tour a Switch facility in 2015 and Switch and MTech executed a Non-Disclosure Agreement in 2015, that visit never occurred. (*See* Fairfax Declaration, at ¶ 20.)  Moreover, in responses to written discovery, Switch identified numerous individuals that could attest to MTech's 2011 visit to Switch's facility but could identify no one that could attest to the 2015 visit.[2]  Switch cannot use this alleged visit to justify its need for documents because this visit never occurred.

### 5.0    MTech did not work on Aligned's Phoenix, Arizona data center.

Switch's primary justification for the JLL Subpoena is its allegation that MTech performed work on Aligned's Phoenix, Arizona data center. (*See* Motion, at 3.)  Specifically, Switch states that "JLL's advertising for [Aligned's] Phoenix, Arizona data center includes a quote from Fairfax regarding the center's cooling and power generation platforms." (*Id.*)  Switch believes that the Phoenix data center "incorporates Switch's trade secrets that were misappropriated by Defendants." (*Id.*)

There is one significant problem with Switch's theory: neither MTech nor Mr. Fairfax did any analysis of Aligned's Phoenix data center. (*See* Fairfax Declaration, at ¶ 11.)  Rather, Defendants only analyzed Aligned's data center located in Plano, Texas. (*See id.*)

Switch alleges that JLL advertised Aligned's Phoenix data center and that its advertising "includes a quote from Fairfax regarding the center's cooling and power generating platforms." (Motion, at 3.)  Switch is referring to an apparent advertisement from Aligned attached as *Exhibit 7* to its Motion, which attributes the following quote to Mr. Fairfax: "One of the most reliable cooling & power generation platforms ever studied." (*Exhibit 7* to Switch's Motion, at 4.)  While Mr. Fairfax

---

[2]  Because Switch has identified these interrogatory responses as "Confidential," MTech is not attaching them to this Response.  However, to the extent that this Court would like to review them or to the extent that Switch contends that MTech is lying, Defendants would certainly be happy to provide them to this Court for *in camera* review.

1  cannot testify as to the accuracy of the Exhibit, he is quite sure that he did not write or say these words
2  and that he does not make such sweeping statements.  (*See* Fairfax Declaration, at ¶ 10.)

3  Mr. Fairfax (on behalf of MTech) did tour Aligned's Phoenix facility.  (*See id.*, at ¶ 12.)  During
4  that tour, he noted significant design changes from Aligned's Plano facility that would have material
5  effects on the reliability of the data center.  (*See id.*)  Because he did not analyze the Phoenix facility,
6  he could not opine upon whether those design changes would make the Plano facility more or less
7  reliable than the Phoenix facility.  (*See id.*)  Switch's Motion is based upon faulty assumptions and
8  incorrect arguments.

**6.0  Conclusion**

10  Defendants MTech and Stephen Fairfax request that this Court consider this information
11 when determining whether to grant Switch's current Motion to Compel against JLL and future
12 discovery motions in this case.

Dated: April 3, 2020.                             Respectfully submitted,

/s/ Ronald D. Green
_____
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Defendants
Stephen Fairfax and MTechnology

Case No. 2:17-cv-02651-GMN-EJY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/ Trey A. Rothell
Employee,
Randazza Legal Group, PLLC