SAMUEL CASTOR, ESQ.
Nevada Bar No. 11532
ANNE-MARIE BIRK, ESQ.
Nevada Bar No. 12330
**SWITCH, LTD.**
7135 South Decatur Blvd.
Las Vegas, Nevada 89118
Telephone: (702) 444-4111
policy@switch.com

MARK A. HUTCHISON
Nevada Bar No. 4639
JACOB A. REYNOLDS
Nevada Bar No. 10199
PIERS R. TUELLER
Nevada Bar No. 14633
**HUTCHISON & STEFFEN, PLLC**
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-02651-GMN-EJY<br><br>**STIPULATED AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(FOURTH REQUEST)** |

Pursuant to LR IA 6-1 and LR 26-4, counsel for Plaintiff SWITCH, LTD. ("Plaintiff") and Defendants STEPHEN FAIRFAX and MTECHNOLOGY ("Defendants") hereby submit this Stipulated Amended Discovery Plan and Scheduling Order to extend the current discovery deadlines.

The parties respectfully make this fourth request for continuance of the deadlines by ninety (90) days in good faith due to restrictions related to COVID-19.

1

In support of this Stipulation, the parties state as follows:

**1.     Discovery Completed to Date**

The parties have each served, and responded to, multiple requests for written discovery, including requests for production, requests for admission, and interrogatories. While all parties initially objected to written discovery due to the lack of a protective order to protect sensitive documents from disclosure, they agreed upon the language of a Stipulated Protective Order, which they filed on November 19, 2019 [Dkt. #64]. The parties have each supplemented their discovery responses and have met and conferred with respect to alleged deficiencies in those responses. Plaintiff is still awaiting Defendants' supplemental responses and has filed a Motion to Compel Production of Documents against third party Jones Lang LaSalle to corroborate Defendant's production. Plaintiff has served additional third party subpoenas as well. With regard to Switch's document production, the parties' views are not aligned.

PLAINTIFF'S POSITION: Due to the sensitive nature of documents to be produced by Switch, and the need to safeguard Switch's mission critical technology infrastructure services, the parties agreed to an onsite production and inspection of documents and materials.

DEFENDANTS' POSITION: Defendants' counsel was willing to review Switch's documents onsite prior to the COVID-19 pandemic but does not believe onsite review to be a feasible or appropriate requirement during this crisis, particularly given the stay-at-home order issued by the State of Nevada.

Defendants served an initial expert report, and Plaintiff served a rebuttal expert report. On March 20, 2020, Plaintiff noticed the depositions of Defendant Stephen Fairfax and the 30(b)(6) witness for Defendant MTechnology to take place on April 8 and 9, 2020. Given the current restrictions regarding gatherings and travel due to the COVID-19 pandemic, the parties are working on establishing mutually acceptable dates for deposing each other's witnesses. Due to the complicated and highly technical nature of this case, the parties wish to depose witnesses in person after social distancing guidelines have been lifted.

///

///

**2. Discovery Remaining to be Completed**

Pursuant to the meet and confer conferences of the parties, Defendants are in the process of supplementing prior written discovery, and the parties are working together regarding access to the production of sensitive documents respecting Switch's mission critical technology infrastructure needs and concerns. Switch is also awaiting production by third parties like Jones Lang LaSalle.

Prior to the pandemic, Switch offered to produce its production onsite, and the parties agreed that Defendants' counsel would review Plaintiff's production of documents onsite, at Plaintiff's Tier 5 Platinum data center campus. Switch believes current onsite review remains possible although subject to required social distancing as the attorney would be alone in the on-site, secure room as they conducted the review. Switch is a mission critical, technology infrastructure provider authorized to continue to operate by the U.S. Department of Homeland Security's Critical Infrastructure sector per Presidential Policy Directive 21 (PPD-21) which identifies 16 critical infrastructure sectors, including power, telecommunications and data centers. Defendants do not believe that it is appropriate for its counsel to personally appear at Switch's operating facility during the COVID-19 pandemic, given the social distancing guidelines currently in place in the State of Nevada and across the United States. Defendants do not dispute that the federal government has classified the operation of Switch's data centers as an essential activity. However, Defendants' counsel's review of Switch's documents at Switch's data center in a civil matter is not essential. As such, Defendants desire to establish an alternate method to review Switch's documents that will assuage Switch's concerns and simultaneously allow the parties to abide by the State of Nevada's stay-at-home order. Defendants and their counsel are currently exploring potential options to propose to Switch and, if necessary, this Court.

Finally, as noted above, the parties are working together to establish a deposition schedule following the conclusion of travel and gathering restrictions imposed due to the COVID-19 pandemic. Plaintiffs would like to proceed with video depositions. Due to the complicated and highly technical nature of this case, Defendants wish to depose Plaintiff's key witnesses in person after social distancing guidelines have been lifted. Defendants are willing to discuss taking the depositions of secondary witnesses via videoconference.

**3.      Reasons why Discovery has not been Completed**

Good cause exists to extend the discovery deadlines in this case. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"[1] Given that the protective order has now been filed, the parties have fully engaged in the discovery process, and continue to produce documents.

At the moment and for the foreseeable future, all of the parties and their counsel are working from home and self-isolating as required by their states of residence. Plaintiff scheduled depositions; however, given the pandemic, the parties agreed to continue these depositions. The parties are currently discussing scheduling the depositions of each other, third parties, and expert witnesses, Their different positions regarding the way depositions should be conducted is detailed above.

The response to the COVID-19 pandemic has made moving forward with the discovery process difficult. The parties cannot say with any degree of certainty when the restrictions imposed due to the Coronavirus will be lifted. If the restrictions continue longer than the next sixty (60) days, they may be required to seek this Court's guidance regarding the completion of discovery or an additional extension of the discovery period.

**4.      Proposed Schedule for Completing all Remaining Discovery**

The parties hereby stipulate to move the discovery deadlines by ninety (90) days, including the deadlines for initial and rebuttal expert disclosures, as follows:

| Scheduled Event | Current Deadline [Dkt. #62] | Proposed Deadline |
| --- | --- | --- |
| Fact Discovery Cutoff | April 30, 2020 | **July 29, 2020** |
| Initial Expert Disclosures | June 1, 2020 | **September 1, 2020** |
| Rebuttal Expert Disclosures | July 1, 2020 | **September 29, 2020** |
| Dispositive Motions | July 31, 2020 | **October 29, 2020** |
| Pretrial Order | August 31, 2020 | **November 30, 2020** - this deadline is suspended if a dispositive motion is timely filed. |

---

[1] *Derosa v. Blood Sys., Inc.*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1 (D. Nev. Aug. 1, 2013)(internal citations omitted).

4

IT IS SO STIPULATED.

DATED this 10th day of April, 2020.                    DATED this 10th day of April, 2020.

**SWITCH, LTD.**                                                         **RANDAZZA LEGAL GROUP, PLLC**


  /s/: Samuel Castor                                              /s/: Ronald D. Green
SAMUEL CASTOR, ESQ.                                    RONALD D. GREEN, ESQ.
Nevada Bar No. 11532                                       Nevada Bar No. 7360
ANNE-MARIE BIRK, ESQ.                                  ALEX J. SHEPARD, ESQ.
Nevada Bar No. 12330                                       Nevada Bar No. 13582
7135 South Decatur Blvd.                                  2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89118                                   Las Vegas, Nevada 89117
*Attorneys for Defendants*

MARK A. HUTCHISON
Nevada Bar No. 4639
JACOB A. REYNOLDS
Nevada Bar No. 10199
PIERS R. TUELLER
Nevada Bar No. 14633
**HUTCHISON & STEFFEN, PLLC**
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

## **ORDER**

IT IS HEREBY ORDERED that the scheduling in this case will proceed as follows:

| Scheduled Event | Proposed Deadline |
|---|---|
| Discovery Cutoff | July 29, 2020 |
| Initial Expert Disclosures | September 1, 2020 |
| Rebuttal Expert Disclosures | September 29, 2020 |
| Dispositive Motions | October 29, 2020 |
| Pretrial Order | November 30, 2020 - this deadline is suspended if a dispositive motion is timely filed. |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 13, 2020

5