Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Stephen Fairfax and MTechnology

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD.,<br>a Nevada limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY;<br>DOES 1 through 10; and ROE ENTITIES 11<br>through 20, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-02651-GMN-EJY<br><br>**DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ROB ROY** |

Defendants MTechnology and Stephen Fairfax move to compel Plaintiff Switch, Ltd. ("Switch") to produce the chief designer of the products and facilities at issue in this case for deposition in this matter. Switch has refused to produce Mr. Roy for deposition, asserting that it is not required to produce him because he is "too important" to be bothered with depositions. However, Switch's pleadings and its statements throughout the course of this action argue that Mr. Roy has unique knowledge regarding Switch's alleged facts and its claims for relief. Defendants are unable to obtain this information though any other discovery method. Defendants additionally move for reimbursement of the attorneys' fees and costs expended in making and arguing this Motion.

This Motion is brought pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure and is based upon the attached memorandum of points and authorities, the papers and pleadings on file in this action, and any oral argument permitted by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0    INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

The Complaint Switch filed in this case makes clear that Rob Roy is the inventor of the underlying technology at issue in this case and possesses additional unique information, making his deposition essential.  (*See* Complaint (ECF No. 1-1) at ¶¶ 17, 19 & 57.)  However, Mr. Roy does not want to be deposed.

How badly does Mr. Roy wish to avoid deposition?  During a meet and confer call between Defendants' counsel and Plaintiff's in-house counsel on **July 16, 2020**, Sam Castor explained that Mr. Roy could not be deposed for at least 120-days and required a 120-day discovery extension.  He explained that, due to the "upcoming holidays," Mr. Roy simply could not find time for a deposition.  (*See* Declaration of Ronald Green ("Green Decl.") at ¶¶ 3–7.)  Confused, Defendants' counsel interjected and asked, "Which holidays?"  (*See id.*)

Mr. Castor replied, "**Thanksgiving and Christmas**."  (*See id.*)  On July 16, 2020, Thanksgiving was 133 days away.[1]

With that preface out of the way, Plaintiff Switch filed this case on September 12, 2017 in District Court, Clark County, Nevada.  Defendants removed it to this Court on October 12, 2017 on the basis that it asserted a federal question pursuant to 28 U.S.C. § 1331.  Switch's Complaint contends that Defendants toured Switch's Las Vegas facility in 2011,[2] viewed Switch's trade secrets during that tour, and years later used those trade secrets to help design data centers for Aligned Data Centers.  To date, the Plaintiffs have refused to tell anyone what those trade secrets are.

Switch's Complaint makes clear that the "inventions" of its founder and CEO, Rob Roy, are central to its business.  (*See* ECF No. 1-1 at ¶ 17.)  Switch also alleged that "[c]entral to Switch's innovative technologies are Rob Roy's inventions, operational routines, and electrical designs,

---

[1]    Marc Randazza, counsel for Defendants, sincerely believed that Mr. Castor was trying to interject levity into the call.  (*See* Declaration of Marc Randazza ("Randazza Decl.") at ¶¶ 3–9.)  It was no joke, and the meet and confer call concluded with Castor stating that Defendants should "just file their motion" if this excuse did not suffice.

[2]    Plaintiff also alleges that Defendants toured its data center in 2015.  However, that tour never occurred.

including but not limited to, Switch's hot aisle containment technology." (*Id.* at ¶ 19.) Switch's Complaint specifically (and falsely) accuses Defendants of stealing trade secrets regarding Switch's hot aisle containment technology. (*See id.* at ¶ 57.) Switch additionally alleged that Rob Roy spent "over 4-hours" in a "one-on-one" conversation with Mr. Fairfax in his capacity with MTech. (*Id.* at ¶ 39.)

On or about June 29, 2020, Defendants noticed the deposition for Rob Roy for July 27, 2020.[3] (*See* Notice of Deposition of Rob Roy, attached to the Green Decl. as **Exhibit 1**.) In response, Switch's in-house counsel responded, "If you intend on deposing our C-levels, we'll need more than a few weeks' notice. They are not avail on the dates identified." (June 30 Email from Sam Castor to Ron Green, attached to the Green Decl. as **Exhibit 2**.) Notably, Mr. Castor did not state that Rob Roy would not appear for deposition.

On July 3, 2020, Defendants' counsel sent meet and confer correspondence to Switch's in-house counsel requesting deposition dates for Mr. Roy prior to the conclusion of discovery, among other things. (*See* July 3, 2020 Correspondence from Ron Green to Sam Castor, attached to the Green Decl. as **Exhibit 3**.)[4] On July 9, 2020, counsel for both parties held a telephonic meet and confer conference. (*See* Green Decl. at ¶ 11.) During that conference, Switch's counsel took the position that Mr. Roy would not be deposed until all other depositions had been completed and all alternate discovery methods had been exhausted. (*See id.* at ¶ 12.) Switch maintained that Mr. Roy was absolutely protected from giving deposition testimony. (*See id.* at ¶ 13.) When Defendants' counsel pointed out that Switch's Complaint made Mr. Roy a necessary witness with unique knowledge, Switch took the position that it did not matter. (*See id.* at ¶ 14.)

On July 13, 2020, Defendants' counsel sent Switch's in-house counsel a second letter regarding Mr. Roy's deposition. (*See* July 13, 2020 Correspondence from Ron Green to Sam Castor, attached to the Green Decl. as **Exhibit 4**.) Defendants pointed to the allegations in Switch's Complaint that made

---

[3] Defendants also timely noticed three other depositions for two Switch employees and its Rule 30(b)(6) witness. Plaintiff has indicated that the witnesses will not be appearing on those dates and provided alternative dates outside of the discovery period. So, Defendants will additionally be requesting an extension of discovery to complete them.

[4] A portion of this letter has been redacted because it contains settlement discussions.

Rob Roy a necessary witness in addition to statements made in Switch's briefs throughout the case regarding Rob Roy's personal involvement regarding the facts of the case:

- In its Motion for Preliminary Injunction (ECF No. 7), Switch argued that its "reputation is built on the technology and trade secrets <u>developed by Rob Roy</u>." (Motion for Preliminary Injunction, at 11.) (*emphasis added*.)

- In its Opposition to Defendants' Motion to Dismiss (ECF No. 16), Switch alleged that the four-hour discussion between Mr. Roy and Defendants included conversation regarding "confidential and trade secret information 'on the data center, the business model, and a variety of other very interesting topics.'" (Opposition to Motion to Dismiss, at 9.)

- In in-house counsel Sam Castor's Declaration in Support of Motion for Preliminary Injunction (ECF No. 19), he testified that "<u>Rob Roy's designs</u>" allow Switch to operate data centers "more efficiently than its competitors." (Declaration of Sam Castor in Support of Motion for Preliminary Injunction, at ¶ 5.)

(*Id.*)

Castor responded via email the next day that Switch was "open to discussing Rob Roy as a witness *after* we have produced the other witnesses. The case law is clear. We've won motions on this. You are only entitled to take the deposition of an Apex witness (e.g., the CEO) *after* you have taken other witnesses and proven that you could not get the data elsewhere." (*See* Emails between Counsel, attached to the Green Decl. as **Exhibit 5**, at July 14, 2020 Email from Sam Castor to Ron Green.) Mr. Green responded that, while high level executives are often protected from being deposed, Mr. Roy possessed unique personal knowledge of disputed issues, necessitating his deposition. (**Exhibit 5** at July 14, 2020 Email from Ron Green to Sam Castor.) Mr. Green additionally requested that Mr. Castor provide him with any motions or orders on a similar fact pattern where Mr. Roy's deposition was excused. (*See id.*) Switch provided an order in a matter before the Trademark Trial and Appeal Board that was not relevant or similar to the facts of this case. (*See* Green Decl. at ¶ 17; **Exhibit 6**.)

On July 14, 2020, Mr. Castor waived the apex witness objection, sending an email to Defendants' counsel that Switch "will agree to have Rob [Roy] deposed" but would "need a 120[-day] discovery extension to ensure his availability." (**Exhibit 5** at July 14, 2020 Email from Sam Castor to Ron Green.) Mr. Green responded that Defendants would agree to a 60-day extension given how long this case had already been pending. (*See* **Exhibit 5** at July 15, 2020 Email from Ron Green to Sam Castor.) Mr. Castor responded that Rob Roy was completely "booked out 120 days in advance." (**Exhibit 5** at July 15, 2020 Email from Sam Castor to Ron Green.) In response, Defendants responded that they were willing to continue discovery for 75 days. (*See* **Exhibit 5** at July 15, 2020 Email from Ron Green to Sam Castor.) Defendants' counsel also stated that Defendants were "willing to depose Mr. Roy on a mutually convenient weekend date or in blocks of 2-3 hours if that makes it easier for him." (*Id.*)

Plaintiff's in-house counsel was engaged in the equivalent of a "soccer flop" feigning offense at Defendants' willingness to appear on a weekend for Mr. Roy's convenience, sending Defendants no less than three emails complaining about the offer. (*See* **Exhibit 5** at July 15, 2020 Email from Sam Castor to Ron Green, July 15, 2020 Email from Sam Castor to Ron Green, and July 16, 2020 Email from Anne-Marie Birk to Ron Green.) Mr. Castor additionally informed Mr. Green that, if Defendants "want[ed] to keep going back and forth on this, [Switch will] just oppose the depo all together." (*See* **Exhibit 5**.)

At that point, the parties held the meet and confer conference referenced in the beginning of this section. This Motion to Compel followed.

**2.0    LEGAL ARGUMENT**

Rule 37 provides for the filing of motions to compel if the parties meet and confer on a discovery issue and are unable to resolve the issue during that conference. Defendants have completed this requirement. Therefore, they respectfully request that the Court compel the deposition of Switch's CEO, Rob Roy, within a reasonable amount of time, and unless Roy produces some evidence that he truly cannot possibly appear before "the holidays," that it be within 60 days.

Pursuant to Rule 30(a)(1) of the Federal Rules of Civil Procedure, a party may orally depose another party without leave of court. The deposing party is required to provide "reasonable notice" to the other parties to the case. Fed. R. Civ. P. 30(b)(1). This Court's local rules do not specify the timeframe required for "reasonable notice." This Court has pointed out in the past that Nevada's civil procedure rules require 15 days but additionally noted that those rules were not binding. *See Wilkinson v. Clark County Sch. Dist.*, 2007 U.S. Dist. LEXIS 109954, at *4 (D. Nev. Feb. 15, 2007). This Court additionally noted that California courts typically require at least 10 days' notice. *See id.* Other courts within the Ninth Circuit have found shorter notice times to be reasonable. *See, e.g., Bell v. Lee*, 2015 U.S. Dist. LEXIS 95020 (N.D. Cal. Jul. 20, 2015) (7 to 10 days); *Guzman v. Bridgepoint Educ., Inc.*, 2014 U.S. Dist. LEXIS 58806 (S.D. Cal. Apr. 28, 2014) (9 days); *Zone Sports Ctr. Nat'l Sur. Corp.*, 2012 U.S. Dist. LEXIS 30208 (E.D. Cal. Mar. 7, 2012 (5 business days).

In any case, Defendants provided Rob Roy with nearly a month's notice, which is a reasonable amount of time by any metric. Additionally, if the noticed date did not work for Mr. Roy, Defendants were amenable to reaching a mutually agreeable date for his deposition. (*See* Green Decl. at ¶ 18.) Nevertheless, Plaintiff agreed, but then subsequently refused, to produce its CEO, founder, and alleged inventor of all relevant intellectual property at issue in this case, as well as the only Switch employee who can testify to the four hour, one-on-one meeting with Defendant MTech's principal.

In an attempt to keep Defendants from deposing Mr. Roy, Plaintiff initially asserted that the apex doctrine prohibits his deposition. Although this appears to have been waived, the apex doctrine would not bar this deposition. Courts often protect "high level executives (so-called 'apex' depositions)" from being deposed because there is a potential that such depositions are used for "abuse and harassment." *K.C.R. v. County of L.A.*, 2014 U.S. Dist. LEXIS 98279, at *7-8 (C.D. Cal. July 11, 2014) (*quoting Apple, Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). So-called "apex" depositions are prohibited when the high-level executive is "removed from the daily subjects of the litigation, [and] has no unique personal knowledge of the facts at issue." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 8295, at *3 (N.D. Cal. Jan. 25, 2007).

However, the apex doctrine does not protect high-ranking executives in all circumstances. If the executive has "direct personal factual information pertaining to material issues in an action" and "the information to be gained is not available from other sources," the apex doctrine will not shield the executive from being deposed. *Coleman v. Schwarzenegger*, 2008 U.S. Dist. LEXIS 70224, at *2 (E.D. Cal. Sept. 15, 2008) (*quoting Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9, 12 (D. Mass. 1990)). Notably, a "busy schedule" is "an insufficient basis for precluding a deposition, even under the 'apex' doctrine." *Smith v. City of Stockton*, 2017 U.S. Dist. 44767, at 7 (E.D. Cal. Mar. 24, 2017).

In this case, Plaintiff's own pleadings and filings with this Court demonstrate that Rob Roy is a necessary witness to this action. According to Switch's Complaint, Mr. Roy developed all of the trade secrets and intellectual property at issue in this litigation. (*See* ECF No. 1-1 at ¶¶ 17 & 19.) The Complaint asserts that he specifically developed the trade secrets that Switch (falsely) accuses Defendants of misappropriating and alleges that the technology he developed ensured that Switch operated more efficiently than its competitors. (*See id.* at ¶ 57.) Perhaps most importantly, Switch alleges that Rob Roy had a four-hour, one-on-one conversation with MTech's principal. (*See id.* at ¶ 39.) No one else at Switch can testify to the details of that conversation, and Mr. Roy's recollection of that conversation is vital to the ultimate resolution of this action. Further, even the Plaintiff listed Mr. Roy as a witness. *See* Green Decl. at **Exhibit 7**. Plaintiff has subsequently withdrawn that designation, but at least as of July 2, 2019 he was a necessary witness, even to the Plaintiffs. All that seems to have changed since then is that Defendants expressed a desire to actually depose him.

Defendants do not seek Mr. Roy's deposition for abusive purposes. While they believe that this lawsuit never should have been brought, it was brought at Rob Roy's behest regarding technology that he alleges he alone developed and concerning a conversation that he alone had with Defendants. Defendants respectfully request that the Court compel him to appear for deposition prior to the conclusion of the discovery period.

Finally, Rule 37(a)(5)(A) provides that, if a motion to compel is granted, the Court shall order the party whose conduct necessitated the motion to reimburse the movant's reasonable fees and costs.

Given that Switch's conduct required Defendants to file this Motion, they respectfully request that this Court order reimbursement of the fees and costs incurred in bringing this Motion.

**3.0    CONCLUSION**

Defendants respectfully request that the Court grant the instant Motion after its consideration of each and every argument made herein.

Dated: July 17, 2020.                    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Defendants
Stephen Fairfax and MTechnology

Case No. 2:17-cv-02651-GMN-EJY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Tim Bothell*
Employee,
Randazza Legal Group, PLLC