Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Stephen Fairfax and MTechnology

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>  Plaintiff,<br><br>  vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive,<br><br>  Defendants. | Case No.: 2:17-cv-02651-GMN-EJY<br><br>**DECLARATION OF RONALD D. GREEN** |

I, Ronald D. Green, Jr., under penalty of perjury, hereby declare as follows:

1. I am a partner at the law firm Randazza Legal Group, PLLC and counsel for Defendants Stephen Fairfax and MTechnology, Inc. in the above-referenced matter, and have been licensed to practice law in the State of Nevada since 2000.

2. I make the statements in this declaration based upon my personal knowledge and would be competent to testify to them if called upon to do so.

3. On July 16, 2020, Marc J. Randazza and I attended a meet and confer call with counsel for Plaintiff Switch, Ltd. ("Switch"), Samuel Castor.

4. During the meet and confer call, Mr. Castor explained that Plaintiff's founder and CEO, Rob Roy, could not be deposed for at least 120-days and required a 120-day discovery extension of discovery.

5. Mr. Castor explained that, between Mr. Roy's incredibly busy schedule and the "upcoming holidays," Mr. Roy simply could not find time for a deposition.

6. Confused, I interjected and asked, "Which holidays?"

7. Mr. Castor replied, "Thanksgiving and Christmas."

8. A true and correct copy of Defendants' Notice of Deposition of Rob Roy, noticed on June 29, 2020 for July 27, 2020 is attached hereto as **Exhibit 1**.

9. A true and correct copy of a June 30 Email from Sam Castor to Ron Green is attached hereto as **Exhibit 2**.

10. A true and correct copy of July 3, 2020 Correspondence from Ron Green to Sam Castor, is attached hereto as **Exhibit 3**.

11. On July 9, 2020, counsel for both parties held a telephonic meet and confer conference.

12. During the June 9, 2020 conference, Switch's counsel took the position that Mr. Roy would not be deposed until all other depositions had been completed and all alternate discovery methods had been exhausted.

13. Switch maintained that, pursuant to the apex doctrine, Mr. Roy was absolutely protected from giving deposition testimony.

14. When I pointed out that Switch's Complaint made Mr. Roy a necessary witness with unique knowledge, Switch took the position that it did not matter for purposes of deposing Mr. Roy.

15. A true and correct copy of July 13, 2020 Correspondence from Ron Green to Sam Castor is attached hereto as **Exhibit 4**.

16. A true and correct copy of various emails between counsel in this matter is attached hereto as **Exhibit 5**.

17. Despite claiming that Switch has "won motions on" protecting Mr. Roy from sitting for a deposition, Mr. Castor only produced one such order from the Trademark Trial and Appeal Board, which was not relevant or similar to the facts of this case. A true and correct copy of the TTAB order is attached hereto as **Exhibit 6**.

1. 18. Although Defendants noticed the deposition of Mr. Roy for July 27, 2020, Defendants were amenable to reaching a mutually agreeable date for his deposition.

2. 19. A true and correct copy of Plaintiff's First Supplement to List of Witnesses and Documents Pursuant to FRCP 26 and LR 26-1 dated July 2, 2019 is attached hereto as **Exhibit 7**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on the 17th day of July 2020.

/s/ Ronald D. Green
Ronald D. Green