# **EXHIBIT 3**

Letter from R. Green to S. Castor
and A. Birk dated July 3, 2020



**Ronald D. Green**
*Partner*
Licensed in NV

**3 July 2020**

<u>Via Email Only</u>

Sam Castor <sam@switch.com>
Anne-Marie Birk <abirk@switch.com>
SWITCH, LTD.

   **Re:**  ***MTechnology adv. Switch, Ltd.  |  Remaining Discovery***

Dear Sam and Anne-Marie:

We have approximately four weeks remaining in the discovery period and have seen little movement from Switch with regard to fulfilling its duties pursuant to the Federal Rules of Civil Procedure and the Court's local rules.  This case has been pending for nearly three years, and Switch has provided virtually nothing in the way of documents supporting, refuting, or even relevant to, its claims, and my clients do not wish to be facing additional months of discovery while Switch drags its feet until a new discovery deadline approaches. Please consider this letter our attempt to amicably complete the discovery period without going before the Court.



**MTechnology adv. Switch, Ltd.**
Remaining Discovery
Page 2 of 3





### Documents

At the beginning of the year, prior to the coronavirus pandemic, we agreed to do an initial review of Switch's documents at Switch's facility in Las Vegas.  After the pandemic struck and Governor Sisolak shut down virtually all business activity in the State of Nevada, we requested that the parties work together to find a safe and secure way for my firm to review documents remotely.  Switch refused even to engage in such discussions and stated in a filing with the Court that Switch's facility would be a safe and secure location for document review, despite the pandemic.

The Governor subsequently allowed business to resume in the State, albeit in a limited manner designed to slow the spread of the coronavirus.  At that time, we informed Switch that we would be willing to review the documents at Switch's Las Vegas data center, provided that Switch could assure us that safety precautions would be taken.  We were told that we could not review the documents at Switch's facility until some unspecified future date when the coronavirus pandemic had passed.

On June 19, 2020, we engaged in a telephonic meet and confer conference.  When I pointed out that Switch's refusal to allow us to review documents until the pandemic had concluded was in direct odds with the representation that it made to the Court, Switch reversed course again and said that we could review documents at Switch's facility.  You asserted that you would be able to provide me with proposed dates by the middle of the following week, or about June 23 or 24, 2020.

On June 24, 2020, I asked whether Switch was able to provide proposed dates.  I followed up again on June 25 and June 29, 2020.  On June 30, 2020, I was finally told that, because Switch was using a third-party provider to migrate its e-discovery to a new platform, I would not be given proposed document review dates until the third-party provider provided an estimate regarding when that task would be completed.

It seems odd to me that Switch opted to redo its e-discovery platform during the final months of discovery in this case.  While we suspect that this might be an excuse by Switch to delay showing us documents, we have been seeking review of these documents for months and are tired of getting the runaround.  We need proposed dates immediately, and they need to be prior to the noticed depositions of my clients.

### Depositions of Defendants

We need to review the relevant documents in Switch's possession before my clients appear for deposition, which are currently scheduled for July 13 and 14, 2020.  Mr. Fairfax and MTech's person most knowledgeable need to prepare for those depositions and cannot do so if Switch continues to forbid us to view any documents that tend to support

**MTechnology adv. Switch, Ltd.**
Remaining Discovery
Page 3 of 3



or refute its claims for relief. If we cannot review documents prior to the deposition dates and Switch will not agree to move the depositions until after we have reviewed Switch's documents, we will seek a protective order from the Court excusing them from attending.

### Depositions of Plaintiff

We served you with Notices of Deposition for Switch's person most knowledgeable, Rob Roy, Sam Castor, and Missy Young. In response, we were simply told that these witnesses needed more than a couple of weeks' notice prior to being deposed and were not available on the dates noticed. We provided each witness with more notice than is required by the Federal Rules of Civil Procedure and the Court's local rules. Moreover, we simply do not believe that these individuals cannot find the time to be deposed between now and the end of discovery, particularly given that you have acknowledged that Switch's operations have been affected by the pandemic.

We expect to complete each of these depositions prior to the close of discovery. If they cannot be deposed on the noticed dates, we need alternate dates from you no later than **Wednesday, July 8, 2020**.

We are happy to discuss these issues with you. Please feel free to contact me with any questions or comments.

Sincerely,

Ronald D. Green

cc:   policy@switch.com (via email)
      Marc Randazza (via email)
      Alex Shepard (via email)
      Piers Tueller (via email)
      Jacob Reynolds (via email)
      Chris Austin (via email)
      Clients (via separate email)
      Insurer (via separate email)