# EXHIBIT 4

Letter from R. Green to S. Castor
and A. Birk dated July 13, 2020



Ronald D. Green
*Partner*
Licensed in NV

**13 July 2020**

<u>Via Email Only</u>

Sam Castor
<sam@switch.com>
Anne-Marie Birk
<abirk@switch.com>
SWITCH LTD.

   Re:  *MTechnology adv. Switch, Ltd.* | *Rob Roy Deposition*

Dear Sam and Anne-Marie:

We are in receipt of the deposition availability dates for Sam Castor, Missy Young, and Switch's Person Most Knowledgeable. Given that you have not provided proposed dates for Rob Roy, we assume that you are maintaining that we are not permitted to depose him. While we do not disagree with you that high-level executives can be exempt from deposition in some instances, Mr. Roy's deposition is essential in this case, based upon the allegations contained in Switch's Complaint and in statements that counsel have made throughout the course of this litigation.

For instance, in Paragraphs 17 through 19 of Switch's Complaint, Switch clearly states that Rob Roy is the inventor of all of the technologies allegedly at issue in this case. If he is the sole developer of the technologies at issue, as you have alleged, his testimony is vital, and we cannot accept hearsay testimony from another Switch employee. Moreover, in Paragraph 39 of your Complaint, you allege that Stephen Fairfax spent "over 4 hours one-on-one with Rob Roy." There are only two people that can testify regarding what occurred during that meeting – Mr. Fairfax and Mr. Roy.

Switch again touts Rob Roy's individual contributions to Switch's operations in its Motion for Preliminary Injunction, which states that Switch's "reputation is built on the technology and trade secrets developed by Rob Roy." (Motion for Preliminary Injunction, at 11.) Switch contends that Mr. Roy and Mr. Fairfax discussed "confidential and trade secret information 'on the data center, the business model, and a variety of other very interesting topics.'" (Opposition to Motion to Dismiss, at 9.) It also alleges that the technology and trade secrets developed by Mr. Roy were "misappropriated by Stephen Fairfax and MTechnology in the design and development of Switch competitors." (Motion for Preliminary Injunction, at 11.) Mr. Castor testified that "Rob Roy's designs" allow Switch to operate data centers "more efficiently than its competitors." (Declaration of Sam Castor in Support of Plaintiff's Motion for Preliminary Injunction, at ¶ 5.)

Switch's representations in its pleadings and motion practice have ensured that Rob Roy is a central witness to this case. Switch alleges that Mr. Roy alone developed the technology that is supposedly at the heart of this case. It also contends that Mr. Roy and Mr. Fairfax shared a lengthy conversation regarding Switch's trade secrets and its other confidential material. In communications between counsel, Switch has asserted that this lawsuit was filed at the insistence and instruction of Mr. Roy. Switch cannot reasonably

MTechnology adv. Switch
Page 2 of 2



argue that Mr. Roy's testimony is not at the heart of its allegations and claims for relief. He is literally the central witness in this case.

When we spoke last week, you indicated that the parties should extend the discovery period to ensure that necessary discovery can be completed. I responded that I would need to discuss with my clients before committing to a discovery extension. As it currently stands, my clients are not interested in extending discovery if Switch declines to produce Rob Roy for deposition. After all, he is Switch's key witness.

We hope to resolve this issue amicably but are willing to file a Motion to Compel Mr. Roy's deposition if need be. I am available to discuss.

Sincerely,

Ronald D. Green