# EXHIBIT 6

Order

*Uptime Institute v. Switch, Ltd.*
U.S. Patent and Trademark Office
Trademark Trial and Appeal Board

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451
General Contact Number: 571-272-8500

JK

Mailed: March 28, 2018

Cancellation No. 92062895 (parent case)
Cancellation No. 92062912

*Uptime Institute, LLC*

*v.*

*Switch, Ltd. dba Switch*

**Jennifer Krisp, Interlocutory Attorney:**

These proceedings are before the Board for consideration of 1) Respondent's October 31, 2017 motion for a protective order; and 2) Petitioner's December 27, 2017 motion to strike Respondent's reply brief in support of Respondent's motion for a protective order.  The motions are fully briefed.[1]

**Petitioner's December 27, 2017 motion to strike**

Petitioner's December 27, 2017 motion to strike is **granted**.  On November 20, 2017, Petitioner filed a timely brief in opposition to Respondent's motion.  Petitioner's brief includes a certificate attesting to service of said brief on November 20, 2017. Pursuant to Trademark Rule 2.127(a), Respondent's deadline to file a reply brief was twenty days thereafter, that is, December 10, 2017.  That date being a Sunday, a brief

---

[1] The Board has considered the parties' briefs on the contested motions, but does not repeat or discuss all of the arguments and submissions, and does not address irrelevant arguments. *Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

**Cancellation No. 92062895 (parent case); Cancellation No. 92062912**

filed on December 11, 2017 would have been accepted as timely pursuant to Trademark Rule 2.196 (Times for taking action: Expiration on Saturday, Sunday or Federal holiday). TBMP § 112 (June 2017). A reply brief filed after December 11, 2017 is untimely. Respondent's reply brief filed on December 14, 2017 is untimely and has been given no consideration.

Trademark Rule 2.127(a) prohibits the filing of surreply briefs. TBMP § 502.02(b). Regardless of its title, Respondent's January 26, 2018 filing is a surreply to Petitioner's motion to strike, and has been given no consideration.

**Respondent's October 31, 2017 motion for a protective order**

The Board has the authority to limit or bar a deposition. The Board may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the types of orders provided by clauses (1) through (8), inclusive, of Fed. R. Civ. P. 26(c). Trademark Rule 2.120(f). *See also*, TBMP § 526. Specifically, the Board has the discretion to manage the discovery process in order to balance various interests, and under appropriate circumstances has the discretion to order that a deposition not be had or be limited. With respect to a party seeking to depose an official at the highest or "apex" of management, the Board looks to whether the official's deposition is warranted by the needs of the case, whether this need is outweighed by the burden of subjecting the official to a deposition, and whether the information sought is duplicative or is obtainable from other sources that are more convenient and less burdensome (for example, publicly available sources or other witnesses). The party

2

**Cancellation No. 92062895 (parent case); Cancellation No. 92062912**

seeking a protective order bears the burden to show good cause, that is, that the potential deponent lacks knowledge of the relevant facts or that there are persons with equal or greater knowledge of the relevant facts; the then-shifted burden is on the party seeking to take the deposition to show that the official has unique, non-repetitive or superior personal knowledge of the relevant facts. *FMR Corp. v. Alliant Partners*, 51 USPQ2d 1759, 1761-63 (TTAB 1999), *citing*, *Salter v. Upjohn Co.,* 593 F.2d 649 (5th Cir. 1979).

On October 4, 2017, Petitioner noticed the discovery deposition of Mr. Rob Roy, Respondent's founder and Chief Executive Officer, to take place on November 3, 2017.[2] Respondent requests a Board protective order preventing Petitioner from taking the deposition.

Pertaining to the relevant considerations set forth above,[3] Respondent argues that Mr. Roy's deposition would be repetitive; that Mr. Roy possesses no unique or superior knowledge of the relevant facts; that all relevant discovery sought can be had through deposing its Fed. R. Civ. P. 30(b)(6) designee, Mr. Sam Castor, Executive Vice President of Policy; that given Mr. Roy's prominence in the data center industry there is potential for harassing discovery directed at him; and that Petitioner took no steps to gather the information from any other deponent, Mr. Roy's deposition being the only one noticed by Petitioner in these proceedings. Respondent submits Mr. Castor's affidavit, wherein he affirmatively states that his duties embrace managing

---

[2] 22 TTABVUE 14-17. Mr. Roy is not Respondent's Fed. R. Civ. P. 30(b)(6) designee.
[3] Issues pertaining to whether the parties did or did not agree to limitations on taking depositions are relevant only to the extent that they bear on the factors the Board must weigh to resolve Respondent's motion for a protective order.

3

all patent and trademark applications and filings, including all filings related to the disputed marks in these proceedings; that his knowledge exceeds that possessed by Mr. Roy; and that he is intimately familiar with: the processes and procedures related to the filings at issue, Respondent's corporate decision making regarding the filings, Respondent's analysis of the trademark issues, the interactions and history of the parties, and Petitioner's assertions regarding the cancellation of Respondent's rights.

Contesting the motion, Petitioner argues, *inter alia*, that Mr. Roy has extensive and unique, personal information directly related to the issues; that any alleged burden is far outweighed by the importance of the information Mr. Roy possesses; that Mr. Castor did not join Respondent until 2011 and thus has no or very limited knowledge of Respondent's business in the preceding 11 years; and that documents produced suggest that Mr. Roy is the only one with first-hand knowledge of Petitioner and its TIER marks and services. It further argues that Mr. Castor, Respondent's Fed. R. Civ. P. 30(b)(6) designee, was unable to answer questions about Mr. Roy's early statements to Petitioner's personnel on three use-related topics that predate Respondent's application filings. Petitioner also argues that Respondent similarly took the deposition of Petitioner's CEO, that the deposition will only last one day and will not require substantial time and preparation, and that Petitioner "identified Mr. Roy as a potential witness more than a year ago in its Initial Disclosures,"[4]

---

[4] 24 TTABVUE 2-3. Petitioner submitted copies of the initial disclosures it served in both proceedings on April 13, 2016 (24 TTABVUE 49-56). However, inasmuch as the purpose for initial disclosures is to identify potential witnesses and information about documents and things that *the disclosing party* may use to support its claims or defenses (TBMP § 401.02), it is irregular that Petitioner identified *Respondent's* CEO in its own initial disclosures.

4

**Cancellation No. 92062895 (parent case); Cancellation No. 92062912**

Applying the pertinent analysis to this record, the Board finds it curious that while Petitioner maintains that Mr. Castor was unable to answer questions during Respondent's deposition, it did not provide the Board with the means of evaluating and weighing this assertion, such as relevant portions of the deposition transcript. Petitioner's notice of deposition, and list of topics thereon, do not demonstrate to the Board whether, and what information or type of information, Mr. Castor was assertedly unable to provide. Nor has Petitioner provided a record on which the Board can ascertain that Petitioner has exhausted other methods of obtaining the information it seeks, or that the information sought is not obtainable from any other sources.

Based on this record, Respondent has minimally but sufficiently demonstrated that Mr. Castor possesses equal knowledge of the relevant facts that are sought. On balance, Respondent has shown good cause to prevent the deposition of Mr. Roy. Moreover, Petitioner has not shown that Mr. Roy has unique, non-repetitive, superior personal knowledge of the relevant facts regarding the trademark filings, knowledge of Petitioner and its marks or communications with Petitioner and third parties, and has not shown that it was deprived of the relevant information when deposing Mr. Castor or through other discovery. In view of these findings, Respondent's motion for a protective order is **granted**. Accordingly, Petitioner is not entitled to take the deposition of Mr. Roy.

**Schedule**

5

**Cancellation No. 92062895 (parent case); Cancellation No. 92062912**

To allow for and facilitate the orderly completion of discovery, proceedings are deemed suspended as of October 31, 2017 and are resumed. The close of discovery, and trial dates, are reset as follows:

| | |
|---|---:|
| Discovery Closes | 4/27/2018 |
| Plaintiff's Pretrial Disclosures Due | 6/11/2018 |
| Plaintiff's 30-day Trial Period Ends | 7/26/2018 |
| Defendant's Pretrial Disclosures Due | 8/10/2018 |
| Defendant's 30-day Trial Period Ends | 9/24/2018 |
| Plaintiff's Rebuttal Disclosures Due | 10/9/2018 |
| Plaintiff's 15-day Rebuttal Period Ends | 11/8/2018 |
| Plaintiff's Opening Brief Due | 1/7/2019 |
| Defendant's Brief Due | 2/6/2019 |
| Plaintiff's Reply Brief Due | 2/21/2019 |
| Request for Oral Hearing (optional) Due | 3/3/2019 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

**Cancellation No. 92062895 (parent case); Cancellation No. 92062912**

7