SAMUEL CASTOR, ESQ.
Nevada Bar No. 11532
ANNE-MARIE BIRK, ESQ.
Nevada Bar No. 12330
**SWITCH, LTD.**
7135 South Decatur Blvd.
Las Vegas, Nevada 89118
Telephone: (702) 444-4111
policy@switch.com

MARK A. HUTCHISON
Nevada Bar No. 4639
JACOB A. REYNOLDS
Nevada Bar No. 10199
PIERS R. TUELLER
Nevada Bar No. 14633
**HUTCHISON & STEFFEN, PLLC**
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | CASE NO.:   2:17-cv-02651-GMN-EJY<br><br>**STIPULATED AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(FIFTH REQUEST)** |

Pursuant to LR IA 6-1 and LR 26-4, counsel for Plaintiff SWITCH, LTD. ("Plaintiff") and Defendants STEPHEN FAIRFAX and MTECHNOLOGY ("Defendants") hereby submit this Stipulated Amended Discovery Plan and Scheduling Order to extend the current discovery deadlines.

The parties respectfully make this fifth request for continuance of the deadlines by ninety (90) days in good faith due to restrictions related to COVID-19.

1

In support of this Stipulation, the parties state as follows:

**1.    Discovery Completed to Date**

The parties have each served, and responded to, multiple requests for written discovery, including requests for production, requests for admission, and interrogatories. While all parties initially objected to written discovery due to the lack of a protective order to protect sensitive documents from disclosure, they agreed upon the language of a Stipulated Protective Order, which they filed on November 19, 2019 [Dkt. #64]. The parties have each supplemented their discovery responses and have met and conferred with respect to alleged deficiencies in those responses. Plaintiff is still awaiting Defendants' supplemental responses and has filed a Motion to Compel Production of Documents against third party Jones Lang LaSalle to corroborate Defendant's production. Plaintiff has served additional third-party subpoenas as well. Due to the sensitive nature of documents to be produced by Switch, and the need to safeguard Switch's mission critical technology infrastructure services, the parties agreed to an onsite production and inspection of documents and materials. The parties have agreed to an onsite review during the week of July 20, 2020.

Defendants served an initial expert report, and Plaintiff served a rebuttal expert report. On March 20, 2020, Plaintiff noticed the depositions of Defendant Stephen Fairfax and the 30(b)(6) witness for Defendant MTechnology to take place on April 8 and 9, 2020. Given the current restrictions regarding gatherings and travel due to the COVID-19 pandemic, the parties are working on establishing mutually acceptable dates for deposing each other's witnesses. Depositions have been noticed, however. The parties will depose witnesses via videoconference in accordance with social distancing guidelines. At this time, the parties have vacated the depositions and are reaching mutually agreeable dates for those depositions prior to the close of discovery.

**2.    Discovery Remaining to be Completed**

Pursuant to the meet and confer conferences of the parties, Defendants are in the process of supplementing prior written discovery, and the parties are working together regarding access to the production of sensitive documents respecting Switch's mission critical technology infrastructure needs and concerns. Switch is also awaiting production by third parties like Jones Lang LaSalle.

///

Prior to the pandemic, Switch offered to produce its production onsite, and the parties agreed that Defendants' counsel would review Plaintiff's production of documents onsite, at Plaintiff's Tier 5 Platinum data center campus. Switch believes current onsite review remains possible although subject to required social distancing as the attorney would be alone in the on-site, secure room as they conducted the review. Switch is a mission critical, technology infrastructure provider authorized to continue to operate by the U.S. Department of Homeland Security's Critical Infrastructure sector per Presidential Policy Directive 21 (PPD-21) which identifies 16 critical infrastructure sectors, including power, telecommunications and data centers. Defendants objected to reviewing documents at Switch's campus after Governor Sisolak closed virtually every business in the State of Nevada. However, once businesses reopened and a mask mandate was in place, Defendants agreed to review documents at Switch's campus if Switch could provide assurances that proper safety procedures would be in place. Switch has provided such assurances, and document review is scheduled to occur at Switch's Las Vegas campus during the week of July 20, 2020.

Finally, as noted above, the parties are working together to establish a deposition schedule following the conclusion of travel and gathering restrictions imposed due to the COVID-19 pandemic. The parties have been unable to complete depositions thus far due to the above-referenced issues with document production and the difficulties of scheduling in-person depositions during the pandemic. The parties would like to proceed with video depositions of key witnesses and secondary witnesses via videoconference. They are currently in the process of scheduling mutually agreeable dates for those depositions.

**3.     Reasons why Discovery has not been Completed**

Good cause exists to extend the discovery deadlines in this case. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"[1] Given that the protective order has now been filed, the parties have fully engaged in the discovery process, and continue to produce documents.

---

[1] *Derosa v. Blood Sys., Inc.*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1 (D. Nev. Aug. 1, 2013)(internal citations omitted).

3

At the moment and for the foreseeable future, all of the parties and their counsel are complying with local regulations and guidance regarding COVID-19. Plaintiff scheduled depositions; however, given the pandemic, the parties agreed to continue these depositions. The parties are currently discussing scheduling the depositions of each other, third parties, and expert witnesses, Their different positions regarding the way depositions should be conducted is detailed above.

The response to the COVID-19 pandemic has made moving forward with the discovery process difficult. Given the restrictions imposed due to COVID-19, the parties were unable to complete discovery. Now that the restrictions have largely been lifted, the parties can move forward with document review and depositions.

**4.     Proposed Schedule for Completing all Remaining Discovery**

The parties hereby stipulate to move the discovery deadlines by ninety (90) days, including the deadlines for initial and rebuttal expert disclosures, as follows:

| **Scheduled Event** | **Current Deadline [Dkt. #76]** | **Proposed Deadline** |
|---|---|---|
| Fact Discovery Cutoff | July 29, 2020 | **October 27, 2020** |
| Initial Expert Disclosures | September 1, 2020 | **November 30, 2020** |
| Rebuttal Expert Disclosures | September 29, 2020 | **December 28, 2020** |
| Dispositive Motions | October 29, 2020 | **January 27, 2021** |
| Pretrial Order | November 30, 2020 | **March 1, 2021**- this deadline is suspended if a dispositive motion is timely filed. |

///
///
///
///
///
///
///
///

4

IT IS SO STIPULATED.

DATED this 22nd day of July, 2020.           DATED this 22nd day of July, 2020.

**S**WITCH**, L**TD**.**                                       **R**ANDAZZA **L**EGAL **G**ROUP**, PLLC**

  /s/: Samuel Castor                                     /s/:  Ronald D. Green
S<small>AMUEL</small> C<small>ASTOR</small>, E<small>SQ</small>.                               R<small>ONALD</small> D. G<small>REEN</small>, E<small>SQ</small>.
Nevada Bar No. 11532                         Nevada Bar No. 7360
A<small>NNE</small>-M<small>ARIE</small> B<small>IRK</small>, E<small>SQ</small>.                         A<small>LEX</small> J. S<small>HEPARD</small>, E<small>SQ</small>.
Nevada Bar No. 12330                         Nevada Bar No. 13582
7135 South Decatur Blvd.                     2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89118                      Las Vegas, Nevada 89117
                                             *Attorneys for Defendants*

M<small>ARK</small> A. H<small>UTCHISON</small>
Nevada Bar No. 4639
J<small>ACOB</small> A. R<small>EYNOLDS</small>
Nevada Bar No. 10199
P<small>IERS</small> R. T<small>UELLER</small>
Nevada Bar No. 14633
**H**UTCHISON **& S**TEFFEN**, PLLC**
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

## ORDER

IT IS HEREBY ORDERED that the scheduling in this case will proceed as follows:

| Scheduled Event | ~~Proposed~~ Deadline |
|---|---|
| Discovery Cutoff | October 27, 2020 |
| Initial Expert Disclosures | November 30, 2020 |
| Rebuttal Expert Disclosures | December 28, 2020 |
| Dispositive Motions | January 27, 2021 |
| Pretrial Order | March 1, 2021- this deadline is suspended if a dispositive motion is timely filed. |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

July 22, 2020
_____
DATED

5