MICHAEL A. BERTA (admitted *pro hac vice*)
michael.berta@arnoldporter.com
JOSEPH FARRIS (admitted *pro hac vice*)
joseph.farris@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, California  94111
Telephone:     (415) 471-3100
Facsimile:      (415) 471-3400

WILLIAM R. URGA (SBN 1195)
wru@juwlaw.com
**JOLLEY URGA WOODBURY & HOLTHUS**
330 S. Rampart Boulevard, Suite 380
Las Vegas, Nevada  89145
Telephone:     (702) 699-7500
Facsimile:      (702) 699-7555

*Attorneys for Third Parties*
**ALIGNED DATA CENTERS, LLC and**
**ALIGNED ENERGY HOLDINGS, LP**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>                   Plaintiff,<br><br>     vs.<br><br>STEPHEN FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive,<br><br>                   Defendants. | Case No. 2:17-cv-02651-GMN-EJY<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PROTECTIVE ORDER BY ALIGNED DATA CENTERS, LLC AND ALIGNED ENERGY HOLDINGS, LP REGARDING SUBPOENA FOR DEPOSITION OF JAKOB CARNEMARK** |

# [PROPOSED] ORDER

Before the Court is a Motion for a Protective Order By Third Parties Aligned Data Centers, LLC and Aligned Energy Holdings, LP (together, "Aligned") Regarding Subpoena for Deposition of Jakob Carnemark. Having considered all of the papers submitted in support of and in opposition to that Motion, and any oral argument, and good cause appearing under Fed. R. Civ. P. 26(c), the Court GRANTS the Motion and ORDERS that:

1. To the extent that Plaintiff Switch, Ltd. ("Switch") still seeks to take the deposition of Jakob Carnemark, it must retain or use already-retained **outside legal counsel of record** to conduct the deposition. In-house counsel for Switch may not attend the deposition or observe it being conducted. The parties are to meet and confer to set a mutually agreeable date for the deposition.

2. The scope of questioning at the deposition shall be limited to matters reasonably related to the facts of Aligned's relationship with Defendants Stephen Fairfax and MTechnology, including any work that Defendants did for Aligned. During the deposition, counsel for Aligned shall be permitted to object and instruct the witness not to answer questions that are not within that scope, provided that all parties are instructed to confer in good faith at the deposition concerning the merits of any such objection and attempt to resolve those objections in a mutually agreeable manner.

3. Before it is disclosed to anyone, including in-house counsel for Switch, Aligned shall have the ability to designate the transcript of the deposition subject to the terms of the Stipulated Protective Order (ECF No. 64), with an additional level of protection for "OUTSIDE ATTORNEYS' EYES ONLY" ("OAEO") information. OAEO information shall be limited information that this is a trade secret or other confidential and sensitive information of Aligned. OAEO information shall be subject to the same access and use restrictions as HIGHLY CONFIDENTIAL information under the Stipulated Protective Order—except that OAEO information may not be disclosed to in-house counsel for Switch (even if in-house counsel is the only counsel of record).

4. Switch is ordered to pay Aligned's reasonable attorneys' fees and costs incurred in

bringing this Motion under Fed. R. Civ. P. 26(c)(3) and 37(a)(5)(A). Aligned is directed to submit an attorney affidavit detailing the fees and costs incurred in connection with the Motion.

Dated: _____

_____
THE HON. ELAYNA J. YOUCHAH
United States Magistrate Judge