UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company, | Case No. 2:17-cv-02651-GMN-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| STEPHANIE FAIRFAX; MTECHNOLOGY; and DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive, | |
| Defendants. | |

Before the Court is Switch, LTD.'s Motion for Withdrawal of Hutchison & Steffen, PLLC as Counsel.  ECF No. 100.  The Court has considered the Motion, the Opposition (ECF No. 102), and the Reply (ECF No. 104).

I.      **Background**

In its Motion for Withdrawal, Switch LTD ("Switch" or the "Company") states that the Company requested Hutchison & Steffen (sometimes "Hutchison" or the "Firm") withdraw from continued representation of the Company in this litigation.  ECF No. 100 at 2.  The Firm concurs in this statement offering a Declaration in support of the Motion.  ECF No. 100-1.  In its Declaration, Piers Tueller of Hutchison & Steffen states that Switch requested the Firm withdraw so that "Switch's in-house counsel," Sam Castor and Anne-Marie Birk, "may handle th[is] matter *exclusively*."  *Id*. ¶ 5 (emphasis added).  The Motion states that Switch is currently represented by licensed Nevada counsel, including Mr. Castor and Ms. Birk, each of whom is in-house litigation counsel for Switch; that Mr. Castor "has led litigation for Switch for roughly the last decade"; and, that Mr. Castor is uniquely qualified and "preferred" by Switch in this litigation because of his expertise.  ECF No. 100 at 2.

In Opposition to the Motion, Defendants argue that Mr. Castor is "ethically prohibited from acting as trial counsel … as he is a necessary and material fact witness" in this matter.  ECF No. 102 at 1.  Defendants argue that because Mr. Castor and Ms. Birk will handle this matter exclusively,

third party Align Data Centers, LLC ("Align") filed a Motion for Protective Order seeking to prohibit Mr. Castor from taking the deposition of Align's co-founder.  *Id*. at 2.  Defendants also contend that it was after notifying Switch of its intent to move for a protective order, Hutchison filed a Notice of Withdrawal and then a Motion to Withdraw.  *Id*.  Defendants state that under Nevada Rule of Professional Conduct 3.7(a), Mr. Castor cannot act as an advocate for Switch at trial if he is likely to be a necessary witness.  *Id*. at 3.

On Reply in Support of its Motion to Withdraw, Switch appears to correct the declaratory representation that Switch's in-house counsel will "exclusively" represent Switch as it now states that Chris Austin, of Weide & Miller, LTD., will remain as counsel on the case.[1]  ECF No. 104 at 2.  Switch also now states that "[o]n September 14, 2020, mindful of the number of attorneys and firms in this case, and the associated costs, Switch ask[ed Hutchison] … to withdraw as one of the counsels of record."  *Id*.  Switch argues that Defendants do not identify a legitimate reason for opposing Hutchinson's withdrawal, but object to the withdrawal because Defendants do not like Mr. Castor and do not want him taking depositions or handling the trial.  *Id*. Switch contends that Mr. Castor "is *not* a fact witness, but to avoid unnecessary debate and preserve judicial economy," Mr. Castor "is willing to agree that … he will not be *trial* counsel."  *Id*. at 3 (emphasis in original).  Switch also states that Mr. Castor has always been lead counsel in this matter because of his expertise and that Mr. Castor "has taken countless depositions" during his career at Switch.  *Id*. at 3-4.

## II.   Discussion

The United States District Court for the District of Nevada Local Rule 11-7(a) states, in pertinent part, that attorneys who are admitted to practice before the U.S. District Court for the District of Nevada "must adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as these standards may be modified by this court."   Nevada Rule of Professional Responsibility 3.7 is titled "Lawyer as Witness" and states, in subsection (a), that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) The

---

[1]       Defendants point out that although Mr. Austin remains counsel of record in this case, he has not participated in the matter for over a year.  ECF No. 102 at 4 n.2.

testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3)  Disqualification of the lawyer would work substantial hardship on the client."  There is no motion for disqualification before the Court at this time.  Thus, the standard for disqualification is not strictly applied in this Order.

Nonetheless, as stated by the District of Nevada in *Ahern Rentals, Inc. v. Lexington Insurance Company*, Rule 3.7 is intended to avoid confusion and prejudice that may arise when an attorney appears before a jury as both a lawyer advocating for a litigating party and as a witness for that same party.  Case No. 2:09-cv-00679-LDG-RJJ, 2011 WL 13302279, at *2 (D. Nev. Mar. 3, 2011) *citing DiMartino v. Eighth Judicial Dist. Ct.*, 66 P.3d 945, 947 (Nev. 2003).  Thus, while "pretrial disqualification" is *generally* not necessary, the Nevada Supreme Court in *DiMartino* also explains that the Nevada Rule of Professional Responsibility 3.7 (previously SCR 178),

> is derived from, and virtually identical to, ABA Model Rule of Professional Conduct 3.7.  The ABA Commission on Ethics and Professional Responsibility has interpreted the Model Rule to allow a lawyer who is expected to testify at trial to represent his client in pretrial proceedings, with consent, although the lawyer may not appear in any situation requiring the lawyer to argue his own veracity to a court or other body, whether in a hearing on a preliminary motion, an appeal or other proceeding.  This interpretation preserves the right to counsel of one's own choice while protecting the integrity of the judicial proceeding.

*Id*. at 947 (internal citations omitted).

Understanding the history of this dispute, the history of Mr. Castor's involvement in this case, the representation that Mr. Castor has always been lead counsel, and the evidence provided by Defendants in Opposition to the Motion to Withdraw (ECF No. 102-1 at 2—Email from Sam Castor to Trey Rothell stating "I am confident between myself and Missy [Birk] we will be able to answer all the questions that you have"), the Court accepts Mr. Castor's offer that he will not serve as trial counsel in this matter.  In fact, the email written by Mr. Castor at ECF No. 102-1 at 2 demonstrates that he is a necessary witness in this case.

As for the standard for withdrawal of counsel, which is the issue before the Court, Local Rule 11-6(e) states, in pertinent part: "Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case.  Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request

specific relief from the scheduled discovery, trial, or hearing." Here, Plaintiff states no delay will result from Hutchison's withdrawal. ECF No. 100 at 2. In Opposition, Defendants do not identify any delay of discovery and, of course, no trial date has been set in this matter. Notwithstanding this fact, because, as stated, Mr. Castor apparently seeks to depose Align's co-founder, the Motion for Protective Order that is pending must be decided before that deposition may proceed. This could delay proceedings. However, it appears to the Court that, irrespective of the Motion to Withdraw, Mr. Castor sought to take the deposition of Align's co-founder. *See* ECF No. 102 at 2 (the Motion to Withdraw was filed *after* one of the third parties filed A Motion for Protective Order seeking to preclude Mr. Castor from deposing its witnesses.). Thus, allowing Hutchison to withdraw will not change the delay that necessarily arises from Mr. Castor's intent to take depositions and the effort to preclude him from doing so.

The record in this case demonstrates that Mr. Castor (1) has been an active participant in discussions with opposing counsel, (2) argued at least one motion before the Court on behalf of Plaintiff, and (3) is integrally knowledgeable of the substance of the alleged wrongdoing. The arguments previously made (and supported by declarations), with which the Court is familiar, demonstrates that opposing counsels believe there is an improper motive to Plaintiff's discovery efforts, which Mr. Castor denied individually as well as on behalf of Plaintiff. Further, there is strong evidence that Mr. Castor will appear as a fact witness and, potentially, as the person most knowledgeable pursuant to Fed. R. Civ. P. 30(b)(6) for Plaintiff. ECF No. 102-1 at 2 (in which Mr. Castor states that he and Ms. Birk "will be able to answer all the questions" Defendants have); *see also* ECF No. 102-2.

This case has been pending for over three years. *See* ECF No. 1. Continued delays in discovery are contrary to the language and purpose of Fed. R. Civ. P. 1 which promotes "the just, speedy, and inexpensive determination of every action and proceeding." Given the nature of the case, the disputes that have arisen to date, and that Mr. Castor will be a witness and, quite possibly, the person most knowledgeable for Plaintiff, his role as counsel for Plaintiff, even pretrial is troubling. As noted in *Ahern* citing *DiMartino*, a "jury must not learn of the lawyer's dual role" as

1   an advocate and witness.  2011 WL 13302279, at *2 *citing DiMartino*, 66 P.3d at 947 (citing the

2   "general" rule).

3   However, the Motion before the Court addresses withdrawal of outside counsel representing

4   Plaintiff.  In the absence of a trial date, any hearing currently set that cannot go forward or discovery

5   delays that result from the withdrawal, the Court finds no basis to deny the Motion.  Nonetheless,

6   when considering a Motion to Withdraw, the Court is empowered to include in its Order

7   requirements that must be met before withdrawal is authorized.  *See 1st Technology, LLC v. Rational*

8   *Enterprises LTDA, et al.*, Case No. 2:06-cv-1110-RLH-GWF, 2008 WL 4571258, at ** 2 and 4 (D.

9   Nev. July 15, 2008).  The Court, therefore, exercises its inherent authority pursuant to Local Rule

10  16-1(d) to set a case conference to discuss discovery that remains and how to efficiently complete

11  such discovery.

12  The Court orders an in-person case management conference to be attended by Mr. Castor (as

13  in-house counsel for Plaintiff), a representative from Hutchison & Steffen, Mr. Austin, any counsel

14  retained by Plaintiff to act as trial counsel, and counsel for the Defendants.  The parties should be

15  prepared to identify what depositions they each seek, dates, if any, of depositions set, and whether

16  dispositive motions will be filed.  Upon conclusion of this conference, the Court will presumably be

17  assured that Hutchison & Steffen's withdrawal will not cause delay that could otherwise be avoided.

18  If that is the case, the Motion to Withdraw will be granted.

19  **III.    ORDER**

20  Accordingly,

21  IT IS HEREBY ORDERED that an in-person case management conference shall be

22  scheduled for **October 14, 2020 at 9 a.m. in Courtroom 3B**.

23  IT IS FURTHER ORDERED that Mr. Castor (as in-house counsel for Plaintiff), a

24  representative from Hutchison & Steffen, Mr. Austin, any counsel retained by Plaintiff to act as trial

25  counsel, and counsel for the Defendants **shall** be present.  The parties should be prepared to identify,

26  in some detail, all discovery that remains to be conducted and the time period within which such

27  discovery may be completed.

28

IT IS FURTHER ORDERED that at the conclusion of the conference, the Court shall issue its Order regarding the pending Motion to Withdraw.

Dated this 8th day of October, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE